IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; JOHN DOES 1-50; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; and JOHN DOES 1-50, <br><br> Defendants. | CIVIL NO. 12-00668 JMS-KSC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS, ENFORCEMENT OF AGREEMENT, AND/OR TEMPORARY RESTRAINING ORDER |

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS, ENFORCEMENT OF AGREEMENT,
AND/OR TEMPORARY RESTRAINING ORDER</u>**

On December 21, 2012, De-Occupy Honolulu, Catherine Russell, Christopher Smith, Andrew Smith, and Madori Rumpungworn ("Plaintiffs") filed their Motion For Sanctions, Enforcement Of Agreement, and/or Temporary Restraining Order ("Motion"). Defendant City and County of Honolulu (the "City") filed an Opposition on January 11, 2013, and Plaintiffs filed a Reply on

January 14, 2013.  An evidentiary hearing was held on January 17, 2013.

At the evidentiary hearing, the court explained that based upon all the evidence presented and the record before the court, the court was granting in part and denying in part Plaintiffs' Motion.  The court further directed counsel for the City to file a draft Order consistent with the court's rulings from the bench.  On January 23, 2013, the court received a letter from counsel for the City, outlining that the parties disagreed in part on the language for a draft written order.  This Order includes the language agreed upon by the parties, as well as the court's ruling on the disputed language.

IT IS HEREBY ORDERED as follows:

1. As to Plaintiffs' complaint that the City breached the Stipulation re: Motion for Temporary Restraining Order, filed on December 19, 2012 ("Stipulation"), by "seizing 'untagged' items," Plaintiffs withdraw this complaint because it lacks evidence to support this claim.  Thus, the court DENIES the Motion on this point.

2. As to Plaintiffs' complaint that the City breached the Stipulation by "rummaging" through "tagged tents" without identifying owners of the tents to remove personal property, the court finds that there is nothing in the Stipulation that requires the City to identify owners of personal property before it

impounds the property.  Thus, the court DENIES the Motion on this point.

        3.      As to Plaintiffs' complaint that the City breached the Stipulation by failing to exercise "due care to prevent destruction or harm to seized property," the court has reviewed Plaintiffs' Exhibits 1 and 2 and finds that the video does not support this claim.  Thus, the court DENIES the Motion on this point.

        4.      As to Plaintiffs' complaint that the City breached the Stipulation by failing to store personal property in "numbered bins," the court finds that Plaintiffs failed to sustain their burden on this claim.  Thus, the court DENIES the Motion on this point.

        5.      As to Plaintiffs' complaint that the City breached the Stipulation by cordoning off more than ten (10) feet around the "tagged" property being impounded, the court finds that Plaintiffs failed to sustain their burden on this claim.  Thus, the court DENIES the Motion on this point.

        6.      As to Plaintiffs' complaint that the City breached the Stipulation by refusing to return impounded property "immediately," although the court finds that the term "immediately" may be ambiguous in some circumstances, the court is able to conclude that the City did not comply with this provision.  Accordingly, the City and Plaintiffs shall meet and confer to work out a reasonable

procedure by which the City will process requests for appointments to repossess impounded property to owners.  Further, the City must train its personnel in the implementation of such a procedure given the apparent lack of knowledge of the terms of the Stipulation regarding the return of the seized property.  The parties shall provide the court with a status letter by January 28, 2013 regarding the negotiations on this point.  Thus, the court GRANTS the Motion on this point.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 24, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*De-Occupy Honolulu et al. v. City & County of Honolulu*, Civ. No. 12-00668 JMS-KSC, Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions, Enforcement of Agreement, And/or Temporary Restraining Order