LETTER

January 24, 2013

The Honorable J. Michael Seabright
Judge, United States District Court
District of Hawaii
300 Ala Moana Blvd., Room C435
Honolulu, Hawaii 96850

Re:  De-Occupy Honolulu, et al. v. City and County of Honolulu, et al.
Civil No. CV 12-00668 JMS-KSC

Your Honor,
       Pursuant to LR 58.2 (a), Plaintiffs submit the attached proposed order, which Plaintiffs believe more accurately reflects the ruling of the Court following the January 17, 2013 hearing on Plaintiffs' Motion for Sanctions, Enforcement of Agreement, and/or Temporary Restraining Order.   Plaintiffs submit the proposed order in MS Word format so that the Court may make whatever changes the Court sees fit.
       It was Plaintiffs understanding that the Court granted Plaintiffs motion with respect to the retrieval of impounded property in several respects.  First, the parties seem to agree that the Court granted the motion with respect to the timeframe for the return of impounded property in the respect that the term "immediately" was vague.  Plaintiffs further understood the Court to have ruled that the City must devote adequate resources so that property can be expeditiously recovered by those seeking to recover their property, and that the City must develop a transparent and reliable process such that Plaintiffs can know the procedure and timeframe for the recovery of impounded property.
       Plaintiffs believe that the attached order accurately reflects the Court's ruling and Plaintiffs respectfully request that the attached order be entered forthwith.

Respectfully submitted,


Brian Brazier
Attorney for Plaintiffs


Cc:  Ernest Nomura  (with enclosure)

RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email:  brianbrazier@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Andrew Smith;<br>Madori Rumpungworn; and<br>John Does 1-10,<br><br>          Plaintiffs,<br>  vs.<br><br>City and County of Honolulu;<br>Westley Chun, in his personal and<br>official capacity;<br>Trish Morikawa, in her personal and<br>official capacity;<br>Larry Santos, in his personal and official<br>capacity; and<br>John Does 1-10 in their personal and<br>official capacities.<br><br>          Defendants. | CASE # CV-12-00668 JMS-KSC<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFFS'<br>MOTION FOR SANCTIONS,<br>ENFORCEMENT OF AGREEMENT,<br>AND/OR TEMPORARY<br>RESTRAINING ORDER |

1

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS, ENFORCEMENT OF AGREEMENT, AND/OR
TEMPORARY RESTRAINING ORDER

Plaintiffs DEOCCUPY HONOLULU, CATHERINE RUSSELL,

CHRISTOPHER SMITH, ANDREW SMITH, and MIDORI RUMPUNGWORN,

("Plaintiffs") Motion For Sanctions, Enforcement Of Agreement, And/Or

Temporary Restraining Order ("Motion") was heard before the Honorable J.

Michael Sealorignt, United States District Judge for the District of Hawaii, on

Thursday, January 17, 2013, at 9:00 a.m. Richard L. Holcomb and Brian J. Brazier

appeared on behalf of Plaintiffs. Ernest H. Nomura, Dawn Spurlin and Laura

Yoshida, Deputies Corporation Counsel, appeared on behalf of Defendant City and

County of Honolulu ("City").

After holding an evidentiary hearing and considering the testimony of

Witnesses, exhibits, declarations, and memoranda filed in this matter, assessing the

Credibility of the Witnesses, and based on the records, files and pleadings herein,

IT IS HEREBY ORDERED as follows:

1. As to Plaintiffs' complaint that the City breached the Stipulation re:

Motion for Temporary Restraining Order, filed on Deoember19, 2012

("Stipulation"), by "seizing 'untagged' items," Plaintiffs withdraws this complaint

because it lacks evidence to support this claim. Thus, the Court DENIES the

Motion on this point.

2. As to Plaintiffs' Complaint that the City breached the Stipulation by

entering tagged tents without identifying owners of the tents to remove personal

property, the Court finds that there is nothing in the Stipulation that requires the

City to identify owners of personal property before it impounds the property. Thus,

the Court DENIES the Motion on this point.

3. As to Plaintiffs' complaint that the City breached the Stipulation by

failing to exercise "due care to prevent destruction or harm to seized property," the

Court has reviewed Plaintiffs' Exhibits l and 2 and finds that the video does not

support this claim. Thus, the Court DENIES the Motion on this point.

4. As to Plaintiffs' complaint that the City breached the Stipulation by

failing to store personal property in "numbered bins," the Court finds that Plaintiffs

failed to sustain their burden on this Claim. Thus, the Court DENIES the Motion

on this point.

5. As to Plaintiffs' complaint that the City breached the Stipulation by

cordoning off more than ten (10) feet around the "tagged" property being

impounded, the Court finds that Plaintiffs failed to sustain their burden on this

claim. Thus, the Court DENIES the Motion on this point.

6.      As to Plaintiffs' complaint that the City breached the Stipulation by refusing

to return impounded property "immediately," the Court finds that the term

"immediately" is ambiguous in this context and, accordingly, that the City and

Plaintiffs shall meet and confer to work out a reasonable procedure by which the

City will process requests for appointments for owners to repossess their

impounded property.   The Court further states that the City must devote adequate

resources for and provide adequate training to City employees involved in

returning impounded property to it owners. The parties shall provide the Court

with a status letter by January 28, 2013, regarding the negotiations on this point.

The Court GRANTS the Motion on this point.

7.      The Court GRANTS Plaintiffs' motion for sanctions against the City in

requiring that the City devote adequate resources to provide an efficient and

transparent process whereby Plaintiffs can effectively reacquire control of

impounded property and that the City provide adequate training to its employees

regarding the return of impounded property.   The Court otherwise DENIES

Plaintiffs' request for sanctions against the City. The Court also DENIES

Plaintiffs' request to enter a temporary restraining order against the City.

        DATED: Honolulu, Hawaii, _____

_____
United States District Court Judge