IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; JOHN DOES 1-50,<br><br>              Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; and JOHN DOES 1-50,<br><br>              Defendants.<br>_____ | CIVIL NO. 12-00668 JMS-KSC<br><br>ORDER DENYING PLAINTIFFS' MOTION TO ALTER, AND OR RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS, ENFORCEMENT OF AGREEMENT, AND/OR TEMPORARY RESTRAINING ORDER |

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER, AND OR
RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SANCTIONS, ENFORCEMENT OF
AGREEMENT, AND/OR TEMPORARY RESTRAINING ORDER**

Currently before the court is Plaintiffs De-Occupy Honolulu,

Catherine Russell, Christopher Smith, Andrew Smith, and Madori Rumpungworn's

("Plaintiffs") Motion to Alter, and/or Reconsider the court's January 24, 2013

Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions,

Enforcement of Agreement, and/or Temporary Restraining Order ("Motion for

Reconsideration").

      In relevant part, the January 24, 2013 Order determined that Plaintiffs had not carried their burden of establishing that Defendants breached the provision in the parties' December 19, 2012 "Stipulation Re: Motion for Temporary Restraining Order" ("Stipulation") requiring Defendants to exercise "due care to prevent destruction or harm to seized property."  Plaintiffs had asserted that Defendants did not exercise due care in impounding the tents, and presented two videotapes showing that Defendants failed to take the tent poles out from one tent before placing it in a bin.  The court reviewed the videotapes and found that they did not support a finding that Defendants failed to exercise due care.

      Despite having a full evidentiary hearing to present evidence, Plaintiffs now ask the court to reconsider its January 24, 2013 Order so that Plaintiffs can present additional evidence establishing that one tent was damaged when Plaintiffs obtained it back from the City.  Plaintiffs assert that they could not have presented evidence regarding the condition of the tent earlier because (as the January 24, 2013 Order found), the City did not comply with the provision in the Stipulation requiring the immediate return of property, and none of the property was returned as of January 17, 2013.  The court rejects Plaintiffs' argument.

      A party moving for reconsideration on the basis of newly discovered

evidence "must show that the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal citations omitted).  If the evidence was in the possession of the party before the judgment was rendered or if it could have been discovered with reasonable diligence, it is not newly discovered.  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003); *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir. 2007).

Plaintiffs have not shown due diligence in seeking return of the allegedly damaged tent.  The only evidence that Plaintiffs sought return of any items is the testimony at the January 17, 2013 evidentiary hearing that Christopher Smith received no response from the City to messages he left seeking return of his items on December 20, 2012, and once more before January 1, 2013.  But the fact that Christopher Smith made these phone calls is irrelevant as to return of the tent - - Dominic James owned the tent, and there is no evidence that he sought return of his tent prior to the January 17, 2013 hearing.  *See* Doc. No. 51-3.  There is also no evidence that Plaintiffs' counsel sought return of the tent from Defendants' counsel for purposes of the evidentiary hearing.  In other words, Plaintiffs and their counsel

failed to take any reasonable steps to obtain the tent and determine whether it was

damaged prior to the January 17, 2013 evidentiary hearing.  Rather, Plaintiffs

obtained this evidence only after the court explained at the January 17, 2013

evidentiary hearing that the videotapes did not establish a lack of due care and that

there was no evidence that the tent had been damaged.  Where Plaintiffs had ample

opportunity to present this evidence and have not established diligence, the court

will not allow such piecemeal litigation.  The court DENIES Plaintiffs' Motion for

Reconsideration.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, January 30, 2013.



     /s/ J. Michael Seabright
     J. Michael Seabright
     United States District Judge

*De-Occupy Honolulu et al. v. City & County of Honolulu*, Civ. No. 12-00668 JMS-KSC, Order Denying Plaintiffs' Motion to Alter, and or Reconsider Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions, Enforcement of Agreement, and/or Temporary Restraining Order