```
 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3
     DE-OCCUPY HONOLULU;          ) CIVIL NO. 12-00668JMS-KSC
 4   CATHERINE RUSSELL;           )
     CHRISTOPHER SMITH; ANDREW    ) Honolulu, Hawaii
 5   SMITH; MADORI RUMPUNGWORN;   ) December 21, 2012
     AND JOHN DOES 1-50,          ) 11:03 a.m.
 6                                )
                 Plaintiffs,      ) STATUS CONFERENCE
 7                                )
          vs.                     )
 8                                )
     CITY AND COUNTY OF           )
 9   HONOLULU; WESTLEY CHUN, in   )
     his personal and official    )
10   capacity; TRISH MORIKAWA;    )
     in her personal and          )
11   official capacity; LARRY     )
     SANTOS, in his personal and  )
12   official capacity; JOHN      )
     DOES 1-50, in their          )
13   personal and official        )
     capacities,                  )
14                                )
                 Defendant.       )
15   _____)

16
                      TRANSCRIPT OF PROCEEDINGS
17         BEFORE THE HONORABLE J. MICHAEL SEABRIGHT,
                UNITED STATES DISTRICT COURT JUDGE
18

19   APPEARANCES:

20   For the Plaintiffs:     RICHARD L. HOLCOMB
                             Holcomb Law, LLLC
21                           1136 Union Mall, Ste. 808
                             Honolulu, Hawaii  96813
22

23

24

25
```

```
 1   APPEARANCES: (CONT.)

 2

 3   For the Defendant:        ERNEST H. NOMURA
                               LAURA L.M. YOSHIDA
 4                             Office of Corporation Counsel -
                               Honolulu
 5                             530 S. King Street, Ste. 110
                               Honolulu, Hawaii  96813
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21   Official Court             GLORIA T. BEDIAMOL, RPR, RMR
     Reporter:                  United States District Court
22                              P.O. Box 50131
                                Honolulu, Hawaii 96850
23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

```
 1    Friday, December 21, 2012                      11:03 a.m.
 2            THE CLERK:  Civil 12-00668JMS-KSC, De-Occupy Honolulu
 3    et al. versus City and County of Honolulu et al. This hearing
 4    has been called for a status conference.
 5            Counsel, your appearances for the record please.
 6            MR. HOLCOMB:  Good morning, Your Honor, Richard
 7    Holcomb here on behalf of the plaintiffs.
 8            THE COURT:  Yes.  Good morning.
 9            MR. NOMURA:  Good morning, Your Honor, Ernest Nomura
10    and Laura Yoshida, Deputies Corporation Counsel for the City.
11            THE COURT:  Yes.  Good morning.  You may be seated.
12    Thank you. You can stay seated if you want.  Just stay seated
13    if you want.
14            I know, Mr. Holcomb, you're leaving town.  I did get
15    this paperwork, and I thought that we should at least get
16    together and talk about what we want to do with this, number
17    one; and scheduling, number two; and number three, if there are
18    short-term fixes that anyone agrees should go into place at
19    this point in time.
20            I don't know if the City agrees there are problems or
21    not.  Perhaps you don't even know much more beyond than what's
22    been filed so far.
23            But we do have this motion for sanctions, enforcement
24    of agreement, and/or temporary restraining order along with the
25    declaration, I believe, of two individuals.
```

1            MR. HOLCOMB:  Correct, Your Honor.
2            THE COURT:  Now, I only received a printout from
3    CM/ECF, so I obviously don't have the exhibits that are in a
4    form that I can really review or anything of that sort.
5            MR. HOLCOMB:  The video exhibits, Your Honor, my
6    investigator -- we did this late last night, my investigator is
7    getting those ready now as we speak, and he's going to come and
8    file those for me.
9            THE COURT:  Certainly, if true, there are suggestions
10   in these declarations that there are violations.  The one part
11   of this that is most, if true -- and I don't know that it's
12   true, let's be clear about this, but I think it's worth
13   discussion if true -- that is of most concern to me in many
14   ways would be a supervisor saying that he doesn't know about an
15   order or was not sort of bound by any order.  If that in fact
16   was said, that is obviously a big problem.
17           So let me hear from both of you as to how you want to
18   proceed on this.  I understand people, including myself, will
19   be out of town for a period of time and so we need to think
20   about that, and we need to talk about what happens if you need
21   to get ahold of me while I'm out of town, what we're going to
22   do.
23           MR. HOLCOMB: From our position, Your Honor, we have
24   requested an expedited hearing pursuant to your order, but it
25   would have to be after the first of the year due to mine and

```
 1   Mr. Brazier's holiday travels.  I intentionally left my request
 2   for sanctions pretty vague because I believe at this point at
 3   least it would be -- we would leave it to the court's
 4   discretion as to what to do about this.
 5             THE COURT:  Well, I don't even know if the City agrees
 6   with any of this is the problem. So it's not even clear to me,
 7   and, Mr. Nomura, you may not even know yet, but whether or not
 8   an evidentiary hearing might be required to sort of unwind some
 9   of this and see if, in fact, there were violations.
10             MR. NOMURA:  Right.  Certainly the City -- we've
11   spoken to our client this morning once we received it, and my
12   understanding, from what our clients have told us, is that none
13   of it is true.
14             The supervisor, Ken Shimizu, said that he never
15   said -- made those statements.  He is well aware of the
16   stipulation between the parties and what's required of the City
17   under the stipulation.
18             Certainly we can submit declarations to those who were
19   present, including the acting director of Department of
20   Facilities Maintenance, people from the Department of Parks and
21   Recreation, HPD was also there, as well as the administrative
22   staff from the Department of Facilities Maintenance, all
23   present, all willing to say that what the two witnesses, who
24   have submitted declarations in connection with this motion,
25   said it's absolutely inaccurate.
```

1           So the City is willing to provide that kind of written
2   declaration if necessary to dispense with any kind of a TRO
3   evidentiary hearing if necessary.  But we stand ready to
4   present whatever the court requires of the parties.
5           THE COURT:  Well, that's fine.  And probably we should
6   talk about doing that, but the problem is if I have one
7   declaration that says that the light was red and another
8   declaration that says the light was green, that means we're
9   going to have testimony because I can't rule based on those two
10  declarations obviously.
11          I think there's nothing wrong with getting some
12  declarations which could be -- and what I typically do in these
13  kinds of matters is ask that those be adopted as direct
14  testimony essentially, that there could be follow-up if
15  necessary and then cross-examination.  But to some degree it
16  may be that there will be some credibility issues here if, in
17  fact, some people are saying some things happened and some
18  other people are saying some things didn't.
19          I will say, Mr. Holcomb, some of the declarations are,
20  you know, I believe this happened.  I mean, it is a bit
21  wishy-washy some of these statements that are in there.  Not
22  all of them but some statements.
23          MR. HOLCOMB:  Right.  Well, the problem is that when
24  the supervisor says he didn't see the order, Chris Smith, the
25  plaintiff who was videotaping all of this, stopped videotaping

```
 1   in order to read the order to the supervisor and another person
 2   then videotaped.  So Chris didn't see everything that happened
 3   after that.  But I think Mr. Baker saw everything he put in his
 4   declaration.  And we've got video evidence of what we're
 5   alleging except for the fact that --
 6            THE COURT:  Well, I don't know what the video -- I'm
 7   not sure the video evidence is going to prove for instance -- I
 8   mean, is it audio and video?
 9            MR. HOLCOMB:  There is audio.  Some of it is hard to
10   hear, but yeah, there's audio on the video.  And I mean it's
11   not a production that you would expect from some movie
12   producer.
13            THE COURT:  Well, I'm not expecting that, Mr. Holcomb;
14   but, on the other hand, there are statements in here that sort
15   of suggest, based on the best of my knowledge, this is what
16   happened.  And I'm just saying that -- it's also clear to me
17   that one person would know everything that's going on there at
18   the site.  And I sort of suspect your clients are looking for
19   any violation of any scope whatsoever to rush into this court.
20            And I'm just telling you you better make sure that
21   there are real violations here, in your view, and you have a
22   good faith belief that this isn't just these individuals
23   wanting to make a statement for the sake of making a statement
24   over the holidays here that is not supported in the end.
25            MR. HOLCOMB:  That's correct, Your Honor.  That's why
```

```
 1   I sent my investigator there specifically to be an objective
 2   person to see what was going on.
 3            THE COURT:  All right.  So when do you, Mr. Nomura,
 4   want to get some opposition into this by then?  What's the date
 5   you can get an opposition in?
 6            MR. NOMURA:  So this is for purposes of the motion
 7   that was filed this morning?
 8            THE COURT:  Correct.
 9            MR. NOMURA:  Let's see, they're asking for a hearing
10   after the first of January, so --
11            THE COURT:  I won't be back in town until the 7th.
12            MR. NOMURA:  Correct.  So if the opposition can be
13   submitted, say, by the week of either -- the 10th or the 11th
14   of January or the week of the 14th.  Certainly we can get an
15   opposition done at that point, and then I don't know if there's
16   going to be a reply.
17            THE COURT:  Well, I was actually thinking earlier than
18   that.  I'm thinking January 7th for an opposition to be in.
19            MR. NOMURA:  On the 7th.  Okay.  The only thing is I
20   have another document due in another court I think before Judge
21   Kobayashi, but we can handle that.  So if you want the document
22   in by the 7th, we'll be happy to provide it by the 7th.
23            THE COURT:  All right. January 7th.  So what is my
24   trial schedule like the week of the 7th and 14th?  So do you
25   folks want to try to do it the week of the 7th or would you
```

1   rather wait until the 14th, the week of the 14th?
2           MR. HOLCOMB:  Either way I'll accommodate the court.
3           THE COURT:  Why don't we do it on the 10th?  Maybe
4   Thursday the 10th at 1:30?
5           MR. NOMURA:  So this is going to be like the
6   evidentiary hearing for purposes of the motion?
7           THE COURT:  If that ends up being required, yes.
8           MR. NOMURA:  I just need to schedule my people to make
9   sure that they're going to be here in town ready to go on the
10  10th.
11          THE COURT:  Correct.
12          MR. NOMURA:  Okay.  Fair enough.
13          THE COURT:  And what I would want then is for each
14  witness you intend to call, okay, and you can wait until, let's
15  say the 8th by noon, the 8th at noon, to file with me a
16  statement as to the names of witnesses you intend to call.  And
17  I'm giving you, Mr. Holcomb, until then because you may want to
18  review the opposition obviously, right?
19          MR. HOLCOMB:  That's correct.
20          THE COURT:  The 8th at noon, the names of witnesses, a
21  short description of what they will testify to -- I mean, just
22  literally a couple sentences or a paragraph as to the nature of
23  their testimony -- and the length of time of their testimony.
24  I won't order that you present a declaration as their direct
25  testimony.  But if you put them on the stand and you want to

1   have them adopt the declaration as their direct, that's fine.
2            But if there are credibility issues, I'm going to have
3   to be able to observe the witness and hear from the witness in
4   some way beyond what's in that declaration.  That's why I'm not
5   going to tie you to just declarations or direct testimony.
6            MR. NOMURA:  Fair enough.
7            THE COURT:  If I find there is a violation, then the
8   second part is what to do about it.  And that may be a second
9   step, but let's see if there is a violation of the agreement at
10  this point in time first and then we'll go from there.
11           MR. NOMURA:  So my understanding is that it's not as
12  if the TRO motion has been refiled and we'll be arguing the TRO
13  as opposed to was there a violation and --
14           THE COURT:  That's kind of interesting because the
15  motion is very vague as to exactly what it is.  I'm not seeing
16  this as a stand-alone motion for temporary restraining order
17  just the way it was filed.
18           MR. HOLCOMB:  No, Your Honor, I left it vague again
19  because, at this point, we would leave it to the court's
20  discretion as to what to do about it if you do find violations.
21           THE COURT:  All right.  And maybe one answer would be
22  to -- you would just simply refile -- if I do find a
23  violation -- refile a simple TRO motion and I would grant it.
24  And that could be one option.  We'll have to wait and see if
25  there is a violation.  But I think we need to get to that step

1   first:  Was there a violation?
2           The one thing I will ask the City to do though,
3   because -- the one thing I do want to ask you to do, because
4   there is this allegation, I'm not accepting it's true or not,
5   but I do want to make sure that the people in charge of these
6   operations are fully aware of the scope of that stipulation and
7   order.
8           MR. NOMURA:  Everyone in connection with this
9   situation is well aware of the stipulation between the parties.
10          THE COURT:  And to understand the court's power behind
11  it.  I want to make sure people understand this isn't something
12  that's optional.
13          MR. NOMURA:  No.  No.  We signed it, and we stand by
14  it.  The City people know about it.
15          THE COURT:  Submission of exhibits.  I think the best
16  way to do that is submit those by the 8th at noon also, any
17  exhibits.  I assume there probably won't be authenticity or
18  evidentiary objections; but if there are, we can address that
19  at a later point in time.  But it would be nice for me to get
20  those especially if there are some tapes that I can look at
21  ahead of time.
22          MR. NOMURA:  We have some concerns about the tapes
23  themselves.  We have not seen those tapes; we have not gotten
24  copies of those tapes.  So we have issues with either the
25  admissibility or precisely what these tapes show.  So I'm

1  assuming that Mr. Holcomb will be providing the City with
2  copies of whatever he's submitted to the court.
3          MR. HOLCOMB:  We are, Your Honor.  We're going to
4  serve them either manually or by mail with the copies that my
5  investigator is supposed to be filing today.
6          THE COURT:  Here's what I will do then.  Did you file,
7  as far as exhibits, everything that you want to use with your
8  motion, Mr. Holcomb?
9          MR. HOLCOMB:  As far as I know at this time, if we're
10 going to have a full-blown evidentiary hearing, there is
11 another videographer there that we may decide to bring in.  I
12 just haven't had time obviously to investigate all of that.
13         THE COURT:  Well, you need to just get that to the
14 City as early as possible.  Any delay that's caused by you is
15 going to be on you obviously.
16         MR. HOLCOMB:  I understand that.  And my investigator
17 is working on that now as we speak is my understanding.
18         THE COURT:  All right.  And if you have exhibits, get
19 them over to Mr. Holcomb.  You folks should have conversations
20 about authenticity, admissibility.
21         MR. NOMURA:  We will.
22         THE COURT:  If you have problems with something, and
23 you want a witness to authenticate, let him know that so he is
24 prepared to do that.
25         MR. NOMURA:  We certainly will.

1        THE COURT:  So just work with each other on some of
2   these procedural matters so that we can move forward as
3   expeditiously as possible in this hearing and not be tied up
4   with you having to go find a witness to authenticate or
5   something of that sort; okay?
6        MR. NOMURA:  Okay.
7        THE COURT:  Anything else?
8        MR. HOLCOMB:  I think that's it.
9        THE COURT:  I'm going to be out of town from the 28th
10  through the 6th. It's going to be very hard to do an
11  evidentiary hearing on the phone in this case.
12       MR. NOMURA:  I understand.
13       THE COURT:  Please, everyone, try their best, meaning
14  the people in the City, to work through this.  I'm not saying
15  don't do what you have to do; but on the other hand, just make
16  sure people are following that stipulation and what's in there
17  to the T.
18       MR. NOMURA:  Yes.
19       THE COURT:  Okay.  Anything else?
20       MR. HOLCOMB:  I think that's it. Thank you.
21       MR. NOMURA:  Thank you very much.
22  (Recess at 11:17 a.m. )
23
24
25

```
 1                    COURT REPORTER'S CERTIFICATE
 2          I, Gloria T. Bediamol, Official Court Reporter, United
 3   States District Court, District of Hawaii, do hereby certify
 4   that the foregoing is a true, complete and correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7          DATED at Honolulu, Hawaii, January 10, 2013.
 8
 9
10                                  /s/ Gloria T. Bediamol
11                                  GLORIA T. BEDIAMOL.
12                                  RPR, RMR
13
14
15
16
17
18
19
20
21
22
23
24
25
```