DEPARTMENT OF THE CORPORATION COUNSEL

DIANE T. KAWAUCHI          1539-0
Acting Corporation Counsel
ERNEST H. NOMURA          4829-0
DAWN D.M. SPURLIN          5559-0
LAURA YOSHIDA              6771-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No. (808) 768-5120
E-Mail:     enomura@honolulu.gov
            dspurlin@honolulu.gov
            lyoshida@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
WESTLEY CHUN, and TRISH MORIKAWA

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; AND JOHN DOES 1-50, <br><br>                Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50,<br><br>                Defendants. | CIVIL NO. CV 12-00668 JMS-KSC<br><br>DEFENDANTS CITY AND COUNTY OF HONOLULU, WESTLEY CHUN, AND TRISH MORIKAWA'S STATEMENT, RE: AMENDED COMPLAINT; CERTIFICATE OF SERVICE<br><br><br>DATE:     March 27, 2013<br>TIME:     9:00 a.m.<br>JUDGE:  J. Michael Seabright |

DEFENDANTS CITY AND COUNTY OF HONOLULU, WESTLEY CHUN,
AND TRISH MORIKAWA'S STATEMENT, RE: AMENDED COMPLAINT

It is readily apparent that counsel for Plaintiffs, in his misguided and

hasty zeal to represent yet another plaintiff/member of "De-Occupy

Honolulu" and identify another former city employee, did not think through

the legal and procedural impact of filing an amended complaint after his

"superseding" Motion for Injunctive Relief was filed and after the City

Defendants filed their Motion to Dismiss Complaint.  The bottom-line impact

of the filing of the amended complaint is that both motions are now

rendered moot and must be denied without prejudice.

This is precisely what happened in Occupy Fresno v. County of

Fresno, 835 F. Supp. 2d 849 (E.D. Cal. 2011).  In that case, plaintiffs filed a

"renewed motion" for temporary restraining order and preliminary injunction

on November 17, 2011, which was directed at the original complaint.  They

then filed an amended complaint on November 25, 2011.  Because an

amended complaint supersedes the original, "the latter being treated

thereafter as non-existent," Forsyth v. Humana, Inc., 114 F.3d 1467, 1474

(9th Cir. 1997), quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

(amended complaint "supersedes the original, the latter being treated

thereafter as non-existent."), the trial court had no option other than to deny

the "renewed motion" as "moot."

Likewise, the filing of the amended complaint compels the Court to deny the City Defendants' Motion to Dismiss Complaint as "moot."  Thus, in Wultz v. Islamic Republic of Iran, 2009 WL 4981537, at *1 (D.D.C. Dec. 14, 2009), Chief Judge Lamberth of the United District Court for the District of Columbia concluded that the court had no choice but to deny as moot a pending motion to dismiss upon filing of the amended complaint.  See also Myvett v. Williams, 638 F. Supp. 2d 59, 62 n.1 (D.D.C. 2009) ("Because the plaintiff filed an amended complaint after the defendants moved to dismiss the original complaint, the court denies as moot the defendants' motion to dismiss the original complaint."); Wellness Cmty.-Nat'l v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995) (observing that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case").  See also Nicosia v. Diocese of Reno, 2011 WL 1447686 (D. Nev. Apr. 14, 2011) (filing of amended complaint "moots" motion to dismiss).

Here, the City Defendants believe that the Court has no option other than to deny both Motions as "moot," given Plaintiffs' counsel's inopportune decision to file an amended complaint at this point in the litigation.[1]

---

[1]  Counsel for the City Defendants are extremely puzzled by Plaintiffs' counsel's decision to file the amended complaint now of all times.  There really was no real, exigent, urgent reason to file the amended complaint on the 21st day of the Fed. R. Civ. P. 15(a)(1)(B) window.  Nevertheless, that

The City Defendants respectfully request that the Court hold a status conference so that the Court and the parties may then coordinate calendars in terms of filing "renewed" motions, and hearing dates for the renewed motions.  The City Defendants stand ready to proceed as efficiently and timely as possible under these circumstances.

DATED:  Honolulu, Hawaii, March 6, 2013.

DIANE T. KAWAUCHI
Acting Corporation Counsel

*/s/ Ernest H. Nomura*

_____
ERNEST H. NOMURA
DAWN D.M. SPURLIN
LAURA YOSHIDA
Deputies Corporation Counsel

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
WESTLEY CHUN, and
TRISH MORIKAWA

---

was his call and it now forces the Court and the parties to "clean up" the procedural mess that has been caused by his decision.