```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF HAWAII

 3

 4  DE-OCCUPY HONOLULU;          )   Civil No. 12-00668JMS-KSC
    CATHERINE RUSSELL;           )
 5  CHRISTOPHER SMITH; ANDREW    )
    SMITH; MADORI RUMPUNGWORN,   )
 6  et al.,                      )
                                 )
 7              Plaintiffs,      )   Honolulu, Hawaii
                                 )   February 5, 2013
 8      vs.                      )   10:00 a.m.
                                 )
 9  CITY AND COUNTY OF HONOLULU; )   STATUS CONFERENCE
    WESTLEY CHUN; TRISH          )
10  MORIKAWA; LARRY SANTOS; et   )
    al.,                         )
11                               )
                Defendants.      )
12  _____)

13              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE J. MICHAEL SEABRIGHT
14             UNITED STATES DISTRICT JUDGE

15  APPEARANCES:

16  For the Plaintiffs:  RICHARD L. HOLCOMB, ESQ.
                         Holcomb Law, LLLC
17                       1136 Union Mall, Suite 808
                         Honolulu, Hawaii 96813
18
    For the Defendants:  ERNEST H. NOMURA, ESQ.
19                       LAURA L.M. YOSHIDA, ESQ.
                         Office of Corporation Counsel
20                       530 South King Street, Suite 110
                         Honolulu, Hawaii 96813
21

22  COURT REPORTER:      ANN B. MATSUMOTO, CSR 377
                         P.O. Box 235215
23                       Honolulu, Hawaii 96823
                         (808) 521-1877
24
    Proceedings recorded by machine shorthand, transcript
25  produced with computer-aided transcription (CAT).
```

```
 1                    P R O C E E D I N G S
 2            COURTROOM MANAGER:  Civil 12-006678 JMS-KSC,
 3   De-Occupy Honolulu, et al., versus City and County of
 4   Honolulu, et al.  This hearing has been called for a
 5   status conference.
 6            Counsel, your appearances for the record, please.
 7            MR. HOLCOMB:  Good morning, your Honor.  Richard
 8   Holcomb here on behalf of the plaintiffs.
 9            THE COURT:  Yes, good morning.
10            MR. NOMURA:  Good morning, Your Honor.  Ernest
11   Nomura and Laura Yoshida, Deputies Corporation Counsel for
12   the City and County.
13            THE COURT:  Yes.  Good morning.  Thank you.  You
14   may be seated.  And we can do this informally.  You can
15   stay seated.  Just pull the mics down a little bit, if you
16   will.
17            I wanted to get together because I just wanted to
18   make sure we're all on the same page going forward as to
19   what is at issue, Mr. Holcomb, for the preliminary
20   injunction.  Because I didn't want this to be one of those
21   cases where the city briefs it up and you do a reply, and
22   we come into court and you two are talking about two
23   different things.  So I just wanted to make sure we're all
24   sort of on the same page.
25            And I'm a little unclear.  And the reason I wanted
```

```
 1  to do this is I'm a little unclear, given all the events
 2  that have transpired with the stipulation, so forth, as to
 3  sort of what is going to be the focus of the preliminary
 4  injunction at this point and, you know, what is it exactly
 5  you see as the relief you're seeking and what are you
 6  challenging.  Because I did give you an opportunity to
 7  refile.
 8          MR. HOLCOMB:  You did, Your Honor.
 9          THE COURT:  And you didn't do that.  So I just
10  want to sort of make sure we're all on the same page going
11  forward.
12          MR. HOLCOMB:  Okay.  Well, our position is and has
13  been we want the city to follow the law.  The -- the
14  biggest infirmity with the law as it exists is the lack of
15  a hearing.  However, the city has set up -- I don't -- I
16  haven't heard from my clients how it's functioning yet,
17  but the city has set up a procedure whereby they can go
18  get their stuff the next day.  So if we're going to
19  facially challenge the statute, I mean, if -- if the Court
20  were to order that as part of the preliminary injunction,
21  my belief would be that the -- my plaintiffs -- my clients
22  would be satisfied with that.
23          THE COURT:  If I would order what?
24          MR. HOLCOMB:  The -- the same return procedure
25  that they have agreed to abide with at least until
```

```
 1  March 11th, the date of the preliminary injunction.  Our
 2  agreement terminates specifically on March 11.
 3          THE COURT:  I understand that.  And I guess part
 4  of what I'm a little uncertain about is if you are
 5  challenging the underlying law or if you're saying the way
 6  it's being enforced is unconstitutional.
 7          MR. HOLCOMB:  Well --
 8          THE COURT:  So I'm trying to -- and I think
 9  Mr. Nomura deserves to understand, if you're going forward
10  with the claim, that as written, the law is
11  unconstitutional, or if your claim is as applied, that is,
12  based --
13          MR. HOLCOMB:  Right.
14          THE COURT:  -- on, you know, the actions on the
15  ground it's unconstitutional, or some combination of both
16  of those.
17          MR. HOLCOMB:  Well, Your Honor, we have tried to
18  say both, I believe, in our pleadings.  And actually, I
19  just re-read the memorandum but --
20          THE COURT:  The problem I have is you didn't
21  really address the first one in any meaningful way.
22          MR. HOLCOMB:  The facial challenge?
23          THE COURT:  Right.
24          MR. HOLCOMB:  Well, I had put in there about the
25  lack of any hearing, and that's our biggest problem with
```

```
 1  the ordinance as it exists.
 2          THE COURT:  Okay.
 3          MR. HOLCOMB:  So, I mean, we had challenged that
 4  throughout.  We believe there should be a pre- or at least
 5  a post-deprivation hearing.
 6          THE COURT:  Well, let me ask you this.  Do you
 7  have any problems if I give you a couple days to file
 8  something very specific as to what you're challenging?
 9  You can go back and talk to your clients and think about
10  it a little bit and try to define it as much as you can.
11  And that will help Mr. Nomura as he's putting together his
12  opposition, and it will help me when we have the actual
13  hearing on this matter.
14          MR. HOLCOMB:  Okay.  That -- yeah, that's fine,
15  Your Honor.
16          MR. NOMURA:  Because, I mean -- well, excuse me,
17  Your Honor.  If the facial challenge -- because what we're
18  trying to think of, which is going on a going forward
19  basis, not only for the injunction motion but also for a
20  future motion to dismiss or a motion for summary judgment,
21  but if the facial challenge of the ordinance is really
22  something that Mr. Holcomb wants a court ruling on, then I
23  don't see why we can't have that issue briefed by the
24  parties, if the issue of a post-deprivation or a pre --
25  pre-seizure notice or a pre-seizure hearing is an issue.
```

```
 1   I mean, to me, that is really a legal issue that can be
 2   briefed by the parties rather than going through this
 3   whole evidentiary hearing on the seven different dates
 4   that he's alleged violated their constitutional rights.
 5   So -- so, you know, I would suggest that if that is one of
 6   the issues then we'll brief that and have -- you know, do
 7   some kind of a motion to dismiss or a summary judgment or
 8   something that at least addresses Mr. Holcomb's concerns.
 9           THE COURT:  Well, a preliminary injunction can
10   address a purely legal issue because you get to the -- in
11   part, because you get to the likelihood of success on the
12   merits.
13           MR. NOMURA:  Sure, sure.
14           THE COURT:  And, of course, there's irreparable
15   harm and the rest of the Winter test but -- but that's
16   part of why I wanted to get together.  Because I thought
17   sort of where I had left it was it was likely Mr. Holcomb
18   was going to refile, if he was making a facial challenge,
19   and sort of dig in a little bit more on the law and the
20   particulars, and that didn't happen.  And so that's why,
21   Mr. Holcomb, I didn't want everyone spinning their wheels
22   going forward.
23           MR. HOLCOMB:  Well, I apologize I'm not smart
24   enough though take your cue, Your Honor.  But, yeah, I
25   don't mind briefing the facial challenge.  But if we lose
```

```
 1  that, I mean, still, the as-applied stuff, there's seven
 2  different days where they're not following the ordinance
 3  is still relevant and meritorious in our view, and you
 4  should hear that as well.  Unless you're just going to
 5  strike the statute and we go on about our business but ...
 6           THE COURT:  Well, I mean, you haven't briefed
 7  that.  And so are you telling me you want to brief it now,
 8  go back and brief it, or --
 9           MR. HOLCOMB:  Well, you had said that "if I give
10  you a couple of days to brief that in more detail," and I
11  had agreed, yes, I'll be happy to do that, if you'd would
12  like me to.
13           THE COURT:  Well, we could give you till the 8th
14  to do that.
15           MR. HOLCOMB:  Okay.
16           THE COURT:  And then, Mr. Nomura, right now your
17  opposition is due the 12th.  That would not be very -- it
18  seems to me -- doable.  We could change that to the 18th.
19  I think that's a holiday, maybe.  Is it the 19th?  Isn't
20  the 18th President's Day?  Right.
21           So the 19th.  And then a reply, an optional reply
22  on the 22nd.
23           MR. NOMURA:  You know, and I hate to throw in a
24  wrench in all of this.  Mr. Holcomb has been very
25  accommodating to the city in terms of the answers.
```

1  Certain individuals have not been served yet; and I think
2  the only individual defendant that has been served is
3  Ms. Morikawa, so the city will be representing or making
4  an appearance on her behalf.  And so accordingly, and
5  pursuant to our agreement, or sort of informal agreement,
6  the city has not filed an answer or otherwise plead --
7  pled in connection with the case.  And so Mr. Holcomb has
8  been very accommodating and try to postpone that answer
9  date.
10           But to the extent that we could get the same
11 hearing date as the prelim injunction, the city was going
12 to be in the position to file a motion to dismiss the
13 complaint and -- because on those -- on legal issues.  Not
14 so much an affirmative argument that the -- or the
15 ordinance is facially constitutional, but certainly that
16 could have been, or that can be, part of the motion to
17 dismiss as well.  And so that, we can file.  I'm trying to
18 just file today, but if not, certainly by the end of this
19 week.  So if the briefing could also consider that motion
20 to dismiss.  So it is styled as a Rule 12(b)(1), 12(b)(6)
21 motion to dismiss.  So, you know, and whether or not we
22 can accommodate at the same hearing day, you know, that's
23 something that, you know, I'll be happy to work with
24 Mr. Holcomb and the Court with.  But that's something that
25 I would present.

```
 1          THE COURT:  Well, let's do this then.  Let's talk
 2   this through.  If I give Mr. Holcomb till the 8th to
 3   file -- it would essentially be a new motion for
 4   preliminary injunction, would supercede the old motion,
 5   Mr. Holcomb.  I mean, you can incorporate what you want,
 6   but I think that's easier for everyone to follow if you do
 7   that.  Then an opposition by the 19th?
 8          MR. NOMURA:  Fine.
 9          THE COURT:  And then a reply by the twenty --
10   22nd.  And then I think we can keep the same date of
11   February 26 to exchange witness lists and proposed
12   exhibits and for you to provide some information to the
13   Court regarding time and so forth.
14          MR. NOMURA:  Sure.
15          THE COURT:  Then if you want to file a motion to
16   dismiss, I could give you until the end of this week.  Is
17   that what you said?
18          MR. NOMURA:  Fair.
19          THE COURT:  February 8th?
20          MR. NOMURA:  Fine.
21          THE COURT:  For a motion to dismiss.
22          And then, Mr. Holcomb, how much time would you
23   need, two weeks?
24          MR. HOLCOMB:  I think that would be adequate, Your
25   Honor.
```

```
 1            THE COURT:  February 22nd for an opposition.  And
 2   then with a reply, we could say, March 1.
 3            And then we'd have those heard the same day as the
 4   preliminary injunction.
 5            MR. NOMURA:  Fair enough.  Thank you very much,
 6   Your Honor.
 7            THE COURT:  And I would look at that ahead of
 8   time, and if I felt that it really would be a waste of
 9   resources to have evidence because I view the motion to
10   dismiss as having merit, I would -- I reserve the option,
11   obviously, of canceling the preliminary injunction and
12   just doing the motion to dismiss.
13            MR. NOMURA:  Fair enough, Your Honor.
14            THE COURT:  Hearing that and letting you know
15   where I stand on that.  On the other hand, if I'm
16   undecided or I think I'll deny the motion to dismiss, then
17   we just go into both.
18            MR. NOMURA:  Fair enough.
19            THE COURT:  At least that would be my inclination.
20   And once I get all of the paperwork, when I look at it I
21   could change my view as to the best way to proceed but ...
22            So, Mr. Holcomb, I just want the motion to be
23   pretty clear as to, if you're challenging facially, what
24   it is facially, just so that --
25            MR. HOLCOMB:  Very well.
```

```
 1              THE COURT:  -- you can really sort of laser in on
 2   that.  It sounds like your real complaint is a lack of due
 3   process hearing.
 4              MR. HOLCOMB:  That's -- that's correct.
 5              THE COURT:  Okay.
 6              MR. HOLCOMB:  And my belief is that if they're
 7   going to have this ordinance, it should be built into the
 8   ordinance.  And if it's not, then they shouldn't be
 9   allowed to --
10              THE COURT:  Speak up.
11              MR. HOLCOMB:  I'm sorry, Your Honor.  I said our
12   belief is that if they're going to have this ordinance,
13   they should build in the hearing process into the
14   ordinance.  And if it's not built in here, then the
15   ordinance should be struck.
16              THE COURT:  All right.  So, I mean, that's fair
17   enough.  I'm not ruling on whether --
18              MR. HOLCOMB:  Very well, very well.
19              THE COURT:  -- it's right or not, but you can
20   certainly tease that out a little bit further --
21              MR. HOLCOMB:  Right, right.
22              THE COURT:  -- is what I think would be helpful.
23              MR. HOLCOMB:  Right.
24              THE COURT:  It's not helpful for me just to say
25   that and then not give you any cases.
```

```
 1            MR. HOLCOMB:  I understand.  I understand.  Yeah.
 2   I will brief it.
 3            THE COURT:  And given how little was in your
 4   initial filing, I just didn't know if it was fair to the
 5   city because they maybe didn't know quite how to respond
 6   at this point in time.  That was my thought process.
 7   Okay?  But then we'll take up the motion to dismiss.  And
 8   then if we need evidence going forward, we'll do that as
 9   well, on the 12th.
10            MR. HOLCOMB:  Very well.
11            MR. NOMURA:  Very good.
12            THE COURT:  Okay.  Anything else either of you
13   want to take up?
14            MR. NOMURA:  No, Your Honor.  That's it.  Thank
15   you.
16            MR. HOLCOMB:  No, Your Honor.
17            THE COURT:  All right.  If you need my time, let
18   me know, as far as status conferences going forward,
19   before we get to the hearing date.  Okay?
20            MR. NOMURA:  Thank you very much, Your Honor.
21            THE COURT:  All right.  Thank you.
22            (Concluded at 10:14 a.m.)
23
24
25
```

```
 1                    COURT REPORTER'S CERTIFICATE
 2          I, Ann B. Matsumoto, Per Diem Court Reporter,
 3   United States District Court, District of Hawaii, do
 4   hereby certify that the foregoing is a full, true, and
 5   complete transcript from the record of proceedings in the
 6   above-entitled matter.
 7          DATED at Honolulu, Hawaii, March 11, 2013.
 8
 9
10
                             /s/ Ann B. Matsumoto
11                           Ann B. Matsumoto, CSR 377
                             Registered Professional Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```