```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF HAWAII

 3
     DE-OCCUPY HONOLULU;           ) CIVIL NO. 12-00668JMS-KSC
 4   CATHERINE RUSSELL;            )
     CHRISTOPHER SMITH;            ) Honolulu, Hawaii
 5   ANDREW SMITH; MADORI          ) March 8, 2013
     RUMPUNGWORN; DOMINIC          ) 2:30 p.m.
 6   JAMES; AND JOHN DOES 1-50,    )
                                   )
 7              Plaintiffs,        )
                                   )
 8         vs.                     )
                                   ) STATUS CONFERENCE
 9   CITY AND COUNTY OF            )
     HONOLULU; WESTLEY CHUN,       )
10   in his personal and           )
     official capacity; TRISH      )
11   MORIKAWA, in her personal     )
     and official capacity;        )
12   LARRY SANTOS, in his          )
     personal and official         )
13   capacity; KEN SHIMIZU, in     )
     his personal and official     )
14   capacity; and JOHN DOES       )
     1-50,                         )
15                                 )
                Defendants.        )
16   _____)

17

18              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE J. MICHAEL SEABRIGHT,
19              UNITED STATES DISTRICT JUDGE

20

21   APPEARANCES:

22   For the Plaintiffs:    RICHARD L. HOLCOMB, ESQ.
                            BRIAN J. BRAZIER, ESQ.
23                          Holcomb Law, A Limited Liability
                             Law Corporation
24                          1136 Union Mall, Suite 808
                            Honolulu, Hawaii  96813
25
```

```
 1     APPEARANCES (Cont'd.):

 2

 3     For Defendants City        ERNEST H. NOMURA, ESQ.
       and County of              LAURA YOSHIDA, ESQ.
 4     Honolulu, Westley          Deputies Corporation Counsel
       Chun, and Trish            530 South King Street, Room 110
 5     Morikawa:                  Honolulu, Hawaii  96813

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20     Official Court             Cynthia Fazio, CSR, RMR, CRR
       Reporter:                  United States District Court
21                                P.O. Box 50131
                                  Honolulu, Hawaii  96850
22

23

24
       Proceedings recorded by machine shorthand, transcript produced
25     with computer-aided transcription (CAT).
```

```
 1   FRIDAY, MARCH 8,  2013                              2:30 P.M.
 2            THE CLERK:  Civil Number 12-00668, De-Occupy Honolulu,
 3   et al., versus City and County of Honolulu.
 4            This hearing has been called for a status conference.
 5            Your appearance for the record, please?
 6            MR. HOLCOMB:  Richard Holcomb here on behalf of the
 7   plaintiffs.
 8            MR. BRAZIER:  And Brian Brazier on behalf of the
 9   plaintiffs.
10            THE COURT:  Yes, good afternoon.
11            MR. NOMURA:  Good afternoon, Your Honor.  Ernest
12   Nomura and Laura Yoshida, Deputies Corporation Counsel, for the
13   City defendants.
14            THE COURT:  All right.  Yes.  Good afternoon to you as
15   well.  You may be seated.  You can stay seated, just pull the
16   mikes forward.
17            Well, we had -- we have set the Motion for Preliminary
18   Injunction and the Motion to Dismiss, and then the amended
19   complaint was filed which includes new facts which appear
20   relevant to both the pending motion for the preliminary
21   injunction and the Motion to Dismiss.  There were some other
22   issues with the amended complaint and the Motion for
23   Preliminary Injunction I want to address.  But really the first
24   issue is whether we need to sort of reset the clock on both the
25   Motion to Dismiss and the preliminary injunction, essentially
```

```
 1   to get everything refiled and start over again because of the
 2   amended complaint.
 3             The City, as I understand it, believes the amended
 4   complaint is sufficiently different and adds sufficiently new
 5   claims and with the new plaintiff and new defendant that that
 6   is the case and, as I understand it, the plaintiffs don't feel
 7   that way.
 8             So does anyone want to make any further argument
 9   beyond the submissions you already made to the Court on that
10   issue?
11             MR. NOMURA:  Well, actually I didn't discuss the, you
12   know, what was changed in the amended complaint.  You know, I'm
13   in the process of making comparison, but facially there are two
14   new parties, a new plaintiff and a new defendant.  There are
15   two new claims, a trespass to chattel claim and a fraud claim.
16   He's amended the complaint in terms of addressing the
17   constitutional defects that we raise in our Motion to Dismiss,
18   so there's a little bit more specificity in the amendment.  And
19   so, precisely exactly where it's located we're going to be
20   doing a redline, which we'll be happy to share to the Court.
21             So I think that there's enough changes in there that
22   makes it kind of difficult for the City to say that the
23   original Motion to Dismiss can be heard as is.  I would think
24   that -- I would like an opportunity to address the changes that
25   he's made.  I still think they're facially deficient.
```

1          In addition, the two substantive claims that he's
2   added, 14 and -- I think there were -- yeah, 14 and 15 -- no,
3   15 and 16, because there were 14 original claims, are without
4   merit as well.  So in that sense I would like to file a renewed
5   Motion to Dismiss not only to address the additional facts, but
6   the additional claims and the addition of Mr. Shimizu as a new
7   defendant in his personal and official capacities.
8          MR. HOLCOMB:  Your Honor, we really have no position
9   on the Motion to Dismiss.  I mean if they want to refile a
10  Motion to Dismiss we'll respond accordingly.  Our concern is
11  the preliminary injunction.  What we have changed, I mean, is
12  directly in line with what had been going on since last
13  February, which is already in the complaint and evidence has
14  been heard regarding the --
15         THE COURT:  I can't hear you, Mr. Holcomb.
16         MR. HOLCOMB:  I'm sorry.  Evidence has been heard
17  regarding the additional incident that we added.  And the rest
18  of it was responding to some of the issues in the Motion to
19  Dismiss.
20         THE COURT:  All right.  Here -- I have a number of
21  concerns.  One, I really think what's happening now is we're
22  headed towards piecemeal litigation.  I almost feel like
23  there's an attempt to set me up the way this is being set forth
24  before me at this stage and I'm not going to let that happen.
25         First of all, the amended complaint, for instance,

1  incorporates by reference all videos and exhibits attached to
2  the declarations in support of the Motion for Preliminary
3  Injunction.  I know of nothing that allows you in an amended
4  complaint to incorporate by reference matters from a whole
5  different proceeding.  That is, the motion regarding the
6  agreement between the parties.  So, I have a big problem with
7  that.
8           The preliminary injunction, that is the second or new
9  Motion for Preliminary Injunction incorporates by reference the
10 previous Motion for Preliminary Injunction, Motion for
11 Sanctions and Motion to Reconsider.  I'm not going to hunt
12 through the record like that.  I'm not going to allow
13 incorporation of all those prior documents and then perhaps
14 miss something and have you go up to the Ninth Circuit and say,
15 Oh, Judge Seabright didn't look at this because we incorporated
16 by reference A, B, C and D, and he only looked at A, B and C.
17          You also need to look at Rule 10 as to when you can
18 incorporate by reference and Rule 7 helps in the definitions on
19 that.  And this is not an appropriate way, in my view, to
20 incorporate by reference.
21          I also think that the amended complaint, I'm not
22 saying it wasn't appropriate to file, to address some of the
23 issues raised in the City's Motion to Dismiss, but by adding a
24 new defendant and new matters, it really puts, I think, the
25 City in a difficult position and would require in any event a

1  whole 'nother round of briefing and it would just cause great
2  confusion at this point in time and really would result in
3  piecemeal litigation.
4       So I am denying without prejudice the Motion to
5  Dismiss and the Motion for Preliminary Injunction.  I can
6  either strike Paragraph 143 from the amended complaint or give
7  you a week to file a second amended complaint, Mr. Holcomb?
8       MR. HOLCOMB:  I think we would just file a second
9  amended complaint, Your Honor, if that's okay with you.
10       THE COURT:  All right.  Okay.  No incorporation by
11  reference.
12       MR. HOLCOMB:  Very well.
13       THE COURT:  Okay?  So let's see, today is the 8th.  So
14  we'll give you until March 15.  And you have leave of Court to
15  do that.
16       Now, I'm looking at my schedule and when we could do a
17  motion and when we could do a motion and -- another reason I
18  won't do this piecemeal is, Mr. Holcomb says, I don't object to
19  the County's desire if they want to, you know, withdraw the
20  Motion to Dismiss, but the whole idea was to try to put this
21  piece -- to package this together and get it to me in a
22  meaningful way where I could look at all of these matters
23  together.
24       So, May 17th, will both counsel -- all counsel be here
25  on May 17?

```
 1             MR. NOMURA:  We will make ourselves available.
 2             MR. HOLCOMB:  Your Honor, I have a couple of things, I
 3   could probably move, though.
 4             THE COURT:  All right.  So I'll put out a schedule as
 5   far as dates, specific dates.  You don't follow local rule, I
 6   will put out a schedule that includes dates by which then the
 7   second amended complaint is to be filed.
 8             Mr. Holcomb, the second amended complaint supersedes
 9   the complaint and the first amended complaint wholly.  So, you
10   know, you have to put everything in there.
11             MR. HOLCOMB:  Very well.
12             THE COURT:  And make sure you label it "Second Amended
13   Complaint" so that's very clear as to what that is.
14             And then I will give a date which will be the same
15   date to both file a Motion to Dismiss and Motion for
16   Preliminary Injunction.  Okay?  And then opposition and reply
17   dates and then dates involving some of the lead-up to the
18   actual hearing, okay, on the Motion for Preliminary Injunction.
19             Are there any other -- other than the Motion to
20   Dismiss and the Motion for Preliminary Injunction, are there
21   any other -- there are no other pending motions, correct, it's
22   just those two?
23             MR. NOMURA:  Correct.  There are a couple of
24   deadlines.  Next week we're supposed to be submitting documents
25   and --
```

```
 1                THE COURT:  Those are vacated then at this point.
 2                MR. NOMURA:  Okay.
 3                THE COURT:  Just to be clear.  Those are vacated.
 4                MR. HOLCOMB:  And we do have one concern.  First of
 5    all, as for incorporating the preliminary injunction, I
 6    apologize, it was my understanding that you were allowing me to
 7    do that.
 8                THE COURT:  I think in fact I made clear that you
 9    shouldn't do that.  That's why I don't think that you listen to
10    me is part of the problem, Mr. Holcomb.  This is the second
11    time now you've come in here and you say, Oh, I'm sorry, I sort
12    of got that wrong.  Earlier I told you to refile that motion
13    because I understand when you first filed you did it in a rush
14    and I said you didn't really address some issues.  You didn't
15    do it in the time I told you to do it and then you went back
16    and did it, and I think I was pretty clear that a new motion
17    would supersede the old motion.
18                MR. HOLCOMB:  All right. Well, Your Honor, I don't
19    know what to tell you other than I misunderstood because I
20    thought you had specifically told me that I could reference
21    other stuff.
22                THE COURT:  I did not tell you that.
23                MR. HOLCOMB:  Okay.
24                THE COURT:  I told you you couldn't.  That it
25    supersedes the prior order.
```

1          MR. HOLCOMB:  Well, I know you told me that part, that
2    it supersedes, but I thought you said that I could reference
3    part of the OPI in there.  But nevertheless, so I mean, I
4    apologize.  That's just --
5          THE COURT:  I'm not looking for an apology, I'm
6    looking to get this done.
7          MR. HOLCOMB:  Okay.
8          THE COURT:  In a meaningful way where it's all before
9    me at one point and I can look at a meaningful Motion to
10   Dismiss, a meaningful Motion for Preliminary Injunction with a
11   meaningful complaint before me.
12         MR. HOLCOMB:  Okay.  And our second concern is the TRO
13   agreement that we had had in place and it ends March 27th at
14   this point.  I think they agreed to extend it.
15         THE COURT:  All right.  You will agree to extend to
16   the new date?
17         MR. NOMURA:  We have no problem with that, Your Honor.
18         THE COURT:  All right.  So if you need to send a
19   letter to that effect, that's fine.
20         MR. HOLCOMB:  Okay.  Thank you.
21         THE COURT:  All right?  I was also concerned,
22   Mr. Nomura -- let me find this language.  I want to make clear,
23   I don't find it helpful this sort of attack that I saw in some
24   of your filings.
25         MR. NOMURA:  Fair enough.

11

```
 1              THE COURT:  You know, "This case is about a mixed bag
 2   of self-absorbed social protesters, recent Mainland transplants
 3   who have seen fit to pitch their tents invoking King
 4   Kamehameha's law," et cetera, et cetera.  It isn't helpful.
 5              MR. NOMURA:  Fair enough.
 6              THE COURT:  It doesn't address the legal issues and
 7   simply creates bad blood.
 8              MR. NOMURA:  Fair enough.
 9              THE COURT:  So I'm putting both sides on warning, I
10   haven't really seen that in that degree from Mr. Holcomb, but
11   I'm putting both sides on warning, it doesn't help your case
12   before me, it only hurts by way of your reputation before me.
13              MR. NOMURA:  Fair enough.
14              THE COURT:  All right.  Is there anything else?
15              MR. HOLCOMB:  Not from us, Your Honor.
16              MR. NOMURA:  None.
17              THE COURT:  Court's in recess.
18              (The proceedings concluded at 2:41 p.m.,
19   March 8, 2013.)
20
21
22
23
24
25
```

```
 1                  COURT REPORTER'S CERTIFICATE
 2
 3          I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 11
 6   is a true, complete and correct transcript of the proceedings
 7   had in connection with the above-entitled matter.
 8
             DATED at Honolulu, Hawaii, April 2, 2013.
 9
10
11                        /s/ Cynthia Fazio
                      CYNTHIA FAZIO, CSR, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```