# HOLCOMB LAW, LLLC A LIMITED LIABILITY LAW CORPORATION

Richard L. Holcomb, Esq.
Brian Brazier of Counsel
1136 Union Mall
Suite 808
Honolulu, HI 96813
rholcomblaw@live.com
(808) 545-4040
Fax: (808) 356-1954

April 29, 2013
*Via Facsimile (808) 541-1851*

Hon. J. Michael Seabright
Judge, U.S. District Court
300 Ala Moana Blvd., Rm. C-435
Honolulu, HI 96850

Re: De-Occupy Honolulu, et al. v. City and County of Honolulu, et al., Civil Case Number 12-00668 JMS/RLP

Dear Judge Seabright,

Pursuant to your Order of March 11, 2013, Plaintiffs anticipate the following amount of time will be needed for each witness:

| | |
|---|---|
| 1. Catherine Russell (re-direct) | .5 hours |
| 2. Christopher Smith (re-direct) | .5 hours |
| 3. Madori Rumpungworn (re-direct) | .2 hours |
| 4. Dominic James (re-direct) | .2 hours |
| 5. Ano Pulchaski | .2 hours |
| 6. Westley Chun (cross-examination) | 1.5 hours |
| 7. Trish Morikawa (cross-examination) | 1.5 hours |
| 8. Kenneth Shimizu (cross-examination) | .75 hours |
| 9. Pamela Witty-Oakland (cross-examination)[1] | 1 hour |
| 10. Dean Masuno (cross-examination) | .5 hour |

Plaintiffs believe that these estimates are very generous. After reviewing some of Defendants' Declarations, Plaintiffs are hopeful that much of the evidence/testimony can be admitted via stipulation. Further, some of the testimony appears unnecessary to Plaintiffs. For example, Larry Santos, who is a named but un-served Defendant has submitted a Declaration stating that the HPD plays only an ancillary role in these seizures. If that is the position the City is taking, Plaintiffs find it unnecessary to examine Mr. Santos at all.

---

[1] Plaintiffs are unsure who this person is. However, Plaintiffs have attempted to provide some estimate based on the Defendants' estimates for other witnesses.

**HOLCOMB LAW, LLLC** A LIMITED LIABILITY LAW CORPORATION

In addition, Plaintiffs are unsure whether Defendants will stipulate to the authenticity and admission of the videos as they have in the past. Defendants did not, for example, include Doug Matsuoka as a potential witness. (Plaintiffs did not do so either assuming that the omission indicates that Defendants do not anticipate Mr. Matsuoka, whose only role was that of videographer, will testify). Another potential witness who served only as videographer is Blade Wilson. Plaintiffs do agree that none of the videographers' commentary should be considered. It seems of little utility to require Plaintiffs to authenticate each video do so where a judge is the trier of fact. Nevertheless, if Plaintiffs are required to authenticate each video, such authentication could waste a large amount of time.

Further, assuming the Defendants do stipulate to admission of the videos, Plaintiffs are requesting instructions from the Court as to whether Plaintiffs should be prepared to play the videos in the hearing. Plaintiffs have no doubt that the Court will diligently review the videos in chambers. If required to do so, Plaintiffs will play the videos at the hearing.

If you have any questions or need further information, please contact me at (808) 545-4040.

        Kindest Regards,

        *s/Richard L. Holcomb*

        Richard Holcomb

Cc: Ernest Nomura