# HOLCOMB LAW, LLLC A LIMITED LIABILITY LAW CORPORATION

**Richard L. Holcomb, Esq.**
Brian Brazier of Counsel
1136 Union Mall
Suite 808
Honolulu, HI 96813
rholcomblaw@live.com
(808) 545-4040
Fax: (808) 356-1954

May 7, 2013
*Via Facsimile (808) 541-1851*

Hon. J. Michael Seabright
Judge, U.S. District Court
300 Ala Moana Blvd., Rm. C-435
Honolulu, HI 96850

Re: De-Occupy Honolulu, et al. v. City and County of Honolulu, et al., Civil Case Number 12-00668 JMS/RLP

Dear Judge Seabright,

At approximately 4:30 p.m. today, I received the letter to you from Mr. Nomura. I am surprised by some of the content of that letter as it had been addressed in discussions by the parties. For example, Mr. Nomura states:

> I had asked Mr. Holcomb to stipulate to the dismissal with prejudice of Plaintiff Andrew Smith and Defendant Larry Santos. Mr. Holcomb said that he wanted to wait until the "dust settles" from the May 17th hearing before he decides to dismiss these two parties. Mr. Holcomb acknowledges and admits that based on the record and Mr. Santos's declaration, the Honolulu Police Department and Mr. Santos did not have any active role in the enforcement of the "stored property" ordinance so as to expose HPD or Mr. Santos to any liability in this case. I presented a stipulation to Mr. Holcomb for his review and signature. He has not agreed to streamline the case by dismissing these parties prior to the hearing. I told Mr. Holcomb that if I am forced to have Mr. Santos appear at the hearing only to be told that he will not cross examine him, I will seeks fees and costs against him and his clients for this unnecessary expense and burden.

Yet, in the discussions between the parties, I have consistently told Mr. Nomura that it is our present intent to dismiss Messrs. Santos and Andrew Smith from the lawsuit. I simply requested an opportunity to research the procedure and consequences for doing so. With a solo practice, full court schedule, and little or no administrative staff dedicated to this case, it is very burdensome to provide the Direct Declarations, prepare for the hearing, and research these procedural issues at the same time. Thus, I asked Mr. Nomura to wait until after the May 17 hearing at which point our intent is to dismiss or non-suit those parties from the suit. Most recently, on May 3, 2013 at 10:14 a.m., I e-mailed Mr. Nomura stating:

**HOLCOMB LAW, LLLC** A LIMITED LIABILITY LAW CORPORATION

> I think it is reasonable for me to ask you to wait until at least after these direct declarations are done to dismiss Santos-which there was certainly a basis to name until the City took a position that he played no role in this action. Further, he made an admission that my clients will testify to. But if you would only have him come to say that he nor the HPD played a role in these raids, then I don't need to cross him, don't think he would be material, and as I've told you, intend to dismiss him as a defendant. I see no way that he could possibly incur fees or costs under these circumstances so send what you want.

At 10:50 a.m. on May 3, 2013, Mr. Nomura responded stating:

> 1. The "direct declaration" of Mr. Santos is the same one that was already submitted. You had that since February. It is not as if the "City took a position" that Mr. Santos or HPD "played on role." It is a fact – an undisputed one, that HPD is not an enforcement agency for SPO. If you asked me before the complaint was filed, I would have said the same thing.
>
> Given this, I will submit the same Santos declaration and I will tell him that he does not need to show up for the hearing. Thank you in this regard.

In addition, Mr. Nomura complains, in his letter, as follows:

> 5. Mr. Kenneth Shimizu: I asked Mr. Holcomb whether he intends to cross examine Mr. Kenneth Shimizu at the May 17th hearing. I explained to Mr. Holcomb that Mr. Shimizu's direct examination declaration that was submitted in connection with the "Sanctions" motion, which was heard earlier this year, would be submitted as his direct testimony for the May 17th hearing. Under these circumstances, I did not think Mr. Holcomb would have a need to cross-examine Mr. Shimizu, as he has already been presented to the Court on the events giving rise to the December 20th SPO enforcement action. Mr. Holcomb has not advised me one way or the other if he intends to cross examine Mr. Shimizu. I would like to prevent incurring unnecessary expenses or having the witness burdened unnecessarily if he is not going to be cross examined. Mr. Shimizu is no longer an employee of the City. Thus, he would have to take time off from his current position if he is required to appear "live" at the May hearing. I would hope that Mr. Holcomb will be in a position to tell me and the Court now whether he intends to cross-examine Mr. Shimizu. If Mr. Nolcomb does not intend to cross examine Mr. Shimizu, then I will instruct Mr. Shimizu that he does not need to appear at the May 17th hearing.

Yet, in the same May 13, 2013 at 10:14 a.m., I wrote the following to Mr. Nomura regarding Mr. Shimizu:

**HOLCOMB LAW, LLLC** A LIMITED LIABILITY LAW CORPORATION

> As for Shimizu, again he is your potential witness. If you want to submit a direct declaration, he must be available for cross. So if you want to save some purported costs in having him available for cross examination, then don't try to elicit him for direct. I haven't even seen your direct decs and have no idea nor could i know. what I may or may not ask any of the witnesses.

Notably, it is May 7, 2013. Mr. Nomura has not submitted one Declaration of Direct Testimony for any of the people that Plaintiffs had assumed would be defense witnesses. As this Court well knows, this Court entered an Order as Doc. 73 in this case that plainly states:

> By May 6, 2013, the parties shall submit Declarations of Direct Testimony and a Stipulation of Uncontested Facts. Declarations of Direct Testimony are not required of adverse witnesses, if any.

However, Plaintiffs have complied with that Order; and, moreover, Plaintiffs are providing those same Declarations physically signed by Plaintiffs as requested by the Clerk of this Court after discussions with the Clerk regarding this issue. It appears to Plaintiffs that Defendants have sought (and gained) a tactical advantage by reviewing Plaintiffs' timely filed Declarations before untimely submitting theirs; or alternatively, deciding to rely upon previously submitted Declarations as their Declarations of Direct Testimony. The latter creates precisely the type of piece-milled and confusing record that this Court admonished Plaintiffs for unintentionally creating by incorporating the first and second Motions for Preliminary Injunction. The former should result in the defense witnesses and evidence being struck. A two day advantage would never be tolerated in a trial setting. There is no way that any court would allow defense witnesses to sit through the testimony of the Plaintiffs' witnesses before deciding what their own direct testimony would be. In fact, the rule of sequestration, so commonly invoked that it is commonly referred to as "The Rule," specifically prevents that procedure.

The gain of a tactical advantage is illustrated by the Defendants' newfound desire to call Dr. Kimi Caswell (who presumably now knows the direct testimony of the witness, Ano Puchalski, who she is supposedly being called to rebut). There can be no dispute that Plaintiffs filed Ms. Pulchaski's Declaration timely and as ordered by the Court. Of course, Dr. Caswell's Declaration has not been filed at all and could not even be piece-milled from prior pleadings. In addition, although perhaps counsel is overlooking it, counsel can find no Declaration from the named Defense witness, Pamela Witty-Oakland, attached to any defense filing, particularly the response to the Motion for Preliminary Injunction. Clearly, that should have been filed if the Defendants wish to call her.

Finally, Defendants have, for the first time, notified Plaintiffs and the Court of its intention to play part of the videos in an effort, presumably, to impeach or otherwise discount witness testimony. Plaintiffs cannot imagine that those selections would paint a complete picture of what happened on those dates. And, absent invoking Fed.R.Evid.,

# HOLCOMB LAW, LLLC A LIMITED LIABILITY LAW CORPORATION

Rule 106 and requiring the playing of the entire video, Plaintiffs cannot respond effectively to those selections. Accordingly, Plaintiffs are requesting that Defendants identify what selected portions of the videos they seek to play in time that Plaintiffs may properly prepare to rebut them without playing the entire video.

Because of these concerns and the fact that Plaintiffs believed many of these "issues" had been resolved, Plaintiffs believe a status conference may be necessary to resolve some of these issues. Counsel believes that Plaintiffs have made more than good faith efforts to resolve these matters but that the defense has not reciprocated.

If you have any questions or need further information, please contact me at (808) 545-4040.

                          Kindest Regards,

                          *s/RichardL.Holcomb*

                          Richard Holcomb