DEPARTMENT OF THE CORPORATION COUNSEL
# CITY AND COUNTY OF HONOLULU
530 SOUTH KING STREET, ROOM 110 * HONOLULU, HAWAII 96813
PHONE: (808) 768-5193 * FAX: (808) 768-5105 * INTERNET: www.honolulu.gov



KIRK CALDWELL
MAYOR

DONNA Y. L. LEONG
CORPORATION COUNSEL DESIGNATE

May 7, 2013

**VIA FACSIMILE (541-1181)**

The Honorable J. Michael Seabright
Judge, United States District Court
District of Hawaii
300 Ala Moana Blvd., Room C435
Honolulu, Hawaii 96850

Your Honor:

    Re: De-Occupy Honolulu, et al. v. City and County of Honolulu, et al.
          Civil No. CV12-00668 JMS-KSC

I hasten to write to the Court to address the issues raised by Mr. Holcomb's May 6, 2013 letter to the Court and other issues related to the upcoming May 17th hearing.

    1.    **Video recordings**: There are several hours of "live stream" video recordings taken on various days involved in this lawsuit. Several are recordings of the same event on the same day, but taken by different people along with their own individualized commentary. When Mr. Holcomb asked if the City would stipulate as to the admission of these recordings, I hesitated only because there were so many of these recordings and I, frankly, had not viewed all of them at that time. I have since. I have no objection to the admission of the recordings made by Messrs. Matsuoka, Wilson, and Baker, along with the individual plaintiffs. I do, however, have objections regarding the other video recordings made by others who are not identified and made of the same event(s). These recordings are duplicative and, frankly, irrelevant.

          I do not see the need to have Plaintiffs play all of the recording at the hearing. This is a waste of precious time and resources. I do, however, intend to cross examine Messrs. Matsuoka, Wilson, and Baker, as well as Plaintiffs C. Russell, C. Smith and M. Rumpungworn and expect them to be present at the hearing on May 17th. My cross examination of these witnesses will include asking them questions

The Honorable J. Michael Seabright
May 7, 2013
Page 2

on their video recordings and I intend to show them (and the Court and counsel) short excerpts of their recordings prior to cross examining them.

2. **Ano Pulchaski and Dr. Kimi Caswell**: I wrote Mr. Holcomb on Tuesday, April 30th and asked who one of his identified witnesses was – Ano Pulchaski. He told me on Friday, May 3rd that this information was "privileged." I learned yesterday that Ms. Pulchaski is an employee of Dr. Kimi Caswell. Her proffered testimony relates to the "found property" issue involved in the February 15, 2012 SPO enforcement. See City Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Second) at 14-15. Given this late identification of this witness and her proffered testimony, the City Defendants intend to call as a rebuttal witness Dr. Kimi Caswell.

3. **Stipulated Facts**: On April 30th, I asked Mr. Holcomb what he intended to do regarding his proposed "stipulation" on "evidence/testimony." I had not heard from him at all regarding "stipulated facts." Mr. Holcomb told me via email that he would try to get a list of proposed stipulated facts to me by May 2nd. On Friday, May 3rd, Brian Brazier sent me via email 139 proposed "stipulated facts." Frankly, I could not see agreeing to any of the proposed "stipulated facts" after reviewing the first sentence. I told Messrs. Holcomb and Brazier that I would try to come up with a proposed set of "stipulated facts" later on Friday. By 4:00 p.m. on Friday, after trying all day to come up with a revised version of Plaintiffs' "stipulated facts, however, I told Messrs. Holcomb and Brazier that I could not agree to their proposed "stipulated facts."

In an effort to streamline the presentation of the case at the hearing on May 17th, I will prepare a set of stipulated facts and circulate them to Messrs. Holcomb and Brazier by tomorrow afternoon (I am attending several meetings today and preparing other documents on other matters and assignments and do not realistically believe that I can get something to counsel before then).

4. **Dismissal of Messrs. Andrew Smith and Larry Santos**: I had asked Mr. Holcomb to stipulate to the dismissal with prejudice of Plaintiff Andrew Smith and Defendant Larry Santos. Mr. Holcomb said that he wanted to wait until the "dust settles" from the May 17th hearing before he decides to dismiss these two parties. Mr. Holcomb acknowledges and admits that based on the record and Mr. Santos's declaration, the Honolulu Police Department and Mr. Santos did not have any active role in the enforcement of the "stored property" ordinance so as to expose HPD or Mr. Santos to any liability in this case. I presented a stipulation to Mr. Holcomb for his review and signature. He has not agreed to streamline the case by dismissing these parties prior to the hearing. I told Mr. Holcomb that if I

The Honorable J. Michael Seabright
May 7, 2013
Page 3

am forced to have Mr. Santos appear at the hearing only to be told that he will not cross examine him, I will seeks fees and costs against him and his clients for this unnecessary expense and burden.

5. **Mr. Kenneth Shimizu**: I asked Mr. Holcomb whether he intends to cross examine Mr. Kenneth Shimizu at the May 17th hearing. I explained to Mr. Holcomb that Mr. Shimizu's direct examination declaration that was submitted in connection with the "Sanctions" motion, which was heard earlier this year, would be submitted as his direct testimony for the May 17th hearing. Under these circumstances, I did not think Mr. Holcomb would have a need to cross examine Mr. Shimizu, as he has already been presented to the Court on the events giving rise to the December 20th SPO enforcement action. Mr. Holcomb has not advised me one way or the other if he intends to cross examine Mr. Shimizu. I would like to prevent incurring unnecessary expenses or having the witness burdened unnecessarily if he is not going to be cross examined. Mr. Shimizu is no longer an employee of the City. Thus, he would have to take time off from his current position if he is required to appear "live" at the May 17th hearing.

I would hope that Mr. Holcomb will be in a position to tell me and the Court now whether he intends to cross-examine Mr. Shimizu. If Mr. Holcomb does not intend to cross examine Mr. Shimizu, then I will instruct Mr. Shimizu that he does not need to appear at the May 17th hearing.

I will make myself available for a status conference if the Court decides to hold one prior to the May 17th hearing date. I appreciate the Court's consideration and assistance.

Very truly yours,

ERNEST H. NOMURA
Deputy Corporation Counsel

EHN:ey

cc:   Richard L. Holcomb, Esq.
      Brian Brazier, Esq.