1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF HAWAII

 3
     DE-OCCUPY HONOLULU;           ) CIVIL NO. 12-00668JMS-KSC
 4   CATHERINE RUSSELL;            )
     CHRISTOPHER SMITH;            ) Honolulu, Hawaii
 5   ANDREW SMITH; MADORI          ) May 10, 2013
     RUMPUNGWORN; DOMINIC          ) 11:30 a.m.
 6   JAMES; AND JOHN DOES 1-50,    )
                                   )
 7              Plaintiffs,        )
                                   )
 8        vs.                      )
                                   ) STATUS CONFERENCE
 9   CITY AND COUNTY OF            )
     HONOLULU; WESTLEY CHUN,       )
10   in his personal and           )
     official capacity; TRISH      )
11   MORIKAWA, in her personal     )
     and official capacity;        )
12   LARRY SANTOS, in his          )
     personal and official         )
13   capacity; KEN SHIMIZU, in     )
     his personal and official     )
14   capacity; and JOHN DOES       )
     1-50,                         )
15                                 )
                Defendants.        )
16   _____)

17

18              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE J. MICHAEL SEABRIGHT,
19              UNITED STATES DISTRICT JUDGE

20

21   APPEARANCES:

22   For the Plaintiffs:     RICHARD L. HOLCOMB, ESQ.
                             BRIAN J. BRAZIER, ESQ.
23                           Holcomb Law, A Limited Liability
                              Law Corporation
24                           1136 Union Mall, Suite 808
                             Honolulu, Hawaii  96813
25
```

```
 1   APPEARANCES (Cont'd.):

 2

 3   For Defendants City        DONNA Y. L. LEONG, ESQ.
     and County of              Corporation Counsel
 4   Honolulu, Westley          ERNEST H. NOMURA, ESQ.
     Chun, and Trish            Deputy Corporation Counsel
 5   Morikawa:                  530 South King Street, Room 110
                                Honolulu, Hawaii  96813
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20   Official Court             Cynthia Fazio, CSR, RMR, CRR
     Reporter:                  United States District Court
21                              P.O. Box 50131
                                Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

```
 1   FRIDAY, MAY 10, 2013                                11:30 A.M.
 2        (The following proceedings were held in chambers:)
 3            THE CLERK:  Civil Number 12-00668, De-Occupy Honolulu,
 4   et al., versus City and County of Honolulu, et al.
 5            This hearing has been called for a status conference.
 6            Appearances for the record, please?
 7            MR. HOLCOMB:  Richard Holcomb here on behalf of the
 8   plaintiffs.
 9            MR. BRAZIER:  Brian Brazier on behalf of the
10   plaintiffs.
11            MR. NOMURA:  Good morning, Your Honor.  Ernest Nomura,
12   deputy corporation counsel, and Donna Leong, corporation
13   counsel, for the City defendants.
14            THE COURT:  Good morning to all of you.  Thank you for
15   coming.
16            I should start off by saying we started off the
17   record, by agreement of the parties, regarding the various
18   motions that are pending, including the Motion to Dismiss and
19   the preliminary injunction motion.  And we had a fairly
20   substantive discussion regarding the best course to go forward
21   in the case.
22            I had indicated a few of my preliminary views on the
23   Motion to Dismiss, one being that the Motion to Dismiss would
24   not be granted in whole.  Certainly not on the sufficiency of
25   the claims that Twombly/Iqbal claims.
```

1            There were a few matters that in the Motion to Dismiss
2   that I thought needed to be looked at a little more, including
3   punitive damages and the official, slash, personal capacity
4   claims.  And we had some discussion about that.
5            But I also indicated and my preliminary view is that I
6   did not believe that the statute -- or ordinance, excuse me, is
7   facially unconstitutional.  There may be an issue as to the
8   requirement that an individual pay to obtain the property back.
9   The parties agree that to the extent I do find that portion
10  unconstitutional, that that should just be excised out as
11  opposed to the entire ordinance following.  Meaning that the
12  statute or ordinance would stand facially leaving the as
13  applied challenge.  And I asked the parties to consider whether
14  it makes sense to go forward with an evidentiary hearing on the
15  as applied challenge given the fact that if I do find a
16  violation, the preliminary injunction would be rather limited
17  to the City complying with the ordinance and some of the
18  retrieval processes that we put in place earlier after the
19  sanctions hearing, which the City readily agreed to that in
20  that context.
21           And it was agreed that it would not be necessary to
22  have a preliminary injunction hearing.  That we could have a
23  stipulated preliminary injunction and order where the parties
24  would stipulate to preliminary injunction language, the same
25  language that already exists, without the City admitting any

1   liability, if you will.  But nonetheless it being a preliminary
2   injunction and order, stipulated preliminary injunction and
3   order and I would sign off on that and that would then carry
4   forward until the conclusion of the case.
5           We talked about the fact there are still damages
6   claims and other things to be litigated, but that may come by
7   way of summary judgment and/or trial down the road.
8           Does that accurately reflect what we stated earlier
9   and our agreements?
10          MR. HOLCOMB:  I think so, Your Honor.
11          MR. NOMURA:  Yes, it does, Your Honor.
12          THE COURT:  All right.  Is there anything I missed,
13  didn't state fully enough?
14          MR. NOMURA:  I think the only issue would be that
15  there will be arguments on the 17th on both the Motion to
16  Dismiss as well as the fee issue on the facial challenge.
17          THE COURT:  Right.  And no evidence is required.  So
18  the parties can stand down on preparing for the evidentiary
19  hearing.
20          There's also some discussion about this prevailing
21  party status.  I made it clear I'm not indicating one way or
22  the other what this means for that.  It's premature for me to
23  consider that.
24          MR. NOMURA:  Correct.
25          THE COURT:  Okay?  All right.  Thank you all.

```
 1              MR. NOMURA:  Thank you very much, Your Honor.
 2              MS. LEONG:  Thank you.
 3              MR. BRAZIER:  Thank you, Your Honor.
 4              MR. HOLCOMB:  Thank you, Your Honor.
 5              THE COURT:  Oh, and by Wednesday, by Wednesday, if
 6   either party wants to file anything further regarding what I
 7   stated was my concern regarding the part of the ordinance that
 8   requires payment essentially to retrieve the items, they can
 9   file that by Wednesday.  Under our rules that means midnight
10   Wednesday.  It can be simultaneous.  It's optional.  Let's do a
11   ten-page limit on that.
12              MR. NOMURA:  Fair enough.
13              THE COURT:  Okay.
14          (The proceedings concluded at 11:30 a.m.,
15   May 10, 2013.)
16
17
18
19
20
21
22
23
24
25
```

```
 1                    COURT REPORTER'S CERTIFICATE
 2
 3        I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 6 is
 6   a true, complete and correct transcript of the proceedings had
 7   in connection with the above-entitled matter.
 8
          DATED at Honolulu, Hawaii, May 14, 2013.
 9
10
11                       /s/ Cynthia Fazio
                      CYNTHIA FAZIO, CSR, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```