DEPARTMENT OF THE CORPORATION COUNSEL
# CITY AND COUNTY OF HONOLULU
530 SOUTH KING STREET, ROOM 110 * HONOLULU, HAWAII 96813
PHONE: (808) 768-5193 * FAX: (808) 768-5105 * INTERNET: www.honolulu.gov

LETTER

KIRK CALDWELL
MAYOR



DONNA Y. L. LEONG
CORPORATION COUNSEL

May 31, 2013

The Honorable J. Michael Seabright
Judge, United States District Court
District of Hawaii
300 Ala Moana Blvd., Room C435
Honolulu, Hawaii 96850

Your Honor:

    Re:    De-Occupy Honolulu, et al. v. City and County of Honolulu, et al.
              Civil No. CV12-00668 JMS-KSC

    Messrs. Holcomb and Brazier have been cooperative in working with me to finalize the Stipulation and Order, re: Motion for Preliminary Injunction. I am attaching a Word version of the most recent version that the parties have negotiated.

    The only sticking point is at Paragraph 1, which is the exact same language that the parties agreed to in December 2012 in connection with the Stipulation, re: Motion for Temporary Restraining Order. The City's position is that the words "at Thomas Square" remain in this Stipulation, as they were in the Stipulation, re: Motion for Temporary Restraining Order. Plaintiffs, on the other hand, want to delete this reference so that the scope of the Stipulation, re: Motion for Preliminary Injunction is applicable to the entire City and County of Honolulu and not just Thomas Square.

    Nothing has changed in terms of the allegations in the original, First, and Second Amended Complaints (except for the added allegation regarding the December 20, 2012 enforcement action at Thomas Square). Nothing has changed in terms of the TRO and Preliminary Injunction Motions in terms of Plaintiffs' as-applied challenges regarding SPO enforcement at Thomas Square. All events complained of and from which Plaintiffs have sought and continue to seek injunctive relief and damages are based at Thomas Square. The Stipulation and Order, re: Motion for Preliminary Injunction is being entered and is in lieu of the preliminary injunction motion in connection with Plaintiffs' as-applied challenges that are based solely on events occurring at Thomas Square. Thus, the City's position when the TRO stipulation was negotiated and entered and now is that

The Honorable J. Michael Seabright
May 31, 2013
Page 2

the Preliminary Injunction stipulation should only apply to the enforcement of the Stored Property ordinance at Thomas Square. No one has ever complained that the City has violated their rights in enforcing the SPO at any other location.

By seeking to expand the scope of the Stipulation, Plaintiffs would effectively obtain class-based relief and this has never been plead or argued in this case, and, more importantly, has never been requested in connection with the Motion for Preliminary Injunction.

The City, accordingly, cannot agree to the unilateral expansion of the Stipulation to locations outside of Thomas Square. Messrs. Holcomb and Brazier understand my position, as I understand theirs and have agreed to seek the Court's Solomonic assistance in resolving this log jam.

The City stands ready to work with Plaintiffs and the Court on this matter.

Very truly yours,

ERNEST H. NOMURA
Deputy Corporation Counsel

EHN:ey

Attachment

cc:  Richard Holcomb (w/attachment)
     Brian Brazier (w/attachment)

DEPARTMENT OF THE CORPORATION COUNSEL

DONNA Y. L. LEONG          3226-0
Corporation Counsel
ERNEST H. NOMURA           4829-0
DAWN D.M. SPURLIN          5559-0
LAURA YOSHIDA              6771-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone No. (808) 768-5120
E-Mail:     enomura@honolulu.gov
            dspurlin@honolulu.gov
            lyoshida@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
WESTLEY CHUN, and TRISH MORIKAWA

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; AND JOHN DOES 1-50,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50,<br><br>Defendants. | CIVIL NO. CV 12-00668 JMS-KSC<br><br>STIPULATION AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br>DATE:   May 17, 2013<br>TIME:   9:00 a.m.<br>JUDGE   J. Michael Seabright |

## STIPULATION AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION

The parties attended a status conference before the Honorable J. Michael Seabright on Friday, May 10, 2013, at 10:00 a.m. Richard L. Holcomb and Brian J. Brazier appeared on behalf of Plaintiffs DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; and DOMINIC JAMES ("Plaintiffs"). Donna Y.L. Leong, Corporation Counsel, and Ernest H. Nomura, Deputy Corporation Counsel, appeared on behalf of Defendants CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, and TRISH MORIKAWA ("City Defendants").

On May 17, 2013, a hearing was held on the City Defendants' Motion to Dismiss and on Plaintiffs' Motion for Preliminary Injunction. In light of the May 10th status conference, the parties agreed that the Stipulation re: Motion for Temporary Restraining Order and the parties' agreement as to the procedures implemented for the repossession of stored property (after the January 17, 2013 hearing on Plaintiffs' Motion for Sanctions) could be entered as a stipulation and order to preserve the status quo pending trial.

The parties and the Court agree to the entry of this Stipulation and Order regarding the Motion for Preliminary Injunction.

The parties stipulate as follows:

1. The City and all servants, employees, agents, and contractors will comply with Chapter 29, Article 19 of the Revised Ordinances of Honolulu, "Stored Property" ("SPO"). In addition, the City will comply with the following for enforcement of the SPO at Thomas Square:

   a. Property must be tagged with notice pursuant to Chapter 29, Article 19, or a sticker that references such notice, for a period of 24 hours before impoundment unless the property poses a threat to the health, safety, or welfare of the public; or interferes with the orderly management of City property, in which case, the property may be removed immediately. City personnel will provide an opportunity for Plaintiffs to immediately remedy the threat or interference prior to impoundment;

   b. No untagged tent or dwelling will be entered without a warrant. Plaintiffs acknowledge that there is no allegation that the City or any of the Defendants have entered an untagged tent or dwelling without a warrant;

   c. A person claiming ownership of a tent that has been tagged for impoundment will be provided an opportunity, before the tent is impounded, to remove all untagged contents of the tent. Property retrieved by the person claiming ownership of the tent and removed from public property will not be impounded;

d. Members of the public may be excluded from the area within which tagged property is being impounded; the exclusion area may extend up to 10' from the property to be impounded. A person claiming ownership of a tent to be impounded will be permitted to enter the exclusion area for the purpose of removing the property from within the tent. Members of the public including property owners will be permitted to videotape or photograph the actions of the Defendants, their servants, employees, agents, and contractors so long as the videographer or photographer does so peaceably from outside the exclusion area.

e. All impounded property will be placed in numbered bins;

f. Reasonable care will be exercised to prevent the destruction and/or damage of impounded property;

g. At the time of the impoundment, an impoundment notification will be left in the place from which the property was impounded. This notice will specifically identify the property impounded and provide a bin number in which the impounded property is or was stored;

h. Tagged property left on public property for more than 24 hours and unclaimed contents of tagged property will be impounded. Impounded property will be stored at a facility in or near Halawa. At the time that a person produces an impoundment notification with the specified bin

number and attests to ownership of the property, all property related to that impoundment notification will be returned to the person immediately. Production of receipts or identification will not be required for the return of the property;

    i. No property, tagged or untagged, will be destroyed until such time as the person claiming ownership has been provided a meaningful opportunity to reclaim the property within 30 days after impoundment. Any impounded property of a perishable nature may be disposed of immediately in any manner without notice after impoundment by the City. Property may be disposed of if not retrieved from storage within 30 days after impoundment.

    2. Plaintiffs will not erect any immovable structures, even those expressing speech protected by the First Amendment. Movable objects used to express protected speech are subject to the same impoundment provisions as listed above, insofar as those objects are not excepted by Chapter 29, Article 19 of the Revised Ordinances of Honolulu. Plaintiffs will not materially expand the storage of property at Thomas Square.

    3. During regular business hours (Monday through Friday, 7:00 a.m. - 3:30 p.m.), the Department of Facility Maintenance ("DFM"), Road Maintenance Administration at Halawa, shall answer telephone calls

regarding repossession of stored property by a "live" person. All calls shall be referred to the following persons in the following order depending on his/her availability: Mr. Tyler K. Sugihara, RE. (Chief, Road Division), Ms. Trudy Okazaki, Mr. Lan Yoneda (Assistant Chief, Road Division).

4. DFM has set up a dedicated telephone number for all SPO related telephone calls. This dedicated telephone number is intended to separate SPO phone calls from other phone calls received by the reception staff and will take recorded voice mail messages after regular business hours from persons who seek repossession of stored personal property. The caller will be directed to leave his/her name, contact number, "Removal and Disposal Notice" "tag" number, and a general description of the personal property impounded being stored at the Halawa Corp Yard.

5. Persons who seek repossession of personal property and who provide DFM with his/her name, contact number, "Removal and Disposal Notice" "tag" number, and a general description of the personal property impounded and being stored at the Halawa Corp Yard (by a "live" telephone conversation or by leaving a voice mail message after regular business hours), may pick up his/her personal property at 10:00 a.m. (or at a mutually convenient time between 8:00 a.m. and 2:30 p.m. during normal City business workdays) one (1) business day after his/her telephone call

or telephone voice mail message. The parties understand and agree that if the telephone call was made after 2:30 p.m., the pick up time may be two (2) business days after the telephone call.

6. Plaintiffs will not hold City liable for any injuries resulting from a third party accident.

7. By entering into this Stipulation, Re: Motion for Preliminary Injunction, the City does not admit to any liability regarding any of the allegations set forth in the Second Amended Complaint or any of the allegations set forth in the Motion for Preliminary Injunction, nor does the City admit that this stipulation materially changes the City's practices and procedures in effect when Plaintiffs filed the complaint. The parties expressly agree and understand this voluntary stipulation and order is not a finding or ruling on the merits of Plaintiffs' Motion for Preliminary Injunction. Further, the parties understand and agree that the Court is not making any finding or ruling one way or the other as to "prevailing party" status, as it is premature to make any such finding or ruling.

\\

\\

\\

\\

8. The parties understand and agree that this Stipulation shall only apply to the application and enforcement of the SPO.

DATED: Honolulu, Hawaii, _____.

                                                    _____
                                                    RICHARD L. HOLCOMB
                                                    BRIAN J. BRAZIER
                                                    Attorneys for Plaintiffs

                                                    DONNA Y.L. LEONG
                                                    Corporation Counsel


                                                  _____
                                                    ERNEST H. NOMURA
                                                    DAWN D.M. SPURLIN
                                                    LAURA YOSHIDA
                                                    Deputies Corporation Counsel

                                                    Attorneys for Defendants
                                                    CITY AND COUNTY OF HONOLULU,
                                                    WESTLEY CHUN, and TRISH
                                                    MORIKAWA


APPROVED AND ORDERED.

DATED: Honolulu, Hawaii, _____.

                                                    _____
                                                    J. Michael Seabright
                                                    United States District Judge

---

De-Occupy Honolulu, et al. v. City and County of Honolulu, et al., Civil No. 12-00668 JMS KSC; Stipulation Re: Motion for Preliminary Injunction; Order