DEPARTMENT OF THE CORPORATION COUNSEL

DONNA Y. L. LEONG            3226-0
Corporation Counsel
ERNEST H. NOMURA             4829-0
DAWN D.M. SPURLIN            5559-0
LAURA YOSHIDA                6771-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No. (808) 768-5120
E-Mail:   enomura@honolulu.gov
          dspurlin@honolulu.gov
          lyoshida@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
WESTLEY CHUN, and TRISH MORIKAWA

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; AND JOHN DOES 1-50,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50,<br><br>　　　　Defendants. | CIVIL NO. CV 12-00668 JMS-KSC<br><br>STIPULATION AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br>DATE:　May 17, 2013<br>TIME:　9:00 a.m.<br>JUDGE　J. Michael Seabright |

## STIPULATION AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION

The parties attended a status conference before the Honorable J. Michael Seabright on Friday, May 10, 2013, at 10:00 a.m.  Richard L. Holcomb and Brian J. Brazier appeared on behalf of Plaintiffs DE-OCCUPY HONOLULU, CATHERINE RUSSELL, CHRISTOPHER SMITH, ANDREW SMITH, MADORI RUMPUNGWORN, and DOMINIC JAMES ("Plaintiffs"). Donna Y. L. Leong, Corporation Counsel, and Ernest H. Nomura, Deputy Corporation Counsel, appeared on behalf of Defendants CITY AND COUNTY OF HONOLULU, WESTLEY CHUN, and TRISH MORIKAWA ("City Defendants").

On May 17, 2013, a hearing was held on the City Defendants' Motion to Dismiss and on Plaintiffs' Motion for Preliminary Injunction.  In light of the May 10th status conference, the parties agreed that the Stipulation re: Motion for Temporary Restraining Order and the parties' agreement as to the procedures implemented for the repossession of stored property (after the January 17, 2013 hearing on Plaintiffs' Motion for Sanctions) could be entered as a stipulation and order to preserve the status quo pending trial.

The parties and the Court agree to the entry of this Stipulation and Order regarding the Motion for Preliminary Injunction.

The parties stipulate as follows:

1.  The City and all servants, employees, agents, and contractors will comply with Chapter 29, Article 19 of the Revised Ordinances of Honolulu, "Stored Property" ("SPO").  The parties understand and agree that this Stipulation is intended to be applied only to the named Plaintiffs in this case and members of De-Occupy Honolulu as of the date of the hearing of Plaintiffs' Motion for Preliminary Injunction, May 17, 2013.

    a.  Property must be tagged with notice pursuant to Chapter 29, Article 19, or a sticker that references such notice, for a period of 24 hours before impoundment unless the property poses a threat to the health, safety, or welfare of the public; or interferes with the orderly management of City property; or remains in a public park after park closure hours, in which case, the property may be removed immediately.  City personnel will provide an opportunity for Plaintiffs to immediately remedy the threat or interference prior to impoundment;

    b.  No untagged tent or dwelling will be entered without a warrant. Plaintiffs acknowledge that there is no allegation that the City Defendants or any of the Defendants have entered an untagged tent or dwelling without a warrant;

c. A person claiming ownership of a tent that has been tagged for impoundment will be provided an opportunity, before the tent is impounded, to remove all untagged contents of the tent.  Property retrieved by the person claiming ownership of the tent and removed from public property will not be impounded;

d. Members of the public may be excluded from the area within which tagged property is being impounded; the exclusion area may extend up to 10' from the property to be impounded, as deemed practicable by the Department of Facility Maintenance ("DFM") personnel to the safe or orderly management of impoundment operations at the given location.  A person claiming ownership of a tent to be impounded will be permitted to enter the exclusion area for the purpose of removing the property from within the tent.  Members of the public including property owners will be permitted to videotape or photograph the actions of the City Defendants, their servants, employees, agents, and contractors so long as the videographer or photographer does so peaceably from outside the exclusion area.

e. All impounded property will be placed in numbered bins;

f. Reasonable care will be exercised to prevent the destruction and/or damage of impounded property;

  g.  At the time of the impoundment, an impoundment notification will be left in the place from which the property was impounded.  This notice will specifically identify the property impounded and provide a bin number in which the impounded property is or was stored;

  h.  Tagged property left on public property for more than 24 hours and unclaimed contents of tagged property will be impounded.  Impounded property will be stored at a facility in or near Halawa.  At the time that a person produces an impoundment notification with the specified bin number and attests to ownership of the property, all property related to that impoundment notification will be returned to the person immediately.  Production of receipts or identification will not be required for the return of the property;

  i.  No property, tagged or untagged, will be destroyed until such time as the person claiming ownership has been provided a meaningful opportunity to reclaim the property within 30 days after impoundment.  Any impounded property of a perishable nature may be disposed of immediately in any manner without notice after impoundment by the City.  Property may be disposed of if not retrieved from storage within 30 days after impoundment.

  2. Plaintiffs will not erect any immovable structures, even those expressing speech protected by the First Amendment. Movable objects used to express protected speech are subject to the same impoundment provisions as listed above, insofar as those objects are not excepted by Chapter 29, Article 19 of the Revised Ordinances of Honolulu. Plaintiffs will not materially expand the storage of property at Thomas Square or any other location.

  3. During regular business hours (Monday through Friday, 7:00 a.m. - 3:30 p.m.), DFM Road Maintenance Administration at Halawa, shall answer telephone calls regarding repossession of stored property by a "live" person. All calls shall be referred to the following persons in the following order depending on his/her availability: Mr. Tyler K. Sugihara, RE. (Chief, Road Division), Ms. Trudy Okazaki, Mr. Lan Yoneda (Assistant Chief, Road Division).

  4. DFM has set up a dedicated telephone number for all SPO related telephone calls. This dedicated telephone number is intended to separate SPO phone calls from other phone calls received by the reception staff and will take recorded voice mail messages after regular business hours from persons who seek repossession of stored personal property. The caller will be directed to leave his/her name, contact number, "Removal and Disposal

Notice" "tag" number, and a general description of the personal property impounded being stored at the Halawa Corp Yard.

    5.  Persons who seek repossession of personal property and who provide DFM with his/her name, contact number, "Removal and Disposal Notice" "tag" number, and a general description of the personal property impounded and being stored at the Halawa Corp Yard (by a "live" telephone conversation or by leaving a voice mail message after regular business hours), may pick up his/her personal property at 10:00 a.m. (or at a mutually convenient time between 8:00 a.m. and 2:30 p.m. during normal City business workdays) one (1) business day after his/her telephone call or telephone voice mail message.  The parties understand and agree that if the telephone call was made after 2:30 p.m., the pick up time may be two (2) business days after the telephone call.

    6.  Plaintiffs will not hold City liable for any injuries resulting from a third party accident.

    7.  By entering into this Stipulation, Re: Motion for Preliminary Injunction, the City does not admit to any liability regarding any of the allegations set forth in the Second Amended Complaint or any of the allegations set forth in the Motion for Preliminary Injunction, nor does the City admit that this stipulation materially changes the City's practices and

<pre>
</pre>

procedures in effect when Plaintiffs filed the complaint, which Plaintiffs dispute.  The parties expressly agree and understand this voluntary stipulation and order is not a finding or ruling on the merits of Plaintiffs' Motion for Preliminary Injunction.  Further, the parties understand and agree that the Court is not making any finding or ruling one way or the other as to "prevailing party" status, as it is premature to make any such finding or ruling.

///

///

///

///

///

///

///

///

///

///

///

///

8. The parties understand and agree that this Stipulation shall only apply to the application and enforcement of the SPO.

DATED: Honolulu, Hawaii, June 6, 2013.

*/s/ Richard L. Holcomb*

RICHARD L. HOLCOMB
BRIAN J. BRAZIER
Attorneys for Plaintiffs

DONNA Y.L. LEONG
Corporation Counsel

*/s/ Ernest H. Nomura*

ERNEST H. NOMURA
DAWN D.M. SPURLIN
LAURA YOSHIDA
Deputies Corporation Counsel

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU, WESTLEY CHUN, and TRISH MORIKAWA

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2013.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```