# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Andrew Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>             Plaintiffs,<br>vs.<br><br>City and County of Honolulu;<br>Westley Chun, in his personal and<br>official capacity;<br>Trish Morikawa, in her personal and<br>official capacity;<br>Larry Santos, in his personal and official<br>capacity;<br>Ken Shimizu, in his personal and<br>official capacity; and<br>John Does 1-50 in their personal and<br>official capacities.<br><br>             Defendants. | CASE NO.  1:12-cv-000668<br><br><br>DECLARATION OF BRIAN<br>BRAZIER IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR<br>SUMMARY JUDGMENT OR, IN<br>THE ALTERNATIVE, SUMMARY<br>ADJUDICATION |

**DECLARATION OF BRIAN BRAZIER**

1.      My name is Brian Brazier, counsel for Plaintiffs in the above-captioned case.

2.      Everything within this declaration is asserted based on my personal knowledge or on information and belief as stated herein.

3.      On November 6, 2013, I caused to be served on the defense counsel the following discovery documents: PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ADMISSIONS FROM DEFENDANT KEN SHIMIZU; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ADMISSIONS FROM DEFENDANT TRISH MORIKAWA; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ADMISSIONS FROM DEFENDANT WESTLEY CHUN; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ADMISSIONS FROM DEFENDANT CITY AND COUNTY OF HONOLULU; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ANSWERS TO SPECIAL INTERROGATORIES TO DEFENDANT KEN SHIMIZU; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ANSWERS TO SPECIAL INTERROGATORIES TO DEFENDANT TRISH MORIKAWA; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST

REQUEST FOR ANSWERS TO SPECIAL INTERROGATORIES TO DEFENDANT WESTLEY CHUN; PLAINTIFF DE-OCCUPY HONOLULU'S FIRST REQUEST FOR ANSWERS TO SPECIAL INTERROGATORIES TO DEFENDANT CITY AND COUNTY OF HONOLUL.U

4. It is my belief that the first responses arrived on or about January 8, 2014. These answers only pertained to Defendant Westley Chun and arrived after Mr. Chun had already been deposed on the only date that defense counsel would make him available due to his deployment to Afghanistan.

5. It is my belief that the answers to the discovery directed at Trish Morikawa were served on January 9, 2014.

6. It is my belief that the discovery documents directed at the City and County of Honolulu have never been answered. I have reviewed my email and paper correspondence and have no record of these documents ever being served.

7. Mr. Holcomb and I have repeatedly discussed these discovery issues with defense counsel in order to obtain the discovery to which we are entitled. These conversations have taken place by email, text message, telephone, and in person. Defense counsel has consistently maintained that

he knew the responses were late, and that answers would be "forthcoming," but never provided a date.

8. Defense counsel has never requested a discovery extension either from Plaintiffs' counsel or from this Court.

9. When Plaintiffs' written discovery responses were due, (prior to the due date) I specifically received from opposing counsel a less than one week extension on Plaintiffs' responses.

10. Defense counsel has also caused numerous discovery delays in other respects as well. On three separate occasions, defense counsel has cancelled Plaintiff Russell and Plantiff DeOccupy Honolulu's 30(b)6 depositions on extremely short notice. On 11/7/2013 Defendants issued a deposition notice for Ms. Russell individually and for DeOccupy Honolulu's 30(b)6 designee (which is Ms. Russell). They were scheduled for 11/22/13 and 12/5 respectively. Late in the afternoon of 11/21/13, Defendants' counsel cancelled the deposition scheduled for the following day. On December 3, 2013, Defendants' counsel, after consultation with Plaintiffs, agreed to conduct both depositions on 12/12/13, continuing on 12/13/13 if necessary. Although the 12/12/13 deposition went forward, Defendants' counsel was only able to complete a portion of Ms. Russell's individual deposition. On 12/12/13, Defendants' counsel indicated that he would be unable to either

complete Ms. Russell's deposition or conduct the 30(b)6 deposition the following day, as the parties had agreed. On 1/30/14, Defendants' counsel again noticed both depositions, this time for February 6, 2014. Again, mere days before those depositions were scheduled to go forward, Defendants' counsel cancelled those depositions. Although I have provided additional dates, neither has been rescheduled.

    I, Brian Brazier, do declare under penalty of law that the fore-going is true and correct.

    DATED: Honolulu, Hawaii, April 16, 2014.

                                      */s/ Brian Brazier*
                                       Brian Brazier