UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; AND JOHN DOES 1-50, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50, <br><br> Defendants. | CIVIL NO. CV12-00668 JMS-KSC <br><br> DECLARATION OF ERNEST H. NOMURA |

## DECLARATION OF ERNEST H. NOMURA

ERNEST H. NOMURA declares as follows:

1. I am a Deputy Corporation Counsel and am one of the attorneys representing the City and County of Honolulu, Westley Chun,

Trish Morikawa, and Kenneth Shimizu in the above-entitled matter. I make this declaration based on personal knowledge, unless otherwise indicated.

2. Attached as Exhibits "A" – "E" to the City Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and/or Summary Adjudication are the City Defendants' responses to Plaintiffs' request for admissions. Exhibit "E" indicates that the City's responses to the admissions request were served on Plaintiffs' counsel on January 17, 2014.

3. Plaintiffs served over on the City Defendants 388 requests for admissions and a first set of interrogatories on each defendant in November 2013.

4. Several weeks of informal and amicable discussions between the parties involving creative solutions to address Plaintiffs' concerns underlying their social protests preceded formal discovery between the parties. Richard Holcomb, lead counsel for Plaintiffs, took the month of September 2013 off to attend a trial advocacy workshop in Wyoming. No pressing deadlines were imminent. The parties were working together in stipulating to move certain deadlines, such as the substantive motions cut off date. It is in this somewhat relaxed and flexible context that the City

Defendants' counsel was served with eight sets of written discovery requests.

5. During December 2013, while the parties were working on calendaring and scheduling depositions, the due date for the City Defendants' responses to the admissions passed, frankly, unnoticed, without either party being all too concerned about the inadvertently missed deadline. The intervening Christmas and New Year's holidays and end-of-the year "crunch" certainly did not cause either party to press the issue. Indeed, on December 30, 2013, the issue of the City Defendants' responses to the written discovery requests first came up in an email between counsel.

6. Attached hereto as Exhibit "A" is a true and correct copy of an electronic mail that I received from Mr. Holcomb on December 30, 2013.

7. On December 30, 2013, Mr. Holcomb and Mr. Brian Braizer (Mr. Holcomb's co-counsel) failed to attend the Rule 16 scheduling conference in the related "Thomas Square" case and sent me an email that said that he wanted to speak to me about several issues, including the City Defendants' written discovery responses. In reply to this email, I told Mr. Holcomb that the discovery responses were "forthcoming." Attached hereto as Exhibit "B" is a true and correct copy of my reply electronic mail

3

to Mr. Holcomb. There did not appear to be any urgency in receiving the City Defendants' responses or any indication that Mr. Holcomb was now strategically attempting to use the "lateness" of the City Defendants' responses to his opportunistic advantage, as opposed to being flexible and amenable to an extended, reasonably open-ended response deadline.

8. Mr. Chun's responses to the discovery requests were served on counsel on January 8, 2014. Ms. Morikawa's responses were served on January 9, 2014. The City's responses were served on January 13, 2014, and Mr. Shimizu's on January 14, 2014.

9. The City Defendants have always made all of the individual defendants available for oral depositions upon at least 24 hour prior notice (barring any calendar conflicts). Mr. Chun's deposition had to be scheduled carefully to take his current employment travel schedule into consideration, as he is required to fly between Kabul, Afghanistan and Honolulu frequently. Mr. Holcomb decided to end Mr. Chun's deposition early after only taking approximately four (4) of the seven (7) hours that were set aside for his deposition. Mr. Holcomb decided to call off Ms. Morikawa's deposition, despite being made available. Mr. Holcomb decided not to even notice Mr. Shimizu's deposition at all.

10. I believed that given my professional and mutually courteous relationship with Messrs. Holcomb and Braizer during the relevant time period and the absence of any correspondence or telephone call from them regarding the deadline to respond to the written discovery requests, this was a reflection of the extended, reasonably open-ended response deadline to the discovery requests. Indeed, I was very surprised when Messrs. Holcomb and Braizer finally told me that they were taking the position that the City Defendants' responses were "untimely" and that they were going to be using the "untimeliness" as the basis of "deeming" the admissions against the City Defendants. They never explained to me how they were prejudiced by the "late" responses. They never explained to me that they could not complete depositions or conduct other discovery or prepare their case for trial because of the City Defendants' "late" discovery responses. Discovery cutoff in this case is several months away. Trial is set for September 2014.

11. Being accused that I was inflexible and had insisted that Mr. Braizer serve me with his clients' responses to the City Defendants' discovery requests is without merit. I was traveling to Atlanta, Georgia for depositions in another case at the time Plaintiffs' responses were due. When Mr. Braizer asked if he could have additional time, I was physically

5

not in my office to even receive them. In fact, when I received his text message that requested additional time, I literally walked into my hotel room after the flight from Honolulu to Atlanta. It makes absolutely no sense to accuse me that I insisted on receiving Plaintiffs' responses by a date certain when I was not even in Honolulu to receive and review them. Frankly, I did not care if Mr. Brazier needed more time, as I was in the middle of several cases, including the federal court case involving the City and the gambling devices.

12. In fact, throughout the time that depositions were being taken in the instant case in December 2013 and January 2014, the gambling device case was constantly "on fire" and I had to set aside my attention in the Thomas Square case (and Plaintiff Russell's deposition) because the gambling device case "fires" kept me extremely occupied throughout the end of 2013 and the first quarter of 2014.

DATED: Honolulu, Hawaii, May 7, 2014.

/s/ Ernest H. Nomura
ERNEST H. NOMURA