IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; and JOHN DOES 1-50; | ) ) ) ) ) ) ) ) | CIVIL NO. 12-00668 JMS-KSC ORDER STRIKING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, DOC. NO. 173, WITHOUT PREJUDICE TO REFILING |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

**ORDER STRIKING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT, DOC. NO. 173, WITHOUT PREJUDICE TO REFILING**

On April 16, 2014, Plaintiffs De-Occupy Honolulu, Catherine Russell,

Christopher Smith, Andrew Smith, Madori Rumpungworn, and Dominic James

("Plaintiffs") filed their Motion for Summary Judgment, Doc. No. 173. Plaintiffs

attempted to meet their burden of "identifying those portions of the pleadings and

discovery responses that demonstrate the absence of a genuine issue of material

fact," *see Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), by submitting

deposition transcripts, discovery responses, attorney declarations, and fourteen

videos containing over seven hours of content.  Whether attributable to lack of

experience or simple carelessness, Plaintiffs' submission of evidence contains

several glaring problems preventing Plaintiffs from establishing the lack of a

genuine issue of material fact in support of their claims.  The court therefore

STRIKES Plaintiffs' Motion, without prejudice to refiling to correct the following

problems.

Most importantly, nowhere do Plaintiffs authenticate their evidence.

As *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir.

1990) explains:

> It is well established that unauthenticated documents
> cannot be considered on a motion for summary judgment.
> *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925
> (9th Cir. 1987).  To be considered by the court,
> "documents must be authenticated by and attached to an
> affidavit that meets the requirements of [Rule 56(c)(4)]
> and the affiant must be a person through whom the
> exhibits could be admitted into evidence." *Id*.; *see also*
> 10A C. Wright, A. Miller, & M. Kane, Federal Practice
> & Procedure § 2722 at 58-60 (2d ed. 1983).  A document
> which lacks a proper foundation to authenticate it cannot
> be used to support a motion for summary judgment.

> *Canada*, 831 F.2d at 925; *Hamilton v. Keystone Tankship*
> *Corp.*, 539 F.2d 684, 686 (9th Cir. 1976); *United States*
> *v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970).

*Id.* at 1550-51; *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th

Cir. 2011) ("[U]nauthenticated documents cannot be considered in a motion for

summary judgment." (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773

(9th Cir. 2002))).  Plaintiffs' lack of an affidavit authenticating the evidence is the

functional equivalent of Plaintiffs failing to submit any evidence whatsoever in

support of their Motion.

Beyond their failure to authenticate their evidence, Plaintiffs have

given the court little help in understanding the content of Plaintiffs' evidence,

which is presented in a haphazard manner.  For example:

- Nowhere do Plaintiffs provide any explanation of the videos (*i.e.*, their date, author, what they purport to depict, etc.).

- The videos contain over seven hours of content, yet Plaintiffs rarely cite to the particular time point in a video that is relevant.

- Plaintiffs submit evidence that is not cited in their Motion.

- Plaintiffs submit full deposition transcripts, even though only certain pages are referenced.

- Rather than simply labeling all of the evidence as exhibits in sequential

order, Plaintiffs refer to the deposition transcripts and discovery responses

by name, and use exhibit numbers for the videos only.

These issues make it extremely difficult for the court to determine whether the

evidence supports Plaintiffs' recitation of facts.  The court will not organize

Plaintiffs' evidence -- as stated colorfully by one court, courts are not "like pigs,

hunting for truffles [in the record]." *United States v. Dunkel*, 927 F.2d 955, 956

(7th Cir. 1991).

Finally, Plaintiffs' Concise Statement of Facts only exacerbates these

problems.  The purpose of a Concise Statement is for Plaintiffs to set forth "each

material fact as to which the moving party contends that there are no genuine

issues to be tried that are essential for the court's determination of the summary

judgment motion."  Local Rule 56.1(a).  Then, in response, the opposing party

must include its own Concise Statement "that admits or disputes the facts set forth

in the moving party's concise statement, as well as sets forth all material facts as to

which it is contended there exists a genuine issue necessary to be litigated."  Local

Rule 56.1(b).  Ordinarily, parties list each fact in their Concise Statement in

numbered paragraph form.  *See, e.g.*, Doc. No. 175, Defs.' Concise Statement of

Facts.  That way, the opposing party can easily respond to these facts and the court

can easily discern what facts are truly in dispute.  Although the Local Rules do not

outline a particular format for a Concise Statement, this court has never seen a

Concise Statement, submitted by a party represented by counsel (indeed, Plaintiffs

have *three* counsel), such as Plaintiffs' Concise Statement where the facts are

jumbled together in paragraph form.  Plaintiffs' format -- which reads more like a

factual background in a brief than a Concise Statement -- is completely unhelpful

to both the court and Defendants.

For these reasons, the court STRIKES Plaintiffs' Motion for Summary

Judgment, without prejudice to Plaintiffs refiling their Motion to address these

problems.  Because Plaintiffs' Motion for Summary Judgment is based in large

part on Defendants' failure to provide timely discovery responses, and currently

pending before the court is Defendants' Motion to Withdraw "Deemed

Admissions," the court will set a deadline for Plaintiffs to refile their

Motion for Summary Judgment after determining the Motion to Withdraw

"Deemed Admissions."  Plaintiffs are cautioned that should they choose to refile

///

///

///

///

///

their Motion for Summary Judgment, they must read and comply with both Federal

Rule of Civil Procedure 56 and Local Rule 56.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 12, 2014.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*De-Occupy Honolulu et al. v. City & Cnty. of Honolulu, et al.*, Civ. No. 12-00668 JMS-KSC, Order Striking Plaintiffs' Motion for Summary Judgment, Doc. No. 173, Without Prejudice to Refiling