## RELEASE, INDEMNIFICATION AND SETTLEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

This Release, Indemnification and Settlement Agreement ("Agreement") memorializes the settlement of the claims of RELEASORS De-Occupy Honolulu, Catherine Russell, Madori Rumpungworn, Christopher Smith, and Dominic James as set forth in the Third Amended Complaint filed in the United States District Court for the District of Hawaii styled <u>De-Occupy of Honolulu, et al. v. City and County of Honolulu, et al.</u>, Civil No. 1:12-CV-00668 JMS/KSC ("Lawsuit").

The undersigned parties to this document agree as follows:

1. This document is a Release, Indemnification and Settlement Agreement (hereinafter, "Agreement").

2. <u>Named Party, PLAINTIFFS/RELEASOR</u>. The persons/entity named below shall be hereinafter referred to as "RELEASOR":

>De-Occupy Honolulu
>Catherine Russell
>Madori Rumpungworn
>Christopher Smith
>Dominic James

3. <u>Named Party, DEFENDANT/RELEASEE</u>. The entity named below shall be referred to as "RELEASEE":

>City and County of Honolulu

The RELEASOR and RELEASEE identified above shall be referred to herein collectively, as the "Named Parties".

4. Definition of Terms.

a. <u>RELEASOR and RELEASEES</u>. Unless otherwise expressly stated in this Agreement, the terms "RELEASOR" and "RELEASEE", shall MEAN and be deemed to INCLUDE all of the following: the Named Parties and their respective past, present and future officers, directors, shareholders, officials, members, owners, general partners, limited partners, joint venturers, principals, employees, agents, managing agents, experts, attorneys, parent companies, subsidiaries, spouses, heirs, devisees, executors, administrators, trustees, beneficiaries, receivers, guardians, insurers, reinsurers, sureties, subrogees, representatives, successors, and assigns; and all persons, corporations, partnerships, companies or entities claiming by, through, or under any of the named parties.

If there is more than one named person or party as RELEASOR or RELEASEE, then the terms "RELEASOR" and "RELEASEE" in this Agreement shall MEAN and be deemed to INCLUDE the named parties individually, singly, collectively, severally, jointly and jointly and severally.

This Agreement does not apply to any parties not expressly named or defined in Paragraphs 2, 3, or 4.

b. <u>Number</u>. In this Agreement, the singular shall include the plural, and the plural shall include the singular as the case may be.

c. <u>Gender</u>. In this Agreement, the use of any one gender shall include all genders.

d. <u>Captions or Headings</u>. In this Agreement, the captions or headings of paragraphs and subparagraphs are inserted for convenience, reference, and identification purposes only, and shall neither control, define limit nor affect any provision of this Agreement.

5. <u>Consideration</u>.

a. <u>Payment to RELEASOR</u>. Within 45 calendar days of the execution of this Agreement by RELEASOR, RELEASEE shall pay a total of **ONE THOUSAND DOLLARS ($1,000)** by check made payable to Holcomb Law, LLLC IOLTA Trust Account. It shall be the sole responsibility of Holcomb Law, LLLC to disburse the funds, and RELEASEE shall not be liable for any claim arising out of or related to the disbursement to any of the RELEASOR by Holcomb Law, LLLC. RELEASOR agrees that the funds will be disbursed as follows:

$36.65 to Madori Rumpungworn

$121.67 to Christopher Smith

$20 to Dominic James

$754.26 to Catherine Russell

$67.42 to De-Occupy Honolulu

RELEASOR understands and agrees that RELEASEE makes no representations or warranties, and expresses no opinion whatsoever as to the disbursement of the settlement funds and the amounts disbursed to any of the individuals identified above, and that the distribution of the settlement fund amongst the individuals identified above and the determination of amounts thereto are made without any involvement of RELEASEE.

b. <u>Return of Stored Property</u>. RELEASEE shall coordinate with RELEASOR to arrange for a mutually convenient date and time to allow RELEASOR to

retrieve any and all items stored in storage bins and held at the Halawa Corp Yard, as follows: RELEASOR shall present the "Stored Property Ordinance" ("SPO") notices ("Tags") to RELEASSE's personnel at the Halawa Corp Yard on the designated return date. The parties understand and agree that only Tags that were posted at Thomas Square during SPO enforcement actions are subject to this Agreement. To the extent that storage bins with the presented Tags are still stored at the Halawa Yard, those bins will be retrieved by RELEASEE's personnel and the contents therein shall be returned to RELEASOR. RELEASOR understands and agrees that the entire contents therein shall be returned to RELEASOR. RELEASOR understands and agrees that the entire contents in each storage bin shall be received and removed from the Halawa Corp Yard by RELEASOR within a reasonable time on the designated return date. RELEASEE makes no representations or warranties as to the condition of any of the contents in the storage bins returned to RELEASOR. RELEASOR shall release and hold RELEASEE harmless and shall not hold RELEASEE liable for any damaged or missing items for any of the stored property identified on any Tag presented to RELEASEE. RELEASOR shall release and hold RELEASEE harmless and shall not hold RELEASEE liable for claims arising out of or related to any stored property returned to RELEASOR that may be claimed by another individual who asserts ownership of the returned property.

      6.    <u>Release</u>.    For and in consideration of the payment set forth in Paragraph 5 above, and with the exception of Paragraphs 8 and 9, below, RELEASOR hereby releases, remises and forever discharges RELEASEE from, and on account of, any and all claims, actions, causes of action, claims for relief, liabilities, demands, damages, injuries, and/or losses that have been alleged in the Lawsuit.

      7.    <u>No Admission of Liability</u>. RELEASOR agrees and acknowledges that neither this Agreement, nor the fact of settlement, nor the settlement negotiations, nor the payment and/or receipt of the consideration shall be deemed or construed in any case, action, proceeding, or other legal event in any court, tribunal, administrative agency or other adjudicative body as evidence of an admission, concession, presumption, or inference of any fault, wrongdoing, negligence, willful misconduct, intentional misconduct, liability, violation of the United States Constitution, the Constitution of the State of Hawaii, any penal statute or ordinance, state and/or federal law, statute, rule, regulation, or fault of any kind whatsoever, by RELEASEE, and/or any other person or entity whatsoever, but shall be construed strictly as a compromise of contested claims.

      The parties understand, however, that the United States District Court for the District of Hawaii and/or the United States Court of Appeals for the Ninth Circuit may consider the fact of settlement, settlement negotiations, payment and/or receipt of consideration and other terms of this Agreement to determine "prevailing party" status for purposes of Paragraph 8 below.

      8.    <u>Attorneys' Fees</u>. RELEASOR and RELEASEE acknowledge and agree that Plaintiffs may seek attorneys' fees and costs pursuant to applicable law and rules governing the seeking of attorney's fees and costs. Pursuant to the rules and applicable law, the City may dispute both the entitlement to and amount of fees and costs requested. The court will decide the

entitlement to and amount of fees awarded, if any. Either party retains the right to object to and/or appeal such awards pursuant to applicable law.

      9.      <u>Dismissal of Individual Defendants</u>. Consistent with, in consideration of, and prior to the execution of this Agreement, RELEASOR shall voluntarily dismiss individual Defendants Westley Chun, Trish Morikawa, and Kenneth Shimizu. Accordingly, only the City and County of Honolulu shall be the sole "RELEASEE" under this Agreement. Consistent with and upon the execution of this Agreement, RELEASOR shall file the voluntary dismissal of the City and County of Honolulu with the court.

      The parties agree that this dismissal is made in good faith pursuant to the settlement with the City and this agreement is intended to discharge the alleged joint tortfeasors as contemplated in Haw. Rev. Stat. § 663-15.5. In the event that a Petition for Good Faith Settlement Order is deemed necessary, RELEASOR shall cooperate and assist RELEASEE in filing a Petition for Good Faith Settlement Order pursuant to Act 300, 2001 Legislative Session, presently codified as Haw. Rev. Stat. § 663-15.5; and, in the event the court does not grant the Petition for a Good Faith Settlement Order or an appeal is taken from an order granting said petition, RELEASOR shall defend, indemnify and hold harmless RELEASEE from and on account of any claim, cross-claim or counterclaim, however designated, for equitable comparative contribution or partial or comparative indemnity which is or may be asserted against RELEASEE by any other joint tortfeasor or co-obligor.

      10.      <u>Payment of taxes, etc.</u> It shall be the sole responsibility of RELEASOR to pay all taxes and governmental assessments, if any, resulting from the payment of the aforementioned consideration. RELEASOR hereby agrees to indemnify and hold harmless RELEASEE, from any claim, audit, penalty or other governmental liability related to the consideration paid under Paragraph 5, above.

      11.      <u>Understandings and Agreements</u>. The Named Parties acknowledge, agree and understand that:

      a.      <u>No Representation</u>. Neither RELEASEE nor anyone on their behalf has made a representation of fact, opinion or promise to the RELEASOR to induce this compromise, and RELEASOR is not relying upon any statement, representation, opinion or promise made by any person or party released or their agents, employees, representatives or attorneys, concerning the nature, extent or duration of the losses, loss of profits, damages, exemplary damages, punitive damages, or the legal liability therefore, or concerning any other thing or matter; that the above-mentioned consideration is all that shall be provided to RELEASOR and is received as a compromise settlement in full satisfaction of all aforesaid claims, demands, actions and causes of actions, whatsoever, as set forth in Paragraph 7 above and with the exception of the application for Attorneys' Fees set forth in Paragraph 8 above.

      b.      <u>Merger; Interpretation</u>. This Agreement contains the entire agreement between the Named Parties pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings of the parties

hereto. The terms of this Agreement are contractual and not a mere recital. All matters at issue and all questions concerning the interpretation of this Agreement shall be decided and construed in accordance with Hawaii law.

      c.    <u>Construction</u>.    This Agreement shall be construed without regard to the identity of the person(s) who drafted the provisions contained herein. Each and every provision of this Agreement shall be construed as though each party hereto participated equally in the drafting thereof. As a result of the foregoing, any rule of construction against the drafting party shall not be applicable.

      d.    <u>Amendments</u>.    This Agreement shall not be altered, amended, modified or otherwise changed in any respect or particular whatsoever, except by writing duly executed by all of the parties.

      e.    <u>Counterparts</u>.    This Agreement may be executed in any number of counterparts by the parties hereto, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties understand and agree that this Agreement, agreements ancillary to this Agreement, and related documents to be entered into in connection with this Agreement will be considered signed when the signature of a party is delivered by facsimile transmission or delivered by scanned image (<u>e.g.</u>, .pdf or .tiff file extension name) as an attachment to electronic mail (email). Such facsimile or scanned signature must be treated in all respects as having the same effect as an original signature.

      f.    <u>RELEASOR's Understanding</u>.    In entering this Agreement, RELEASOR represent that they have relied upon the advice of their attorney(s); that the terms of this Agreement have been completely read and explained to RELEASOR by their attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by RELEASOR.

      g.    <u>Cooperation</u>.    The parties each agree to execute any further documents that any of the other parties may reasonably request in order to carry out the provisions of this Agreement.

      h.    <u>Binding Effect</u>.    This Agreement shall be binding upon and inure to the benefit of the parties and their representative executors, administrators, personal representatives, heirs, successors and assigns.

      i.    <u>Representation of Authority</u>.    Each individual executing this Agreement on behalf of any party expressly represents and warrants that he/she has authority to do so and thereby to bind the party on behalf of which he/she signs to the terms of this Agreement. An individual executing this agreement on behalf of any party expressly represents and warrants that the party is bound to the agreement without regard to language preceding the signature such as "Approved as to Form and Legality."

12. <u>Dismissal with Prejudice</u>. RELEASOR shall dismiss with prejudice all claims and damages against RELEASEE in the subject Lawsuit upon receipt of this Agreement fully executed and clearance of the payment identified in Paragraph 5.

IT IS HEREBY understood and agreed that the signing of this Release, Indemnification, and Settlement Agreement is a settlement of all claims.

RELEASOR:

CATHERINE RUSSELL

By: Catherine Russell

MADORI RUMPUNGWORN

By: Madori Rumpungworn

CHRISTOPHER SMITH

By: Christopher Smith

DOMINIC JAMES

By: Dominic James

DE-OCCUPY HONOLULU

By: _____

RELEASEE:

CITY AND COUNTY OF HONOLULU

By: _Corporation Counsel_

APPROVED AS TO FORM AND LEGALITY:

ERNEST H. NOMURA
Deputy Corporation Counsel
Department of the Corporation Counsel

APPROVED AS TO FORM AND CONTENT:

RICHARD L. HOLCOMB
BRIAN BRAZIER
Attorneys for RELEASOR

Settlement Agreement is a settlement of all claims.

RELEASOR:

CATHERINE RUSSELL

_____
By: Catherine Russell

CHRISTOPHER SMITH

_____
By: Christopher Smith

DE-OCCUPY HONOLULU

_____
By: _____

RELEASEE:

CITY AND COUNTY OF HONOLULU

_____
By: _____

APPROVED AS TO FORM AND LEGALITY:

ERNEST H. NOMURA
Deputy Corporation Counsel
Department of the Corporation Counsel

MADORI RUMPUNGWORN

_____
By: Madori Rumpungworn

DOMINIC JAMES

_____
By: Dominic James

APPROVED AS TO FORM AND CONTENT:

RICHARD L. HOLCOMB
BRIAN BRAZIER
Attorneys for RELEASOR

Settlement Agreement is a settlement of all claims.

RELEASOR:

CATHERINE RUSSELL

*/s/ Catherine Russell*

By: Catherine Russell

MADORI RUMPUNGWORN

_____

By: Madori Rumpungworn

CHRISTOPHER SMITH

_____

By: Christopher Smith

DOMINIC JAMES

_____

By: Dominic James

DE-OCCUPY HONOLULU

*/s/ Catherine Russell*

By: Catherine Russell

RELEASEE:

CITY AND COUNTY OF HONOLULU

_____

By: _____

APPROVED AS TO FORM AND LEGALITY:

ERNEST H. NOMURA
Deputy Corporation Counsel
Department of the Corporation Counsel

APPROVED AS TO FORM AND CONTENT:

RICHARD L. HOLCOMB
BRIAN BRAZIER
Attorneys for RELEASOR

Settlement Agreement is a settlement of all claims.

**RELEASOR:**

CATHERINE RUSSELL

_____
By: Catherine Russell

CHRISTOPHER SMITH

_____  2/11/2014
By: Christopher Smith

DE-OCCUPY HONOLULU

_____
By: _____

**RELEASEE:**

CITY AND COUNTY OF HONOLULU

_____
By: _____

APPROVED AS TO FORM AND LEGALITY:

ERNEST H. NOMURA
Deputy Corporation Counsel
Department of the Corporation Counsel

MADORI RUMPUNGWORN

_____
By: Madori Rumpungworn

DOMINIC JAMES

_____
By: Dominic James

APPROVED AS TO FORM AND CONTENT:

RICHARD L. HOLCOMB
BRIAN BRAZIER
Attorneys for RELEASOR

Settlement Agreement is a settlement of all claims

RELEASOR:

CATHERINE RUSSELL

_____
By: Catherine Russell

CHRISTOPHER SMITH

_____
By: Christopher Smith

DE-OCCUPY HONOLULU

_____
By: _____

RELEASEE:

CITY AND COUNTY OF HONOLULU

_____
By: _____

APPROVED AS TO FORM AND LEGALITY:

ERNEST H. NOMURA
Deputy Corporation Counsel
Department of the Corporation Counsel

MADORI RUMPUNGWORN

_____
By: Madori Rumpungworn

DOMINIC JAMES

_____
By: Dominic James

APPROVED AS TO FORM AND CONTENT:

RICHARD L. HOLCOMB
BRIAN BRAZIER
Attorneys for RELEASOR