RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>City and County of Honolulu;<br>Westley Chun;<br>Trish Morikawa;<br>Ken Shimizu; and<br>John Does 1-50,<br><br>　　　　　Defendants. | CASE NO. CV 12-00668 JMS-KSC<br><br>DECLARATION OF BRIAN BRAZIER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES |

## BRAZIER DECLARATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS:

1. I am an attorney duly licensed to practice law in the State of Hawai'i and before the District Court for the District of Hawai'i. This declaration is based on personal knowledge of the matters set forth herein.

2. I am an attorney of record for the Plaintiffs in the above-captioned case.

Basis of Attorneys' Fees Calculation

3. I graduated with a BA degree from Columbia University in May, 2002, where I was a dean's list student all eight semesters in attendance. I then graduated from University of California- Hastings College of Law in May 2006, where I was senior articles editor for the Hastings Constitutional Law Quarterly.

4. I passed the July, 2006, California Bar Examination on the first attempt, and was admitted to practice law in California in December, 2006. I was subsequently admitted to practice in the Northern and Eastern Districts of California and the 9th Circuit Court of Appeal.

5. Beginning in the summer of 2005, between my second and third years of law school, I began working for the San Francisco boutique civil litigation firm Gonzalez & Leigh, a 6-lawyer firm headed by former President of the San Francisco Board of Supervisors and later United States Vice Presidential candidate, Matt Gonzalez.

6. From 2005 until 2010, I worked as an associate at Gonzalez & Leigh, handling almost exclusively cases with claims of plaintiffs'-side federal and state constitutional law, civil rights, employment and disability discrimination, and personal injury violations. This involved intensive, unsupervised motion practice, scores of depositions, argument at high level hearings, and appearing before the Ninth Circuit.

7. I worked on a wide variety of successful First Amendment cases, including *Bolbol et al v. HP Pavilion Management* (5:04-cv-00082 JW) and *Cuviello v. City of Stockton* (S-07-1625 LKK KJM).

8. While I worked at Gonzalez & Leigh, I did also work on cases on behalf of larger entities as opposed to contingency fee arrangements with individuals, where I was billed to clients at between $250 (2007) and $325 (2010) per hour.

9. Upon moving to Hawai'i, I passed the February 2010 Hawai'i Bar Examination, and was admitted to practice in Hawai'i in October, 2010. I was subsequently admitted to practice in the Federal District Court for Hawai'i as well.

10. Upon admission to practice in the state and federal courts of Hawai'i, my practice has been devoted exclusively to federal and state civil rights and disability discrimination cases.

11. For purposes of calculating attorneys' fees in this action, I have therefore determined a reasonable hourly rate for my services in this district, as further described below.

12. Looking to all available sources, including the Laffey Matrix, published and unpublished cases from this Court and other courts, the prevailing cost of living in Hawai'i, and the novelty of the case involved, I have selected $250/hour as a reasonable hourly rate in this matter.

13. As described extensively in the accompanying motion, I believe this to be a reasonable rate for my services in a case such as this. I have dedicated my career to pursuing cases for those least able to otherwise find representation; these people cannot find legal representation because few lawyers will take a righteous case if it means hundreds of hours of under- or un-compensated effort, especially if it is unpopular or not newsworthy. The courts may consider this to be a "little" case because significant monetary damages are minimal, but I find it difficult to accept that systematic and unconstitutional terrorizing of one of the most vulnerable groups in our society in a systemic way over a long period of time can ever be a "little" case or unworthy of the courts' attention, even in the absence of significant financial damages. A fee structure that punishes lawyers for focusing their efforts on significant, systematic societal

harms committed by government forces creates a significant dilemma for the civil rights attorney: do I move to a jurisdiction where the cost of living is lower so that I can pursue those cases diligently? or do I simply refuse to accept cases when I know that I will be grossly underpaid for the time and effort that I necessarily expend to fight for the rights of the "little guy" in the "little" case. I hope that I will not be discouraged from taking further "little" cases in Hawaii because the awarded fees do not justly compensate me for my time and efforts.

14. I have reviewed and approved the time and charges set forth in the itemization of work performed in this case, and affirm that the time spent and expenses incurred were reasonable and necessary under the circumstances.

15. In certain instances, I have exercised billing judgment to omit hours reasonably related to the case but which I did not deem sufficiently relevant to the results to warrant inclusion in a motion for attorneys' fees.

16. I have also excised a great many hours of consultation and conversations with my clients and attorney Holcomb that were related to this case but covered other topics as well, or were consultations when the subject matter overlapped this case and the other DeOccupy Honolulu case that is before this court.

17. According to the Laffey Matrix, an attorney with 8-10 years experience should be entitled to a reasonable hourly rate of $355/hour in 2013-2014. See, http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf. I have only requested $250.

18. To avoid belaboring the point that I believe Hawai'i lawyers are greatly undercompensated, particularly in the context of 1988 and other fee shifting statutes, I would direct the court to paragraphs 21-40 of the Holcomb declaration filed contemporaneously with this one.

19. In light of the forgoing and given my experience in the precise area of law where this case falls, I have adopted a reasonable hourly rate of $250/hour.

20. Attorney Holcomb and I share a case, simply challenging HPD's failure to disclose information pursuant to a Hawaii Information Practices Act request, that is billed hourly at a rate of $250 per hour.

21. I have been previously awarded $185 per hour by this Court in another civil rights case. That case was not nearly as complex as this as it did not ultimately involve the sheer volume of evidence (particularly cumbersome video recorded evidence) and/or the number of constitutional violations and/or plaintiffs as this case involves. I believe that $185 per hour leaves me grossly underpaid.

22. I have requested an upward adjustment of my fee award in the amount of 25% of the fees awarded due to the complexity of this case, the volume of evidence, the number of plaintiffs and incidents involved, and other factors listed above.

23. Up to the instant motion and supporting declarations and having exercised billing judgment, I have reasonably expended 265.675 hours pursuing this matter. These hours, arranged chronologically, are Exhibit 11 attached to this Declaration. The hours have also been broken down by category, as required by LR 54.3(d)(1). The breakdown is attached as Exhibit 12. Additionally, I have spent fourteen hours in preparation of the instant motion, for a total of 279.675 hours.

24. In addition to the fee requested for the hours reasonably expended on this case, I further request that the court award a General Excise Tax allowance at 4.712%.

25. According to the above numbers, my total fees requested are as follows, depending on the rate adopted and whether an upward adjustment is applied:

    $250.00/hour + 25% adjustment + 4.712%        $91,506.16

    $250.00/hour without adjustment + 4.712%      $73,213.32

    $185.00/hour + 25% adjustment + 4.712%        $67,722.32

7

   $185.00/hour without adjustment + 4.712%  $54,177.86

26. Attached hereto as Exhibit 13 are true and correct copies of excerpts from the deposition of Westley Chun, taken January 6, 2014.

I declare under penalty of perjury under the laws of the state of Hawai'i that the forgoing is true and correct.

RESPECTFULLY SUBMITTED

DATED: Honolulu, Hawai'i; August 11, 2014.

              _____
              Brian Brazier
              Attorney for Plaintiffs