# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>City and County of Honolulu;<br>Westley Chun;<br>Trish Morikawa;<br>Ken Shimizu; and<br>John Does 1-50,<br><br>　　　　　　Defendants. | CASE NO. CV 12-00668 JMS-KSC<br><br>DECLARATION OF CATHERINE RUSSELL IN SUPPORT OF MOTION FOR ATTORNEY FEES AND EXPENSES |

## DECLARATION OF CATHERINE RUSSELL IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES

1.　My name is Catherine Russell. I am a plaintiff in the above-styled case. I have also served as a public spokesperson regarding many of the

causes of the De-Occupy Honolulu movement. During settlement negotiations, each of the Plaintiffs gave me authority to speak and act on their behalf.

2. All of the information in this declaration is within my personal knowledge.

3. During the time I resided in the De-Occupy Honolulu encampment, I witnessed countless raids conducted by the City and its agents, which have targeted the homeless population in Honolulu.

4. These raids repeatedly violated my rights, the rights of the other plaintiffs, including De-Occupy Honolulu as an organization.

5. The specific problems with the city's enforcement of the Stored Property Ordinance included: the city's failure to tag property that was ultimately seized; the city's failure to provide 24 hours notice as required under the SPO; the city's failure to provide an opportunity to remove property prior to seizure; the city's failure to property in numbered bins as required by the SPO; the city's failure to exercise reasonable care in the handling of seized property; the outright destruction of property; the fact that property seized routinely disappeared when plaintiffs sought to retrieve it; the city's failure to respond to plaintiffs' requests to make appointments to

retrieve seized property; and the city's failure to timely provide a time for property pickup.

6. Prior to retaining Attorneys Holcomb and Brazier, we had sought legal counsel from multiple Honolulu attorneys, but none of them were willing to take our case. Attorneys Holcomb and Brazier were the only attorneys that we could find who were willing to represent us. Even the ACLU, Legal Aid, and the National Lawyer's Guild declined to assist us.

7. After the stipulation regarding the motion for temporary restraining order was put in place, many of the issues that we had previously had substantially improved. While by no means perfect, several of the issues improved markedly, including improved tagging prior to the seizure of property, improvement in the consistency of the required 24 hour notice, the ability to retrieve untagged contents of tents prior to seizure, a general improvement in the placing of property in numbered bins, better (although still imperfect) storage of property at the Halawa facility, and less property being destroyed and/or disappearing.

8. A further improvement in our ability to retrieve property came after our attorneys filed a motion for sanctions against the city. In this court's January 24, 2013 order, the court found that the city did not comply with the provision of the preliminary injunction that allowed for the immediate

retrieval of stored property. That order also found that the City needed to train its personal in the implementation of a procedure for the immediate retrieval of stored property. That ruling significantly improved our ability to retrieve our property and to do so in a timely fashion, as the city almost immediately adopted a procedure for the timely retrieval of property and devoted adequate resources toward the retrieval process. The city did set up a designated phone number to schedule appointments to retrieve seized property, and the city improved considerably the ability of plaintiffs to timely schedule appointments to retrieve seized property. This is marked difference from the previous process, wherein no retrieval could take place at all unless Allen Sato was physically present at the office and without DFM director approval.

9. Following the motion for sanctions, an agreed order granting a preliminary injunction was entered, enshiring the improvements achieved as a result of the Temporary Restraining Order and Motion for Sanctions. As shown below, this injunctive relief remained in full effect until such time as it was no longer needed.

10. These improvements lasted until the city enacted the Sidewalk Nuisance Ordinance. After that ordinance went into effect on July 1, 2014, the city ceased using the Stored Property Ordinance to seize our property on

the sidewalks at Thomas Square, and instead exclusively used the Sidewalk Nuisance Ordinance to seize property at Thomas Square. See http://www.honolulu.gov/dfm/spo.html. (showing that all Stored Property Ordinance enforcement at Thomas Square occurred prior to July 1, 2014, and all enforcements on the sidewalk at Thomas Square after July 1 were conducted pursuant to the Sidewalk Nuisance Ordinance).

11. We then filed a second lawsuit against the city regarding the enforcement of the Sidewalk Nuisance Ordinance. In that case, Judge Kobayashi also issued as preliminary injunction, enjoining the way in which the city could lawfully enforce that law as well.

12. At this point, none of the individual plaintiffs remains at Thomas Square, and, with the exception of Mr. James, all the plaintiffs have obtained long-term housing.

13. Futhermore, DeOccupy Honolulu as an organization has ceased its 24 hour a day, seven day a week occupational demonstrations at Thomas Square.

14. Pursuant to the terms of the settlement agreement in this case, all of the Plaintiffs have been compensated for the fair market value of all of the lost and/or damaged property that was the subject of this lawsuit.

15. I declare under penalty of perjury that all of the above, to the best of my knowledge and after consultation with the other Plaintiffs in this case, is true.

Dated: Honolulu, HI; August 11, 2014.

_____
Catherine Russell