RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>        Plaintiffs,<br>vs.<br><br>City and County of Honolulu;<br>Westley Chun;<br>Trish Morikawa;<br>Ken Shimizu; and<br>John Does 1-50,<br><br>        Defendants. | CASE NO. CV 12-00668 JMS-KSC<br><br>RESPONSE TO ORDER SHOW CAUSE [Doc. 206] DECLARATION OF RICHARD L. HOLCOMB; DECLARATION OF BRIAN BRAZIER; EXHIBITS ONE AND TWO; CERTIFICATE OF SERVICE<br><br>HEARING:<br><br>Date:  August 22, 2014<br>Time:  9:30 a.m.<br>Judge:  Honorable Kevin S. Chang |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE [Doc. 206]**

COME NOW the PLAINTIFFS and respond to the Order to Show Cause ("Order"), filed August 13, 2014, as directed. [Doc. 206] The focal issue is "whether good cause exists for extending the deadline" for filing Plaintiffs' Motion for Attorneys' Fees ("Motion"). [Doc. 206, p. 2] Plaintiffs submit that good cause does exist for extending the deadline because, until the filing of the Order and for the following reasons, Plaintiffs believed (and suspect that Defendants believed) that the deadline for filing the Motion was August 11, 2014, the day it was filed.

1. Local Rule 54.3(a) of the Rules of this Court states:

(a) Time For Filing.

Unless otherwise provided by statute or ordered by the court, a motion for an award of attorneys' fees and related non-taxable expenses must be filed and served within fourteen (14) days of entry of judgment. Filing an appeal from the judgment does not extend the time for filing a motion.

2. The "judgment" in this case was the Stipulated Dismissal that was entered by the Honorable J. Michael Seabright on July 28, 2014.[1] [Doc. 204] Accordingly, pursuant to the Local Rules, the Motion for Attorneys' Fees *sub judice*, [Doc. 205], was due on August 11, 2014, the day it was filed.

3. Plaintiffs complied with Rule 54.3(b) of the Local Rules of this Court.

---

[1] Insofar as the dismissal is not the "judgment," it was certainly contemplated as the equivalent of the judgment or final order at the Settlement on the Record proceedings held May 30, 2104, discussed below.

1

4. As stated in the Order, the July 14 deadline was initially set. However, at the May 30, 2014 scheduling of that date, counsel specifically informed this Court that the ability to apply for attorneys' fees was dependent upon the ability to *execute* the written Settlement Agreement and the entry of the subsequent dismissal of the case against the City.[2] Moreover, this Court seemed to specifically find, in agreement with the undersigned, that the Motion's due date was contingent upon the Settlement Agreement and dismissal of the suit:

> THE COURT:  . . . If the court were to set a deadline for you to file your motion for fees, Mr. Holcomb, Mr. Brazier, when -- when do you think is a reasonable deadline for that, for you?
>
> MR. HOLCOMB: *Your Honor, the rules require 14 days after the entry of the dismissal, I believe. I'm comfortable with that.* ***The contingency on timing of this, however, is contingent upon our ability to get the settlement agreement executed and then the dismissals***.
>
> THE COURT: We'll set a filing of dismissal deadline then for the second dismissal, the dismissal of the city to be 30 days from today. Shari, that'll be?
>
> THE CLERK: June 30.
>
> THE COURT: *And then**, thereafter,** 14 days for the motion for fees to be filed*.
>
> THE CLERK: July 14.

---

[2] The documents necessary to accomplish such prospective actions were not even drafted at that time.

2

>THE COURT: All right. That's the second dismissal with regards to the city. All right, counsel, thank you very much for your hard work and perseverance in this one. Anything else for the record?
>
>MR. NOMURA: I don't think so, Your Honor. Thank you very much.

Transcript of Proceedings, "Settlement on the Record," May 30, 2014, pp. 7-8 (Honorable Kevin S. Chang, presiding) (emphases added) (attached, **Exhibit One**).

5.  The terms of the agreement itself, as announced in the May 30, 2014 proceedings, also specifically permit "plaintiffs [sic] attorneys [to] request attorneys fees and costs by motion and pursuant to 42 U.S.C. Section 1988 **and the applicable rules of law**." **Exhibit One**, p. 4 (emphasis added).

6.  Accordingly, based on Local Rule 54.3 and the discussion between the Court and counsel, it was understood (at least by Plaintiffs, who suspect the Defendants also shared the same understanding) that the deadline for filing the Motion was contingent on the June 30, 2014 deadline.

7.  However, as this Court is aware, the Settlement Agreement was not executed and dismissals were not filed on June 30, 2014. Because the written Settlement Agreement (an integral and necessary part of the Settlement announced at the May 30, 2014 Settlement on the Record, **Exhibit One**, pp. 3-4, 6-7) continued to be negotiated, the parties requested an extension of the June 30, 2014 deadline. Plaintiffs (and Plaintiffs suspect both parties) believed the contingent Motion for Attorneys' Fees deadline was also moved. [Doc. 198]

8. Again *on July 14, 2014, the date of the original Motion deadline*, **Exhibit One**, p. 7, after discussing Plaintiffs' difficulty in finding Mr. James with Mr. Nomura, who neither objected to a further extension nor made any mention of the Motion for Attorneys' Fees, the undersigned drafted and sent this Court a letter seeking an extension of the dismissal deadline. **Exhibit Two**, Letter. That request was also specifically granted by this Court. [Doc. 201]

9. When this Court specifically granted the two separate extensions, neither this Court nor Defendants objected to or represented that Local Rule 54.3 would no longer apply in this case or otherwise indicated that the deadline for the Motion was no longer contingent upon the execution of the Settlement Agreement or filing of dismissals in this case as contemplated on May 30, 2014. **Exhibit One**.

10. Based on Local Rule 54.3 and the proceedings on May 30, 2014, Attorneys Brazier and Holcomb believed that the Motion was timely filed. Moreover, insofar as defense counsel, Attorney Nomura, may have believed (or better stated, intended on raising untimeliness in his response to the Motion for Attorneys' Fees), he certainly did not so indicate during the consultation required by Local Rule 54.3(b). *See* Statement of Consultation, filed contemporaneously herewith. Indeed, during that consultation which occurred on August 11, 2014 at approximately 5:01 p.m., Mr. Nomura seemed to realistically consider Plaintiffs' offer to settle the fees but requested time to review the Motion (fourteen days to be

4

exact) before responding. Thus, Attorneys Holcomb and Brazier believe that Mr. Nomura also believed the Motion was timely filed the evening of August 11, 2014.

11. Further, it would have been impossible to file a realistic, unspeculative and/or complete Motion for Attorneys' Fees on or before July 14, 2014. The agreement had just then been finalized with the exception of Mr. James' signature. **Exhibit Two**. The dismissal had not been and would not be filed until July 28, 2014. Plaintiffs would be left to speculate hours for that period.

12. Additionally, Local Rule 54.3, at least, only permits motions for attorneys' fees to be filed "within fourteen (14) days of entry of judgment." Had the dismissal been entered by the Court on July 29, 2014 after its July 28 submission, a July 14 filing would not have complied with Local Rule 54.3.

13. Finally, even if these compelling causes were not present, the City is not prejudiced by the date of filing. The City's ability to respond has not been impeded. Indeed, the City is likely grateful, for a number of reasons, that its response was not due on the deadline for submitting the dismissal.

Based on these circumstances and in reliance on Local Rule 54.3 and the "Settlement on the Record" proceedings of May 30, 2014, this Court should find cause justifying the August 11, 2014 filing of the Motion. Moreover, the amount of the award should not be affected. Dismissal of this Motion or a reduction of this award would severely deter rather than attract competent counsel to these cases.

DATED: Honolulu, HI; August 13, 2014.

*s/Richard L. Holcomb*
Richard L. Holcomb
Attorney for Plaintiffs
