# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>         Plaintiffs,<br>  vs.<br><br>City and County of Honolulu;<br>Westley Chun;<br>Trish Morikawa;<br>Ken Shimizu; and<br>John Does 1-50,<br><br>         Defendants. | CASE NO. CV 12-00668 JMS-KSC<br><br>DECLARATION OF RICHARD L. HOLCOMB |

## **DECLARATION OF RICHARD L. HOLCOMB**

1. I am an attorney duly licensed to practice law in the State of Hawai'i and before the District Court for the District of Hawai'i as well as the Ninth Circuit Court of Appeals. This declaration is made to the best of my knowledge and based on personal knowledge of the matters set forth herein.

2. I am an attorney of record for the Plaintiffs in the above-captioned case.

3. I prepared the foregoing Response to the Order to Show Cause filed August 13, 2014. [Doc. 206] I believe that all of the factual averments in that Memorandum are true and accurate to the best of my knowledge.

4. I participated in the settlement negotiations in this matter.

5. On May 30, 2014, following a scheduling conference with the Honorable Kevin S. Chang, the general terms of the settlement were announced on the record. I have attached a true and exact copy of the transcript of those proceedings as **Exhibit One**.

6. On May 30, 2014, I specifically informed the Court that Plaintiffs' ability to apply for attorneys' fees was contingent upon the parties' ability to execute a written settlement agreement and dismiss the parties.

7. I also specifically informed the Court that I was requesting the fourteen days specifically permitted by the Local Rules of this Court in which to file the Motion for Attorneys' Fees.

8. It was my understanding that the Court granted the request and that the Motion for Attorneys' Fees was due fourteen days after the entry of the stipulated dismissal.

9. On May 30, 2014, this Court set the original deadline for submission of the dismissal as June 30, 2014. Accordingly, July 14, 2014 was designated as the deadline for the filing of the Attorneys' Fees Motion.

10. However, the Settlement Agreement was not finalized by June 30, 2014. Accordingly, the parties jointly requested an extension of that deadline until July 14, 2014. [Doc. 198] At no time did the Court or defense counsel

indicate that the deadline for filing the Motion for Attorneys' Fees was no longer contingent on the deadline for filing the dismissal.

11. On July 14, 2014, the date the Motion for Attorneys' Fees was originally due, Plaintiffs again requested an extension. I have attached a true and exact copy of the letter requesting the extension as **Exhibit Two**. The new deadline was set for July 28, 2014.

12. Again defense counsel did not object to the extension. Also again, neither the Court nor defense counsel made any indication that the deadline for filing the Motion for Attorneys' Fees was no longer contingent on the deadline for filing the dismissal.

13. Thankfully, Plaintiffs did locate Mr. James and the dismissal was entered by the Court on July 28, 2014.

14. I filed the Motion for Attorneys' Fees on August 11, 2014. I believed the Motion to be timely filed. I further believe, having reviewed the record of this case and as set forth in the attached Response, that I was justified in believing that the Motion was timely filed on August 11, 2014.

15. On August 11, 2014, the date I filed the Motion for Attorneys' Fees and the date I believed it was due, I and Brian Brazier spoke with the City's attorney, Ernest Nomura on the phone. Not only did Mr. Nomura not mention anything pertaining to the timeliness of the Motion for Attorneys'

Fees, but Mr. Brazier and I were left with the impression that he was seriously considering paying the amount we offered to settle the fees.

16. I cannot imagine that the City is in anyway prejudiced by the filing of the Motion on the date permitted by the Local Rules of this Court.

17. Moreover, I would be even more discouraged from representing vulnerable citizens in civil rights cases in this District than I am already because of the drastically reduced hourly rates this Court routinely awards in those cases as set forth in the Memorandum in Support of the Motion for Attorneys' fees. [Doc. 205-1]

18. I also believe that penalizing Plaintiffs and/or their counsel under these circumstances invites a "slippery slope" whereby an unwitting magistrate or adversarial gamesmanship could muddy the record to the detriment of all who rely on it.

I, Richard L. Holcomb, declare under penalty of perjury under the law that the forgoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawaiʻi; August 13, 2014.

s/ Richard Holcomb  
Richard Holcomb  
Attorney for Plaintiffs

3