DEPARTMENT OF THE CORPORATION COUNSEL

DONNA Y. L. LEONG           3226-0
Corporation Counsel
ERNEST H. NOMURA            4829-0
DAWN D.M. SPURLIN           5559-0
LAURA YOSHIDA               6771-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No. (808) 768-5120
E-Mail:  enomura@honolulu.gov
         dspurlin@honolulu.gov
         lyoshida@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
WESTLEY CHUN, TRISH MORIKAWA, and
KENNETH SHIMIZU

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; AND JOHN DOES 1-50,<br><br>           Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUN, in his personal and official capacity; TRISH MORIKAWA, in her personal and official capacity; LARRY SANTOS, in his personal and official capacity; KEN SHIMIZU, in his personal and official capacity; and JOHN DOES 1-50,<br><br>           Defendants. | CIVIL NO. CV 12-00668 JMS-KSC<br><br>CITY DEFEDANTS' STATEMENT, RE: ORDER TO SHOW CAUSE. CM/ECF DOC. NO. 206 (UNTIMELY MOTION FOR ATTORNEYS' FEES AND COSTS); DECLARATION OF ERNEST H. NOMURA; CERTIFICATE OF SERVICE |

CITY DEFEDANTS' STATEMENT, RE: ORDER TO
SHOW CAUSE. CM/ECF DOC. NO. 206
(UNTIMELY MOTION FOR ATTORNEYS' FEES AND COSTS)

Defendants CITY AND COUNTY OF HONOLULU, WESTLEY CHUN, TRISH MORIKAWA, and KENNETH SHIMIZU ("City Defendants")[1], by their attorneys, the Department of the Corporation Counsel, Donna Y.L Leong, Corporation Counsel, Ernest H. Nomura, Dawn D.M. Spurlin, and Laura Yoshida, Deputies Corporation Counsel, submit this statement regarding the Court's August 13, 2014 Order to Show Cause regarding Plaintiffs' untimely motion for attorneys' fees. The Court must reject Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs as untimely.

Plaintiffs' counsel is very much like the man who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan. Nothing in counsel's "response" to the Court's Order to Show Cause ("OSC") articulates any "excusable neglect" that is required under Fed. R. Civ. P. 6(b)(1)(B).[2]

---

[1] All of the City Defendants have since been dismissed with prejudice. See CM/ECF Doc. No. 200 filed on 07/10/2014 (Stipulation to Dismiss Individual Defendants) and CM/ECF Doc. No. 204 filed on 07/28/2014 (Stipulation to Dismiss City and County of Honolulu).

[2] Fed. R. Civ. P. 6(b)(1)(B) provides as follows:
> When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

1. The Court's minutes are clear: "The deadline for submission of the Motion for Fees is 7/14/14." CM/ECF Doc. No. 196. The deadline to file the fee motion was never "contingent" on the filing of the stipulations to dismiss. The case settled. Stipulations to dismiss were going to be filed as part of the settlement.[3] The deadline to file the fee motion was not "linked" to the date that the stipulations to dismiss were going to be filed. Indeed, taking Plaintiffs' counsel's argument to its logical conclusion, if the stipulations to dismiss were filed in **January 1, 2015**, because Plaintiff Dominic James could not be found until then (and, therefore, could not have signed the settlement agreement), the fee motion would still be timely filed on **January 15, 2015**! This makes no sense whatsoever.

The Court ordered Plaintiffs to file their fee motion by July 14, 2014. Plaintiffs' Motion for Attorney's Fees and Non-Taxable Costs was filed on August 11, 2014, **twenty-eight (28) days late**. It is untimely.

2. Plaintiffs' counsel suggests that he was in no position to file the fee motion by July 14th because the settlement agreement was not even finalized by the filing deadline. This is simply false and untrue. The settlement agreement was **finalized by July 9th**. All that was needed were signatures from his clients. Indeed, the Stipulation to Dismiss the individual

---

[3] See CM/ECF Doc. No. 202 at 4, ¶ 9.

defendants was filed on July 10th. The fee motion could have been and should have been prepared and filed by July 14th.

Counsel also suggests that holding him to the July 14th deadline would have forced him to file a fee motion that was "speculative" because the settlement agreement "had just then been finalized" (which is untrue – it was finalized well before the 14th). This very argument has been soundly rejected. In King v. Midland Credit Mgmt., Inc., 549 Fed. Appx. 791 (10th Cir. 2013), the United States Court of Appeals for the Tenth Circuit emphatically rejected the same argument:

> [Counsel] also speculates that '[a]ny amount that [she] had listed in her Motion as an estimate of her future fees . . . would be . . . attacked by the Defendant in its Response as not 'fair' or not a 'fair estimate.' [citation omitted].
>
> We reject this argument. Rule 54(d)(2)(B)(iii) requires only a "fair estimate" – not a precise number. As the district court explained, "[p]arties are clearly capable of foreseeing the need to defend fee motions. . . [and] [t]hey are also often capable of estimating the expense of doing so especially where, as here, their attorneys have handled an extremely high number of remarkably similar cases."

Id. at 794.

Having recently filed a similar fee motion against the City in another case, Plaintiffs' counsel was certainly capable of providing a "fair estimate"

of fees incurred from the time the settlement agreement had been finalized (July 9th) and what should have been the timely filing of the fee motion (July 14th). Indeed, there was reason to perform any legal services during this period because all of the settlement documentation had been completed and counsel was simply collecting clients' signatures.

    3. The very real prejudice to the City and County of Honolulu if Plaintiffs' fee motion is allowed to proceed is the very fact that the City Defendants now have to prepare a response to a fee motion that seeks to impose well over a **quarter of a million dollars** ($271,591.29) against the taxpayers of the City. Indeed, in Environmental Biotech, Inc. v. Sibbitt Enter., 2009 WL 1653563 (M.D. Fla. June 10, 2009), United States District Court Judge Virginia M. Hernandez Covington of the Middle District of Florida cogently recognized that the very fact of having to defend against a late-filed fee motion is precisely the kind of prejudice that must be avoided under the Federal Rules of Civil Procedure:

> Furthermore, the [non-moving party] would be prejudiced if the Court allowed the late filing in that she would have to defend paying costs and fees even though the requests were filed in violation of the Federal and Local Rules. While the Court may enlarge the period of time and permit untimely filings where the omission is a result of excusable neglect, this Court has routinely denied untimely motions seeking attorney's fees where no excusable neglect exists. See Blanton v. University

of Florida, 2008 WL 928114 (M.D. Fla. April 4, 2008) (denying motion for attorney's fees filed twenty-one days after entry of judgment); Procelli [v. One-beacon Ins. Co., 2006 WL 3333599 (M.D. Fla. Nov. 16, 2006)] (denying a motion for attorney's fees that was twenty-seven days late).

Here, the City and its lawyers are not at all "grateful" for any perceived additional time to respond to a late-filed motion.  The City lawyers most certainly did not "believe" or "share the same understanding" that the filing deadline for any fee motion was "contingent" on the filing of the stipulation to dismiss, or that they should have "mentioned" to Plaintiffs' counsel that the filing deadline for the fee motion was still July 14th.

If anything, the City Defendants' lawyers were very sensitive to the Court-ordered filing deadline and the deadline imposed under the Local Rules especially because it was Plaintiffs' counsel who insisted on strict adherence to the deadlines imposed by the Federal Rules of Civil Procedure and Local Rules throughout this case.  See, e.g., Plaintiffs' Response in Opposition to Defendants' Motion to Withdraw [Doc. 184], CM/ECF Doc. No. 189, filed on 05/16/2014 at 7 ("Plaintiffs have never heard of a litigant serving responses to requests for admissions 39 days after the responses are due without even requesting an extension form the adverse party.").

The prejudice to the City and County of Honolulu is real and palpable. The twenty-eight (28) days late fee motion must be deemed untimely filed.

4. Plaintiffs' counsel has failed to present to this Court "excusable neglect" so as to allow the Court to consider his late-filed fee motion. Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's neglect is excusable, the Court should take into account: (1) the danger of prejudice to the opposing party, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant was in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

Here, as discussed above, the prejudice to the City and the City Defendants is manifest. Likewise, the length of the delay is substantial – twenty-eight (28) days. See Petrone v. Veritas Software Corp., 496 F.3d 962, 972 (9th Cir. 2007) (15 days late fee motion rejected as untimely). Plaintiffs' counsel really does not provide a reason for the delay other than to say that the motion is not late. Thus, there is no articulated reason for the delay. See Committee for Idaho's High Desert v. Yost, 92 F.3d 814 (9th Cir. 1996) (citing possible examples of excusable neglect as "illness, injury or death of counsel, or members of his family, or fire, flood, vandalism or

destruction of counsel's law office or word processing equipment"). Indeed, "[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.' " Id. at 824.

Finally, the City Defendants and its lawyers take no position as to the "good faith" conduct of Plaintiffs' counsel in connection with this situation other than to point out that this Court has been extremely patient with counsel in this case. See, e.g., Order Striking Plaintiffs' Motion for Summary Judgment, Doc. No. 173, Without Prejudice to Refiling, CM/ECF Doc. No. 188, filed on 05/12/2014 at 2 and 5 ("Whether attributable to lack of experience or simple carelessness, Plaintiffs' submission of evidence contains several glaring problems . . . ."; "[T][his court has never seen a Concise Statement, submitted by a party represented by counsel (indeed, Plaintiffs have *three* counsel), such as Plaintiffs' Concise Statement where the facts are jumbled together in paragraph form.").

The record is clear: Plaintiffs' counsel do not present the Court with excusable neglect so as to allow the fee motion to proceed. The Motion must be rejected as untimely.

\* \* \* \* \* \*

For the reasons set forth herein, and based on the records, files, and pleadings herein, the Court must reject Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs as untimely.

DATED:   Honolulu, Hawaii, August 21, 2014.

>DONNA Y. L. LEONG
>Corporation Counsel
>
>*/s/ Ernest H. Nomura*
>_____
>ERNEST H. NOMURA
>DAWN D. M. SPURLIN
>LAURA YOSHIDA
>Deputies Corporation Counsel
>
>Attorneys for Defendants
>CITY AND COUNTY OF HONOLULU, WESTLEY CHUN, TRISH MORIKAWA, and KENNETH SHIMIZU