RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| De-Occupy Honolulu;<br>Catherine Russell;<br>Christopher Smith;<br>Madori Rumpungworn;<br>Dominic James; and<br>John Does 1-50,<br><br>        Plaintiffs,<br>vs.<br><br>City and County of Honolulu;<br>Westley Chun;<br>Trish Morikawa;<br>Ken Shimizu; and<br>John Does 1-50,<br><br>        Defendants. | CASE NO. CV 12-00668 JMS-KSC<br><br>SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE AND RULE 6(B) REQUEST TO EXTEND DEADLINE [Doc. 206]; DECLARATION OF RICHARD L. HOLCOMB; DECLARATION OF BRIAN BRAZIER; EXHIBITS ONE AND TWO; CERTIFICATE OF SERVICE<br><br>HEARING: Not Scheduled<br><br>Judge: Honorable Kevin S. Chang |

**SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE
AND RULE 6(B) REQUEST TO EXTEND DEADLINE [Doc. 206]**

COME NOW the PLAINTIFFS and file their Supplemental Response to this Court's Order to Show Cause [Doc. 206], as directed in the hearing of August 22, 2014, and request this Court extend the deadline for filing the Motion for Attorneys' Fees [Doc. 205] up to and including August 11, 2014.  In support of this Response and Request, Plaintiffs would show:

1. Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause. . . . To show excusable neglect for the delay, a court must examine these factors under Rule 6(b): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Petrone v. Veritas Software Corp.*, 496 F.3d 962, 972 (9th Cir. 2007).  This list is non-exclusive and neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 387-88 (1993) ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, **mistake**, or carelessness, as well as by intervening circumstances beyond the party's control," holding that ambiguity between a notice and the rules was excusable neglect).  *Per se* rules are not permitted when applying these factors. *Pincay v. Andrews*, 389 F.3d 853, 1261 (9th Cir. 2004).

1

2. **The City is not prejudiced**. The City claims that prejudice is "manifest" because it has to answer the motion.[1] [Doc. 209, pp. 5-6, 7] The City would have had to answer the motion anyway and such argument swallows excusable neglect. Prejudice must be greater than a simple delay in resolution.[2] Moreover, the City agreed to delay at least the filing of the stipulated dismissal. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (insufficient prejudice where stipulation to extend part of the time).

3. **Length of Delay and Impact on Proceedings**. This is a collateral proceeding with no bearing on the finality of the judgment. *See* Notes of the Advisory Committee (1946 Amendment) (noting that the purpose of Rule 6(b) is to protect the finality of judgments). Moreover, had Fed.R.Civ.P., Rule 54(d)(2)(B)(i) and Local Rule 54.3 applied, as believed, the motion would have been *timely*.

4. Nonetheless, the minutes following the "Settlement on the Record" Proceedings [Doc. 196] required the Fees Motion to be filed by July 14, 2014. The

---

[1] Waiting until the day immediately before the hearing, the City filed an unsolicited "Statement," consisting of *nine* pages – almost double the page limitation Plaintiffs have been afforded. [Doc. 209]

[2] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Batemen v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (Defendant "lost a quick victory and . . . would have had to reschedule the trial date"). This Court should also consider the prejudice to the Plaintiffs. The ability to apply for attorneys' fees is an integral part of the Settlement Agreement. [Docs. 197, p. 4; 202-1, ¶¶ 7, 8] Moreover, counsel would obviously suffer a dire consequence. Under these facts, the denial of the motion would not promote the purpose of 42 U.S.C. § 1988.

Fees Motion was filed 28 days later on August 11, 2014. This is well within the time in which the Ninth Circuit has found excusable neglect in other cases.[3]

5.   **The reason for the delay**. The filing was not late due to "deviousness or willfulness." *Bateman*, 231 F.3d at 1225. Plaintiffs had nothing to gain by deliberately filing the motion late. In hindsight, counsel should have: discussed the motion deadline with opposing counsel when discussing the two separate stipulated extensions of the "dismissal" deadline; included the request in the July 14, 2014 stipulated request for an extension of the dismissal deadline ([Doc. 207-4], **Exhibit Two**; and/or filed a Rule 6(a) Motion.[4]

6.   At the May 30 settlement conference, the fundamental terms of the agreement had been laid out, but the specific amounts to be distributed to each of

---

[3] *Bateman*, 231 F.3d at 1225 (failure to even contact the court for 24 days); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753-54 (9th Cir. 2002) (five week delay); *Uche-Uwakwe v. Shinseki*, 349 F. App'x 136, 138 (9th Cir. 2009) (thirteen days "a minimal delay in light of three years of litigation"); *Johnson v. Bay Area Rapid Transit Dist.*, C-10-0005 EMC, 2014 wl 1395749 (N.D. Ca. Apr. 10, 2014) ("substantial" delay of two years "does not require denial" of motion); *Savage v. NIC, Inc.*, 2:08CV01780JATPHXJAT, 2010 wl 1381901 at *3 (D. Ariz. April 6, 2010) ("A four-month delay is not unreasonable given that Defendant believed the case was closed," where Defendant did not respond to fees motion because misinterpreted order to mean the fees motion could not be filed).

[4] The latter of counsel's discussions regarding the deadlines remarkably occurred on July 14, the day the City now represents it always believed the motion was due. Again, on August 11, 2014, the day the Fees Motion was filed and while counsel was preparing the motion for filing, counsel again conferred. Rather than stating that the City believed the Motion was late, Plaintiffs' attorneys were left with the impression that the City would seriously consider paying a negotiated fee in lieu of litigation.

3

the five Plaintiffs whose signatures were necessary to settle the case were undefined. Plaintiffs counsel Holcomb specifically noted that

> individual clients have not been available to appear here today, nor have they been available as of yet to sign the actual settlement agreement which . . . we are negotiating some of the minor terms …

[Doc. 197, pp. 6]. Plaintiffs' counsel thereafter had to acquire the permission of each specific individual Plaintiff as to the distribution of the settlement money, despite having authority to allow Plaintiff Russell to agree to the general terms. This issue was important enough that the City specifically disclaimed any responsibility for the disbursement. [Doc. 201-1, ¶ 5.a.]

7. Because of the May 30 ruling, Plaintiffs neglected to file a motion to extend time for the motion to file attorneys' fees because of the honest belief that the motion filing was contingent upon the "dismissal" deadline:

> THE COURT: . . . If the court were to set a deadline for you to file your motion for fees, when do you think is a reasonable deadline for that, for you?
>
> MR. HOLCOMB: *Your Honor, the rules require 14 days after the entry of the dismissal, I believe. I'm comfortable with that.* ***The contingency on timing of this, however, is contingent upon our ability to get the settlement agreement executed and then the dismissals***.
>
> THE COURT: We'll set a filing of dismissal deadline then for the second dismissal, the dismissal of the city to be 30 days from today. Shari, that'll be?
>
> THE CLERK: June 30.
>
> THE COURT: *And then**, thereafter, 14 days for the motion for fees to be filed**.*

4

>   THE CLERK: July 14.
>
>   THE COURT: . . . All right, counsel, thank you very much for your hard work and perseverance in this one. . . .

[Doc. 197, pp. 7-8]   Moreover, the terms of the agreement itself, as announced in the May 30 proceedings, also specifically permit "plaintiffs' attorneys [to] request attorneys' fees and costs by motion and pursuant to 42 U.S.C. Section 1988 **and the applicable rules of law**." **[Doc. 197, p. 4 (emphasis added)]**.[5]   Cause for this delay is strong.[6]

8.   **Bad Faith**.  The City does not assert bad faith and none exists here.

Accordingly, Plaintiffs request this Court find excusable neglect and enter an Order, *nunc pro tunc*, permitting the filing of the Fees Motion on August 11, 2014.

---

[5] *Pioneer*, 507 U.S. at 392 (dramatic ambiguity between court ordered filing deadline and the rules); *Lewis v. School District #70*, 523 F.3d 730 (7th Cir. 2008) ("plausible misinterpretations of ambiguous rules"); *compare Bateman*, 231 F.3d at 1224-25 (excusable neglect found where cause was jet lag and failure to sort the mail); *Briones v. Riviera Hotels & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (excusable neglect where issue could have been failure to communicate with assistants); *Pincay*, 389 F.3d at 853 (scheduling left to paralegal who applied wrong rule); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (calendaring mistake); *Alexander v. Principi*, 16 F. App'x 755, 759-60 (9th Cir. 2001) (unavailability of witnesses, other deadlines, staffing).

[6] The City observes that Plaintiffs have been sensitive to the deadlines in this case. [Doc. 209, p. 6]; **Exhibit Two**; *see Ahanchian*, 624 F.3d at 1262 (movant "demonstrated sensitivity . . . by promptly seeking extensions of time . . . We have found good faith in situations where attorneys acted far less diligently and conscientiously."). Defendants were at least 39 days late in answering Requests for Admissions because the deadline was "unnoticed" and Plaintiffs' counsel had been otherwise "courteous," Defendants believed there was a "reasonably open-ended response deadline to the discovery requests." [Doc. 184-2, ¶¶ 5, 10] This delay did not affect Defendants whatsoever.

5

DATED:  Honolulu, HI; August 26, 2014.

*s/Richard L. Holcomb*
Richard L. Holcomb
Attorney for Plaintiffs
