IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE-OCCUPY HONOLULU; CATHERINE RUSSELL; CHRISTOPHER SMITH; ANDREW SMITH; MADORI RUMPUNGWORN; DOMINIC JAMES; JOHN DOES 1-50,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; WESTLEY CHUNG; TRISH MORIKAWA; LARRY SANTOS; KEN SHIMIZU; JOHN DOES 1-50,<br><br>    Defendants. | CIVIL NO. 12-00668 JMS-KSC<br><br>ORDER DEEMING TIMELY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES |

ORDER DEEMING TIMELY PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES

On May 30, 2014, the Court held a settlement on the record, at which it imposed a 1) June 30, 2014 deadline for the filing of the dismissal and 2) July 14, 2014 deadline for the submission of Plaintiffs' motion for attorneys' fees.  Doc. No. 196.  On June 30, 2014, at the parties' request, the Court extended the dismissal deadline to July 14, 2014.  Doc. No. 198.

On July 10, 2014, a stipulation for dismissal entered with respect to the individual Defendants. Doc. No. 200. At Plaintiffs' request, the dismissal deadline was further continued until July 28, 2014. Doc. Nos. 201, 203.

On July 28, 2014, the Court entered a stipulation for dismissal as to Defendant City and County of Honolulu. Doc. No. 204.

On August 11, 2014, Plaintiffs filed their Motion for Attorneys' Fees and Non-Taxable Expenses ("Fee Motion"). Doc. No. 205.

On August 13, 2014, this Court issued an Order to Show Cause ("OSC") why the Fee Motion should not be denied as untimely. Doc. No. 206. At the OSC hearing, the parties were given leave to file additional briefing. After careful consideration of the record, counsel's arguments, the parties' briefing, and the applicable law, the Court hereby deems the Fee Motion to be timely filed.

I.  The Fee Motion Deadline Was Not Contingent Upon the Filing of the Dismissals

Plaintiffs blindly argue that they timely filed their Fee Motion because the deadline for doing so was contingent on the filing of the dismissal, i.e. the "judgment" in this case, pursuant to Rule 54.3(a) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").  The Court disagrees.

Plaintiffs' reliance on Local Rule 54.3(a) for the proposition that a motion for fees must be filed within 14 days after entry of judgment is misplaced. Local Rule 54.3(a)'s 14-day deadline applies only if the Court has not ordered otherwise.  Local Rule 54.3 provides:  "<u>Unless otherwise provided by statute or **ordered by the court**</u>, a motion for an award of attorneys' fees and related non-taxable expenses must be filed and served within fourteen (14) days of entry of judgment."  Local Rule 54.3(a) (emphasis added). Where, as here, the Court ordered that the fee motion be filed by July 14, 2014, said deadline governed, not

the 14-day provision set forth in Local Rule 54.3. The Court disagrees with Plaintiffs' hindsight accusation that the Court never represented that Local Rule 54.3 would no longer apply in this case. Local Rule 54.3(a) has always applied, and still applies. Plaintiffs should reexamine themselves first for their failure to recognize and comprehend the plain language of the Rule, which clearly authorizes the Court to impose a deadline for fee motions, as it did in this case.

In any event, the 14-day provision is inapplicable because dismissals, not judgment, entered. The federal rules define "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A judgment is also defined as "[a] court's final determination of the rights and obligations of the parties in a case." Black's Law Dictionary (9th ed. 2009). A voluntary dismissal is neither an order from which an appeal lies, nor a court's final determination of the rights and obligations of the parties in a case. As such, Plaintiffs cannot

reasonably rely on the 14-day provision. Moreover, because the dismissals were not prerequisites for the filing of the Fee Motion, their entry had no material impact on Plaintiffs' ability to complete and file the Fee Motion.

Putting these technicalities aside, and notwithstanding Plaintiffs' insistence to the contrary, the Fee Motion deadline was never conditioned upon the filing of the stipulations for dismissal. Plaintiffs rely heavily on the colloquy at the settlement on the record to support their contention that the Court meant for the Fee Motion to be filed 14 days after the filing of the stipulations for dismissal. Again, Plaintiffs' reliance is misplaced.

The Court provided Plaintiffs' counsel with an opportunity to suggest a reasonable deadline for the Fee Motion. It was Plaintiffs' counsel who expressed his belief that the Fee Motion must be filed 14 days after the entry of the dismissal and noted that doing so would be contingent upon the execution of the settlement agreement and dismissals. The Court never

represented, or even hinted, that the Fee Motion deadline was a flexible deadline that would automatically extend based on the filing of the dismissals.  Nor did the Court express any agreement with Plaintiffs' counsel's contingency viewpoint.  It was not the Court's obligation to "correct" Plaintiffs' misunderstanding or any alleged ambiguity about the Fee Motion deadline because the Court never intended to condition the filing of the Fee Motion upon the filing of the stipulations for dismissal.[1]

Indeed, had the Court agreed that a contingency existed, it would have simply directed Plaintiffs to file the Fee Motion within the applicable time period following the filing of the stipulations to dismiss.  Instead, the Court imposed a hard deadline, which

---

[1] Plaintiffs also accuse the Court of failing to indicate that the deadline for the Fee Motion was no longer contingent upon the execution of the settlement agreement or filing of dismissals when it granted the extensions of the dismissal deadline.  As noted above, the deadline was never a conditional one.  The Court is not responsible for the incorrect assumptions made by Plaintiffs.  Had Plaintiffs not made such assumptions, they would not find themselves in this predicament.

Plaintiffs never sought to extend. As the Court explained at the OSC hearing, its decision to initially impose a deadline 14 days after the dismissal deadline was made as a courtesy to Plaintiffs' counsel based on his request, not because the Court concurred with Plaintiffs' counsel's logic about the purportedly conditional nature of the deadline.

II. <u>Plaintiffs Have Established Excusable Neglect For an Extension of the Fee Motion Deadline</u>

Plaintiffs argue that excusable neglect exists to permit the belated filing of the Fee Motion.[2] The crux of Plaintiffs' argument is that the Fee Motion was timely filed and to the extent it was untimely, it was everyone's fault but their own; it was the Court's fault for creating an ambiguity and for seemingly accepting Plaintiffs' position at the settlement on the

---

[2] Notably, Plaintiffs failed to discuss the excusable neglect standard or cite any applicable authority in their Response to the OSC. It was not until the OSC hearing, and after Defendants' raised the lack of excusable neglect in their response, that Plaintiffs proffered that excusable neglect exists to permit the filing of their Fee Motion.

record and it was Defendants' fault for failing to point out the lapse of the deadline.

Federal Rule of Civil Procedure ("FRCP") 6(b) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted). Rigid per se rules against late filings attributable to any

type of negligence are impermissible. <u>Pincay v. Andrews</u>, 389 F.3d 853, 860 (9th Cir. 2004) (en banc).

Balancing the foregoing factors, the Court finds, with great reservation, that Plaintiffs have established excusable neglect to permit the untimely filing of the Fee Motion because factors 1, 2, and 4 weigh in their favor.

Although Defendants argue that they are prejudiced by the tardiness and excessiveness of the Fee Motion, any prejudice is minimal. Defendants have already defended against the Fee Motion and while the $271,591.29 fee request is arguably excessive, Plaintiffs will not automatically obtain such an award simply because they asked for it. As in every case, the Court will carefully evaluate Plaintiffs' entitlement to fees and costs, and if they are entitled to the same, the Court will ensure that the award is reasonable. Thus, permitting the Fee Motion to proceed on its merits will not cause undue prejudice to Defendants. That they must await disposition of the Fee Motion on the merits (as opposed to a denial based

on procedural grounds) does not militate against a finding of excusable neglect.

Plaintiff's nearly one-month delay in filing the Fee Motion was not insignificant. However, given that the case is closed, and the only matter to be adjudicated is the Fee Motion, allowing the Fee Motion to be adjudicated on the merits will not disrupt the proceedings or cause unreasonable delay.

As for whether Plaintiffs acted in good faith, Defendants have not argued that Plaintiffs have acted in bad faith, nor can the Court say they have. While the Court strongly disagrees with and is not persuaded by Plaintiffs' assertions about the Fee Motion deadline, there is no evidence to suggest that they acted in bad faith. Lack of experience and a failure to exercise due care does not in and of itself constitute bad faith.

The third factor - the reason for the delay - cuts against Plaintiffs.[3] Plaintiffs have not provided

---

[3]  Were this factor viewed in isolation, the Court would find that Plaintiffs have not established

10

any legitimate justification for their failure to comply with the Court's deadline other than to say that their understanding was that the deadline to file the fee motion was 14 days after the entry of the stipulations for dismissal.  Plaintiffs requested multiple continuances of the dismissal deadline and could have easily requested corresponding extensions of the Fee Motion deadline at the same time.  Any "misunderstanding" about Local Rule 54.3(a) and/or the Court's deadline does not compel a finding of excusable neglect.  Pincay, 389 F.3d at 859 (recognizing that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered).

  Plaintiffs additionally argue that they could not file the Fee Motion before the dismissals because they would have been left to speculate about the hours

---

excusable neglect.  However, precedent requires the Court to "examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors."  Pincay, 389 F.3d at 856 (quoting Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 n.2 (9th Cir. 1997)) (quotations omitted).

expended by counsel.  The Court is not persuaded. Attorneys regularly estimate the hours they expect to expend to complete a case.  Alternatively, Plaintiffs' counsel could have easily included any additional hours they expended following the submission of the Fee Motion in their reply memorandum.

In spite of the excuses and weak arguments presented as justification for Plaintiffs' failure to file the Fee Motion by July 14, 2014, a careful balancing of the relevant factors requires the Court to reluctantly conclude that excusable neglect exists. Accordingly, the Court hereby deems the Fee Motion to be timely filed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 9, 2014.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 12-00668 JMS-KSC; DE-OCCUPY, ET AL. V. CITY AND COUNTY OF HONOLULU, ET AL.; ORDER DEEMING TIMELY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES