IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DE-OCCUPY HONOLULU;          )  CIVIL NO. 12-00668 JMS-KSC
CATHERINE RUSSELL;           )
CHRISTOPHER SMITH; ANDREW )
SMITH; MADORI                )  SUPPLEMENTAL FINDINGS AND
RUMPUNGWORN; DOMINIC         )  RECOMMENDATION REGARDING
JAMES; JOHN DOES 1-50,       )  AMOUNT OF FEE AWARD
                             )
        Plaintiffs,          )
                             )
    vs.                      )
                             )
CITY AND COUNTY OF           )
HONOLULU; WESTLEY CHUNG;     )
TRISH MORIKAWA; LARRY        )
SANTOS; KEN SHIMIZU; JOHN )
DOES 1-50,                   )
                             )
        Defendants.          )
_____  )

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
REGARDING AMOUNT OF FEE AWARD

On October 31, 2014, this Court issued a

Findings and Recommendation to Grant in Part and Deny

in Part Plaintiffs' Motion for Attorneys' Fees and Non-

Taxable Expenses; Order Directing Resubmission of

Timesheets ("F&R").  In the F&R, the Court concluded

that Plaintiffs were the prevailing party and that

Richard Holcomb and Brian Brazier's reasonable hourly

rates are $200.00 and $185.00, respectively.  The Court

directed Plaintiffs' counsel to edit their timesheets in accordance with the extensive body of law in this district and the Ninth Circuit regarding compensable/non-compensable tasks.[1]  Plaintiffs' counsel failed to do so, and the presently requested fees are still highly excessive.  For this reason alone, the Court could recommend that Plaintiffs be awarded no fees.[2]  However, the Court will instead discuss the many reductions that are necessary based on the applicable law.

---

[1]  Mr. Holcomb reduced his requested hours from 391.1 to 304.1.  Mr. Holcomb's calculation for his total hours is 302.5, but the Court will rely on its own calculations.  Mr. Brazier reduced his requested hours from 285.425 to 277.1, and proposed a 20% reduction due to his practice of billing by the eighth of an hour.

[2]  Counsel's deficient and error filled submissions caused the Court to expend excessive and unnecessary amounts of time evaluating the timesheets.  Despite the Court's admonition, counsel's revised timesheets do not conform to the applicable law.  The timesheets are replete with clerical, duplicative, and excessive/non-compensable entries, as well as other deficiencies, making it clear that counsel did not thoughtfully review or edit in the manner directed by the Court.

I.  Underline Duplicative Work

Even though the Court advised Plaintiffs'
counsel that duplication is prohibited, they
nevertheless included a number of duplicative entries.[3]
The Court reduces hours for meetings, discussions, and
other communications, for which Messrs. Holcomb and
Brazier both billed.[4]  The general rule is that two
professionals cannot bill for attending the same

---

[3]  Counsel's differing methods of presenting their
time entries - Mr. Holcomb organized his entries by the
categories set forth in Local Rule 54.3 while Mr.
Brazier simply listed all entries in chronological
order - caused undue difficulty in reviewing and
comparing the entries to ascertain whether counsel
duplicated efforts.  Moreover, Mr. Holcomb made
numerous errors regarding the years in which tasks were
completed, calling into question the accuracy of his
entries.  Under the "deposition" category, for example,
Mr. Holcomb's 11/19-11/21/14 entries pertaining to
depositions could not have occurred in 2014, as the
settlement on the record was held on May 30, 2014.
Curiously, a number of these entries happened to
correspond with duplicate entries by Mr. Brazier in
November 2013.  Mr. Brazier also mislabled one of his
deposition-related time entries as having occurred on
11/19/14, notwithstanding the fact that his time
entries were listed in chronological order.

[4]  For example, counsel both billed for
discussions/meetings on 11/2/12, 11/14/12, 11/15/12,
12/11/12, 12/13/12, 1/10/13, 1/17/13, 1/23/13, 1/29/13,
1/30/13, 5/2/13, 5/30/13, 6/3/13, 6/6/13, 7/23/13,
8/6/13, 11/3/13, 5/6/14, and 5/12/14.

meeting.  HRPT Props. Trust v. Lingle, 775 F. Supp. 2d
1225, 1240 (D. Haw. 2011) (citing Brandon E. v. Dep't
of Educ., State of Hawaii, No. CV 07-00536 ACK-LEK,
2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)).  The
Court does not allow more than one attorney to bill for
attending (1) a meeting between co-counsel, (2) a
client meeting, or (3) a meeting with opposing counsel.
Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272
DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29,
2011).  "In such a situation, the Court typically
deducts the time spent by the lowest-billing attorney
or attorneys."  Sheehan v. Centex Homes, 853 F. Supp.
2d 1031, 1044 (D. Haw. 2011) (citation omitted); In re
Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting
fees incurred by the two lowest-billing attorneys where
three attorneys billed time spent attending a meeting
together)).

Counsel also duplicated efforts with respect to
depositions.  There are multiple instances where
counsel both billed for defending the same deposition
and for deposition preparation of the same witness (on

4

the same day).  Because Mr. Brazier is the lower billing attorney, his hours will be reduced accordingly.

Finally, the Court finds duplicative the hours expended by counsel for attending the same hearings and status conferences.  The Court permits "two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a 'second chair' to appear with lead counsel."  <u>Sheehan</u>, 853 F. Supp. 2d at 1044.  Here, insofar as most of the hearings and conferences did not require a second chair, Mr. Brazier's hours will be reduced for duplication.

In total, the Court recommends that Mr. Brazier's hours be reduced by 39.05 for duplication.

## II. <u>Excessive</u>

A considerable portion of time claimed by counsel is excessive and/or unnecessary.  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1399 (9th Cir. 1992), <u>as amended on denial of reh'q</u>, (1993) (quoting <u>Hensley v.</u>

Eckerhart, 461 U.S. 424, 433-34 (1983)).  District

court findings about matters such as the redundancy of

the hours claimed are given considerable deference.

Davis v. City & County of San Francisco, 976 F.2d 1536,

1544 (9th Cir. 1992), vacated in part on other grounds,

984 F.2d 345 (9th Cir. 1993) (quoting Hensley, 461 U.S.

at 437).

          Tasks deemed excessive and/or unnecessary in

this case include, but are not limited to:[5] 1) work

completed on Plaintiffs' deficient and stricken motion

for summary judgment; 2) counsel's duplication of

efforts, i.e., both researching the same topic for the

same period of time, both preparing for a hearing, both

reviewing the same evidence, both reviewing the same

filings;[6] 3) time expended on drafting/preparing motions

_____

          [5]  All of the hours falling within these categories
were not necessarily excluded.  Rather, the Court made
reductions based on a reasonableness analysis.

          [6]  While this could also be categorized as
duplicative, the Court elects to characterize the hours
related to tasks (as opposed to meetings, discussions,
or hearings) as excessive.  This is because the
duplication of efforts on specific tasks resulted in an
excessive expenditure of time.

6

and responses;[7] 4) reading a city press release; 5) case development; and 6) counsel's review of one another's work.  Taking certain hours associated with the foregoing categories, along with other excessive and/or unnecessary expenditures of time, the Court recommends that Mr. Holcomb's hours be reduced by 77.2, and Mr. Braziers hours be reduced by 66, for excessiveness.

III.    Clerical

Counsel also billed for tasks that have been identified as clerical in this district.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  HRPT Props., 775 F. Supp. 2d at 1241 (alteration in original) (citations and quotations omitted).  The following is a list of tasks previously deemed clerical or ministerial in this district and are therefore non-

_____

[7]  For example, Mr. Holcomb claimed 3.2 hours for drafting the declaration for the motion for attorneys' fees on 8/11/14, when 26 paragraphs were similar or identical to a declaration he submitted in Civil No. 12-00469.  Significantly, the very arguments included in the declaration with respect to hourly rates were rejected by Judge Seabright in Civil No. 12-00469.

7

compensable:

> reviewing Court-generated notices;
> scheduling dates and deadlines;
> calendering dates and deadlines; notifying
> a client of dates and deadlines; preparing
> documents for filing with the Court;
> filing documents with the Court; informing
> a client that a document has been filed;
> personally delivering documents; bates
> stamping and other labeling of documents;
> maintaining and pulling files; copying,
> printing, and scanning documents;
> receiving, downloading, and emailing
> documents; and communicating with Court
> staff.[8]

Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs.,
Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5
(D. Haw. Dec. 1, 2010), adopted by 2010 WL 5395669 (D.
Haw. Dec. 22, 2010) (also deeming clerical
identification and organization of exhibits);[9] see also,
e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP,
2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012),
adopted in pertinent part by 2012 WL 6019121 (D. Haw.
Nov. 30, 2012) (deeming clerical work completed on

---

[8]  This list is a sampling and is not exhaustive.

[9]  Although selecting exhibits to be used in a case
is a legal task, simple review and/or organization is
clerical.  I.T. v. Dep't of Educ., Haw., 18 F. Supp. 3d
1047, 1054 (D. Haw. 2014).

table of authorities).

Counsel billed for a number of clerical tasks such as filing/sending documents, downloading documents, scheduling, locating one of the plaintiffs, and finalizing exhibits.[10]  In some instances, counsel block billed[11] a clerical task with a compensable task. That is, counsel included multiple tasks within a single time entry.[12]  Therefore, even though the entire

---

[10]  The limited description provided for Mr. Brazier's 4/29/13 time entry, for example, precludes the Court from determining whether he was selecting exhibits or simply organizing them.  Because it is counsel's burden to provide adequate descriptions, the Court finds that this entry is clerical.  I.T., 18 F. Supp. 3d at 1054 (agreeing with magistrate judge that the description "review exhibits" indicates that the activity was clerical or ministerial in nature).

[11]  The Court will discuss block billing in the next section.

[12]  For example, Mr. Holcomb's 12/21/12 entry states:  "Draft motion for Sanctions/Filed Motion for Sanctions with exhibits."  Notwithstanding the fact that the drafting of the motion is compensable, the inclusion of a clerical task (filing the motion) within the same time entry precludes recovery of the entire time entry because the Court has no way to accurately apportion the time between tasks.  The same is true of the multiple entries where Mr. Holcomb billed time for downloading/reviewing documents.  The review of the document might be compensable, but without an allocation of time between downloading and reviewing

time entry may not have involved clerical tasks, the Court will recommend exclusion of the entire entry because the use of block billing precludes the Court from reasonably apportioning the time between the clerical task and the compensable task. <u>I.T.</u>, 18 F. Supp. 3d at 1054 ("[I]n light of the fact that this Court cannot determine how much of the 2.3 hours attributed to the entry as a whole was spent on the legal services [versus clerical work], this Court agrees with the magistrate judge that the entire entry should be excluded as improper block billing."). Based on its careful review of the timesheets, the Court recommends that the district court deduct 16.9 hours and 7.375 hours for Mr. Holcomb and Mr. Brazier, respectively, for clerical work.

IV. <u>Block Billing</u>

Counsel also utilized block billing.[13] <u>See</u>,

_____

the document, the Court must recommend that all time be excluded.

[13] As noted above, if a time entry was blocked billed and deficient for another reason, it was deducted in its entirety.

e.g., Mr. Brazier's 12/11/12, 12/13/12, 5/5/13, 5/21/13 entries; Mr. Holcomb's 12/13/12 and 12/14/12 entries. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted). Block billed entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). See also id. (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); see also Hensley, 461 U.S. at 437

(holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is challenging to assess the reasonableness of a time entry when it includes several tasks.

Counsel's use of block billing makes it difficult, if not impossible, for the Court to assess the reasonableness of the hours expended as to those entries.  Hence, the Court finds it appropriate to impose an across-the-board reduction of 20% as to the entries that are in the "block billing" format. Gonzales, 729 F.3d at 1203 (citing Welch, 480 F.3d at 948 (affirming 20% cut to hours where fee applicant block billed, because court relied on third-party report that block billing increased number of hours by 10-30%)); Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., No. CV 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%).  The Court emphasizes that its proposed reduction applies only the block billed entries; the 20% reduction does not apply to all hours.

Mr. Holcomb billed 3.5 hours, and Mr. Brazier billed 10.5 hours, in the block format. Applying the 20% reduction, the Court recommends that Mr. Holcomb's hours be reduced by 0.7, and Mr. Brazier's be reduced by 2.1, for block billing.

V.  Eight-of-an-Hour Billing Increments

Finally, Mr. Brazier billed by the eighth of an hour. He has offered a 20% reduction of his hours to offset his billing practice. The Court believes that a 10% reduction is sufficient, as 15-20% reductions are typically applied to quarter-hour billing. See Welch, 480 F.3d at 949 (affirming district court's 20% across-the-board reduction for quarter-hour billing where such billing resulted in a request for excessive hours, i.e., a minimum of 15 minutes billed for tasks that likely took a fraction of the time). To offset the excessive hours that resulted from Mr. Brazier's billing practice, the Court shall impose a 10% reduction to his total compensable hours. Having concluded that Mr. Brazier reasonably expended 162.575 hours, his hours will be reduced by an additional 16.26

hours for his eight-of-an-hour billing practice.

In sum, after applying the foregoing reductions, the Court finds that Messrs. Holcomb and Brazier reasonably expended **209.3 hours** and **146.315 hours**, respectively. The resulting lodestar is reflected below:

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| Richard Holcomb | 209.3 | $200.00 | $41,860.00 |
| Brian Brazier | 146.315 | $185.00 | $27,068.28 |
| **TAX (4.712%)** | | | $3,247.90 |
| **TOTALS** | **355.615** | | **$72,176.18** |

Notwithstanding its reasonableness findings, the Court must now determine whether counsel's hours should be reduced for limited/partial success.

VI. Limited/Partial Success

When a plaintiff achieves an excellent result, his or her attorney should receive a fully compensatory fee. Hensley, 461 U.S. at 435. In such cases, "the fee award should not be reduced simply because the

14

plaintiff failed to prevail on every contention raised in the lawsuit." Id. Contrastingly, where a plaintiff only achieves partial or limited success

> the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Id. at 436. That the Court deemed Plaintiffs the "prevailing party" "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." Id. Courts consider a two-part analysis in determining the appropriate reduction for limited/partial success.

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates

the "significance of the overall relief
obtained by the plaintiff in relation to
the hours reasonably expended on the
litigation."  If the plaintiff obtained
"excellent results," full compensation may
be appropriate, but if only "partial or
limited success" was obtained, full
compensation may be excessive.  Such
decisions are within the district court's
discretion.

Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895,

901-02 (9th Cir. 1995) (citations omitted).

There is no precise formula for determining

whether the time expended on litigation was reasonable

in relation to the success achieved.  "The district

court may attempt to identify specific hours that

should be eliminated, or it may simply reduce the award

to account for the limited success.  The court

necessarily has discretion in making this equitable

judgment."  Hensley, 461 U.S. at 436-37.

Inasmuch as Plaintiffs' claims for relief,[14]

---

[14]  Plaintiffs asserted the following claims in
their Third Amended Complaint:  violation of the First
Amendment, Fourth Amendment, and due process;
conspiracy; failure to train and supervise; Hawaii
Constitutional violations - seizure, due process,
freedom of speech; conversion; replevin; negligence;
trespass to chattels; and fraud.

albeit distinct, involve a common core of facts - the
seizure and destruction of Plaintiffs' property - the
court "should focus on the significance of the overall
relief obtained by the plaintiff in relation to the
hours reasonably expended on the litigation."  Id. at
435.

    "Where recovery of private damages is the
purpose of . . . civil rights litigation, a district
court, in fixing fees, is obligated to give primary
consideration to the amount of damages awarded as
compared to the amount sought."  Farrar v. Hobby, 506
U.S. 103, 114 (1992) (citation and quotations omitted).
This promotes the court's responsibility to assess the
reasonableness of a fee award under the circumstances
of a case.  Id. at 114-15.  "The amount of damages
recovered by [a plaintiff] is not the sole indicator of
the extent of his success," however.  Morales v. City
of San Rafael, 96 F.3d 359, 364 (9th Cir. 1996)
(quoting Riverside v. Rivera, 477 U.S. 561, 574 (1986))
(plurality opinion) ("[A] civil rights plaintiff seeks
to vindicate important civil and constitutional rights

that cannot be valued solely in monetary terms.").

Courts should also consider the nonmonetary results a plaintiff achieves for himself and other members of society.  Id. at 365.  If a plaintiff obtains limited success on his pleaded claims, and the result does not confer a meaningful public benefit, the fee award must be adjusted downward.  McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009).

Exercising its discretion, and focusing on the overall relief obtained by Plaintiffs, the Court concludes that the above calculated fee award reasonably reflects the relief obtained in this litigation.  While a fee award of $72,176.18 might appear to be highly disproportionate to the $1,000.00 settlement obtained by Plaintiffs, declaratory and injunctive relief, not monetary damages, were the focus of Plaintiffs' efforts.  As such, the Court has no obligation to give primary consideration to the damages awarded compared to the damages sought.

Even if the recovery of private damages was the purpose of this litigation, it would be difficult to

assess reasonableness based on a comparison between requested and awarded damages,[15] as Plaintiffs prayed for compensatory and punitive damages without specifying an amount. Because the amount of damages is not the sole indicator of success, the Court must also consider whether the nonmonetary relief obtained by Plaintiffs conferred a meaningful public benefit. The Court finds that the nonmonetary relief obtained by Plaintiffs provided a meaningful public benefit. Although the district court did not issue formal written orders granting injunctive or declaratory relief, Plaintiffs obtained stipulations/orders that required Defendants to take prescribed actions. Defendants have argued that they were not compelled to do anything they were not already obligated to do. However, the stipulations/orders required Defendants to comply with specified procedures that were not

_____

[15] Defendants dispute that the $1,000.00 obtained in the settlement constitutes "damages", instead characterizing the money as "consideration". Regardless of the term used to describe the monetary recovery, it is relevant to the Court's evaluation of reasonableness.

necessarily being followed.  These stipulations/orders arguably caused Defendants to change their conduct. Notably, Plaintiffs had recourse if Defendants failed to comply and Plaintiffs in fact availed themselves of the Court's enforcement power.

Having applied the principles articulated by Hensley and its progeny, the Court finds that the fee award should not be further reduced.  While Plaintiffs may have only obtained limited success on their pleaded claims, this litigation conferred a meaningful public benefit.  Furthermore, the Court's substantial cuts to the requested hours adequately reduced the fee award to an amount that accurately reflects the level of success achieved by Plaintiffs.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiffs be awarded **$72,176.18** in attorneys' fees and tax:  **$43,832.44** for Mr. Holcomb and **$28,343.74** for Mr. Brazier.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 3, 2015.



_____

Kevin S.C. Chang
United States Magistrate Judge


CIVIL NO. 12-00668 JMS-KSC; DE-OCCUPY, ET AL. V. CITY AND COUNTY
OF HONOLULU, ET AL.; SUPPLEMENTAL FINDINGS AND RECOMMENDATION
REGARDING AMOUNT OF FEE AWARD